IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

MISTY BLANCHETTE PORTER, M.D.,

               Plaintiff,

vs.

DARTMOUTH-HITCHCOCK MEDICAL
CENTER, DARTMOUTH-HITCHCOCK
CLINIC, MARY HITCHCOCK
MEMORIAL HOSPITAL, and
DARTMOUTH-HITCHCOCK HEALTH,

               Defendants.

Case No. 5:17-cv-194

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Defendants" or "Dartmouth-Hitchcock"), by and through their attorneys, hereby answer the Complaint and Demand for Jury Trial ("Complaint") brought by Plaintiff Misty Blanchette Porter ("Plaintiff") as follows:

## NATURE OF THE CASE

1.     Admitted.

2.     Defendants admit that, on May 4, 2017, Dartmouth-Hitchcock announced that the REI Division would close at the end of May 2017 and that Plaintiff would no longer be employed by Dartmouth-Hitchcock as of June 3, 2017. Defendants further admit that, at times during her employment, Plaintiff was a senior voting member of Dartmouth-Hitchcock's staff and worked at Dartmouth-Hitchcock for more than twenty years in Obstetrics and Gynecology ("OB/GYN"), Reproductive Endocrinology and Infertility ("REI"), and Radiology. Defendants

further admit that Plaintiff performed work in various aspects of reproductive medicine, including the care of children and women with hormonal imbalance and genetic syndromes affecting the reproductive system, *in vitro* fertilization and assisted reproductive technology procedures, complex gynecologic clinical care, surgery for women who desired to have child-bearing capacity, and gynecologic and early pregnancy pelvic ultrasound.  Defendants deny the remaining allegations in Paragraph 2.

3.      Denied.

4.      Defendants are without knowledge or information sufficient to form a belief as to the extent of Dartmouth-Hitchcock's use of Plaintiff's name and image in advertisements, if any, and Plaintiff's testimony, if any, before the New Hampshire legislature.  Defendants are, accordingly, without knowledge or information sufficient to form a belief as to the truth of those allegations and therefore deny those allegations.   Defendants deny the remaining allegations in Paragraph 4.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning her beliefs and characterizations of her medical skillset, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 5.

6.      Defendants admit that Plaintiff was receiving long-term disability benefits at the time Dartmouth-Hitchcock terminated her employment.   Defendants deny the remaining allegations in Paragraph 6.

7.      Denied.

## THE PARTIES

8.     Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's place of residence.  Defendants admit that Plaintiff was employed by Dartmouth-Hitchcock from 1996 until on or around June 3, 2017.

9.     Defendants admit the allegations in the first sentence of Paragraph 9.  The allegations in the second sentence of Paragraph 9 contain conclusions of law for which no responsive pleading is required.

10.     Defendants admit the allegations in the first sentence of Paragraph 10.  The allegations in the second sentence of Paragraph 10 contain conclusions of law for which no responsive pleading is required.

11.     Defendants admit the allegations in the first sentence of Paragraph 11.  The allegations in the second sentence of Paragraph 11 contain conclusions of law for which no responsive pleading is required.

12.     Defendants admit the allegations in the first two sentences of Paragraph 12.  The allegations in the third sentence of Paragraph 12 contain conclusions of law for which not responsive pleading is required.

## JURISDICTION AND VENUE

13.     The allegations in Paragraph 13 of the Complaint are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Defendants admit that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

14.     The allegations in Paragraph 14 of the Complaint are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Defendants admit

that Plaintiff purports to establish the propriety of her chosen venue pursuant to 28 U.S.C. § 1391.

## ALLEGED FACTS

15. Admitted.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 16, and therefore deny those allegations.

17. Defendants deny Plaintiff's allegations in Paragraph 17 that Dartmouth-Hitchcock's REI clinic has been the only realistic chance for many patients in New England to have a family. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations purporting to characterize the level of gratitude expressed towards Dartmouth-Hitchcock by its patients. Defendants admit the remaining allegations in Paragraph 17 of the Complaint.

18. Defendants admit that Dartmouth-Hitchcock's REI Division was a full-range REI service. Defendants also admit that fertility care is complex, it requires return visits for blood work and ultrasound monitoring in some instances, and Dartmouth-Hitchcock's REI program was patient-centered. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that Dartmouth-Hitchcock's Human Embryology and Andrology Laboratory is the only human embryology and gamete laboratory in New Hampshire, and therefore deny that allegation. Defendants are also without knowledge or information sufficient to form a belief as to the truth of Plaintiff's characterizations of the day-to-day obligations and stresses of patients and her characterizations of the REI or fertility services offered by other healthcare providers, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 18 of the Complaint.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint, and therefore deny those allegations.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning her beliefs of the impact her purported expertise had on the Department of Obstetrics and Gynecology.    Defendants deny the remaining allegations in Paragraph 20.

21.    Defendants admit the allegations in the first sentence of Paragraph 21. Defendants deny the remaining allegations in Paragraph 21.

22.    Defendants admit the allegations in the last sentence of Paragraph 22.  Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's subjective beliefs concerning her reputation and qualifications, and therefore deny those allegations.  To the extent any further responsive pleading is necessary, Defendants deny the remaining allegations in Paragraph 22.

23.    Defendants deny that Plaintiff has been the "go-to" person to provide interpretation of and consultation regarding pelvic ultrasounds to providers throughout the Dartmouth-Hitchcock Health Alliance for diagnoses of abnormal uterine and postmenopausal bleeding, ectopic and extra-uterine pregnancy, congenital anomalies of the reproductive tract, and ovarian and adnexal tumors in patients from the in-utero fetus to pregnant patients to postmenopausal women.  Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning any line outside her door, and therefore deny those allegations.  Defendants are also without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she was "the gynecologist who read the

majority of the gynecologic ultrasounds during that period" because Plaintiff has failed to specify the period to which she is referring. Defendants are further without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that, since early June, she has continued to get calls from former colleagues concerning pelvic ultrasound procedures, and therefore deny that allegation. Defendants deny the remaining allegations in Paragraph 23.

24. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 24 regarding the primary concerns of reproductive age patients with life-threatening illnesses. The allegations in the second sentence of Paragraph 24 purport to state the contents of guidelines published by the American Society of Clinical Oncology. That document speaks for itself and, therefore, no responsive pleading is required. Defendants admit that Dartmouth-Hitchcock's IVF/ART program and Reproductive Sciences lab were the only program in the state of New Hampshire that offered oocyte, sperm, and embryo cryopreservation. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 24 concerning specific advice or counsel that she provided to patients. Defendants are also without knowledge of information sufficient to form a belief as to the truth of Plaintiff's broad characterizations of the counseling needs of patients who have been recently diagnosed with cancer. Defendants deny the remaining allegations in Paragraph 24.

25. Denied.

26. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 26 regarding her subjective beliefs and characterizations of her medical treatment capabilities. Defendants are also without knowledge

or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 26 regarding specific counseling that she purportedly provided to patients.  Defendants deny the remaining allegations in Paragraph 26.

27.    Admitted.

28.    Defendants admit that Plaintiff provided some assistance to the OB/GYN Department during inspections by the FDA and CAP and has counseled patients regarding their stored embryos and gametes.  Defendants also admit that Dr. Esfandiari has oversight of Dartmouth-Hitchcock's Human Embryology and Andrology Laboratory.  Defendants further admit that Dartmouth-Hitchcock does not currently have a clinician to sign orders to discard abandoned embryos and gametes.  Further answering, Defendants state that since the REI Division closed, Dartmouth-Hitchcock, as a matter of policy, does not dispose of stored patient embryos or gametes and has waived storage fees for patients who have embryos or gametes stored at Dartmouth-Hitchcock.  Therefore, the fact that there is not currently a clinician on Dartmouth-Hitchcock's staff who can sign orders to discard abandoned embryos or gametes is irrelevant given that Dartmouth-Hitchcock does not discard such embryos or gametes. Defendants deny the remaining allegations in Paragraph 28.

29.    Defendants are without knowledge or information sufficient to form a belief as to the number of patients to whom Plaintiff refers in her allegation that, between January 1, 2017 and May 31, 2017, Dartmouth-Hitchcock's IVF/ART program completed treatment cycles for a "multitude" of patients.  Defendants are, therefore, without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29, and, accordingly, deny those allegations.  The second and third sentences of Paragraph 29 purport to state the contents and requirements of the Fertility Clinic Success Rate and Certification Act of

1992. That document speaks for itself and, therefore, no responsive pleading is required. Defendants admit that Dartmouth-Hitchcock's Human Embryology and Andrology Laboratory generates certain data pertaining to pregnancy and birth statistics, including information related to patients' infertility diagnoses, ART procedures, and statistics on pregnancy and birth rates. Defendants deny the remaining allegations in Paragraph 29.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning the present number of boarded subspecialties of OB/GYN and the structure of those subspecialties, and therefore deny those allegations. Defendants admit the remaining allegations in Paragraph 30.

31.     Defendants admit that Dartmouth-Hitchcock's OB/GYN Department has educated resident physicians and medical students from the Geisel School of Medicine during their classroom years and clinical rotations. Defendants further admit that the OB/GYN Department has assisted in educating residents and fellows in the Radiology Department, and that the REI Division has provided instruction to OB/GYN residents. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's allegations that (i) the OB/GYN Department assisted in educating residents and fellows in the Medical Endocrinology Department and (ii) that Plaintiff provided a majority of teaching of the performance and interpretation of gynecologic ultrasound and the performance of common ultrasound sound-guided procedures because Plaintiff has failed to allege the time frame to which this allegation relates. To the extent a responsive pleading is required, Defendants deny these allegations and all remaining allegations in Paragraph 31.

32.     Defendants admit the allegations in the first two sentences of Paragraph 32. Defendants deny all remaining allegations in Paragraph 32.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 33, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 33.

34.     Defendants admit that Dartmouth-Hitchcock's REI division gave lectures on REI-related topics and disorders.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and therefore deny those allegations.

35.     Denied.

36.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore deny those allegations.

37.     The allegations in the first sentence of Paragraph 37 purport to state the contents of a mission statement.  That document speaks for itself and, therefore, no responsive pleading is required.  Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that infertility is a "medically-recognized disease" because Plaintiff fails to allege by whom infertility is recognized as a disease.  Defendants are without knowledge or information sufficient to form a belief as to the extent of time or emotional energy expended by individuals who participated in Dartmouth-Hitchcock's fertility program and, accordingly, are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in the third sentence of Paragraph 37.  Plaintiff's allegation that Dartmouth-Hitchcock made a statement that it "understood the gift of children in their employee's lives" apparently purports to describe a statement issued by Dartmouth-Hitchcock.  To the extent that a document containing such statement exists, that document speaks for itself and, to the extent such document does not exist, Defendants are without knowledge or information sufficient to

form a belief as to this allegation.  Defendants are further without knowledge or information sufficient to form a belief as to the truth of Plaintiff's broad allegations purporting to describe the benefits of infertility service insurance coverage.  Defendants deny all remaining allegations in Paragraph 37.

38.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 38, and therefore deny those allegations.  Defendants admit that Plaintiff took a leave of absence pursuant to the Family and Medical Leave Act, that she received short-term disability benefits beginning in approximately December 2015, and that she received long-term disability benefits beginning in approximately June 2016.

39.    Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she was "able to return to work" on June 15, 2016.  Further answering, Defendants state that Plaintiff returned to work at Dartmouth-Hitchcock on a part-time basis beginning in July 2016, and was given permission by the Chair of the OB/GYN Department (the "Department Chair") to perform certain work remotely, including interpreting ultrasounds, consulting with staff members, and counseling patients.  Defendants deny the remaining allegations in Paragraph 39.

40.    Defendants admit that Plaintiff provided medical care on a limited basis during the summer of 2016.  Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning particular patients' rationale for obtaining care during summer 2016, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 41, and therefore deny those allegations. Defendants admit that Plaintiff returned to work in approximately November 2016, worked on a part-time basis from that time through the date on which the REI Division closed, and was receiving long-term disability benefits at the time the REI Division closed. Defendants deny the remaining allegations in Paragraph 41.

42.     Defendants admit that, upon Plaintiff's return to work, she communicated with the Department Chair about potential accommodations for her medical condition and provided a list of accommodations to the Department Chair, which were purportedly recommended by Plaintiff's physicians. The Department Chair approved of the accommodations, including having a quiet space in which Plaintiff could work and limiting her work periods. To the extent any further responsive pleading is required, Defendants deny the remaining allegations in Paragraph 42.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied. Further answering, Defendants state that Plaintiff was notified that her employment would be terminated as a result of the REI Division closing approximately one month before she was terminated.

48.     Denied.

49.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50.    Denied.

51.    Denied.

52.    Defendants admit that in the summer of 2014 Plaintiff worked with a junior physician in the REI Division.  Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning her observations or opinions about the junior physician's practice, knowledge base, and skills or what she purports to have learned about the junior physician's fellowship program, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 52.

53.    Denied.  Further answering, Defendants state that Plaintiff spent limited time, as part of the credentialing process, training the junior physician over the first month of the junior physician's employment, and provided little-to-no training or support to the junior physician thereafter.

54.    Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 54 concerning her subjective observations and opinions about the junior physician's knowledge, technical skills, critical thinking, patient-assessment capabilities, and patient treatment.  Defendants admit that Plaintiff expressed her subjective observations and opinions about the junior physician to the Department Chair and the OB/GYN Practice Manager.  To the extent any further response is required, Defendants deny the allegations in Paragraph 54.

55.    Defendants deny that the Department Chair asked Plaintiff to provide comments to herself and the new REI Division Director regarding whether the practices of the junior physician posed a risk to patient safety.  Further answering, any feedback that the Department Chair sought from Plaintiff regarding the junior physician would have been in the context of

seeking feedback for regular evaluation purposes and entirely unrelated to patient safety concerns. Defendants admit that Plaintiff expressed criticisms of the junior physician to the Department Chair, but did so within the formal evaluation process. To the extent any further response is required, Defendants deny the allegations in Paragraph 55.

56.     Defendants are without knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations concerning conversations she allegedly had with other professionals at Dartmouth-Hitchcock about the junior physician, conversations she allegedly had with nurses about the junior physician, or nurses' rationales concerning how they scheduled embryo transfers, and therefore deny those allegations. Defendants deny all remaining allegations in Paragraph 56.

57.     Denied. Further answering, to the extent Plaintiff handled any repeat IVF cycles for couples free of charge, that decision would have solely been Plaintiff's and would not have been requested by the Department Chair.

58.     Defendants admit that the junior physician, during his employment at Dartmouth-Hitchcock, treated patients and performed REI procedures. Defendants deny the remaining allegations in Paragraph 58.

59.     Defendants admit that Dartmouth-Hitchcock hired a senior physician to become the new REI Division Director in or around May 2016. Defendants deny the remaining allegations in Paragraph 59.

60.     Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning conversations she had with nurses, ultrasound technicians, and embryologists, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 60.

61.     Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning conversations she had with nurses, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 61.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning conversations she had with ultrasound technicians, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 62.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning her observations or the observations of other staff members, and therefore deny those allegations. To the extent any further response is required, Defendants deny the allegations in Paragraph 63.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning conversations she had with nurses, ultrasound technicians, and embryologists, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 64.

65.     Defendants admit that Plaintiff was asked to observe a limited number of the senior physician's procedures, solely for ordinary credentialing purposes. Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning conclusions she drew regarding the senior physician's technical ability, and therefore deny those allegations. Defendants deny the remaining allegations in Paragraph 65.

66.     Denied.

67.     Defendants admit that Plaintiff discussed her observations regarding the senior physician's procedures solely within the context of the senior physician's credentialing process. Defendants deny the remaining allegations in Paragraph 67.

68.     Defendants deny Plaintiff's allegation in the first sentence of Paragraph 68. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and therefore deny those allegations.

69.     The second sentence of Paragraph 69 purports to state the contents of a Centers for Disease Control list of countries with known active Zika virus transmission.  That document speaks for itself and, therefore, no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations in the second sentence of Paragraph 69. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69, and therefore deny those allegations.

70.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint, and therefore deny those allegations.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore deny those allegations.

72.     Denied.

73.     Defendants admit that the physicians in the REI Division discussed fertility care options for a couple who had travelled in the Caribbean.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 73, and therefore deny those allegations.

74.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 74, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 74.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    The allegations in Paragraph 79 purport to state the contents of an announcement issued by Dartmouth-Hitchcock.  That document speaks for itself and, therefore, no responsive pleading is required.

80.    Denied.

81.    Defendants admit that the REI Division experienced nurse staffing shortages. Defendants deny the remaining allegations in Paragraph 81.

82.    Denied.

83.    Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that her termination was "not related to the duplication of available services," and therefore deny that allegation.   Defendants deny the remaining allegations in Paragraph 83.

84.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore deny those allegations.

85.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore deny those allegations.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations in Paragraph 86 pertaining to how patients learned that the REI Division was closing, and therefore deny those allegations.  Defendants deny the remaining allegations in Paragraph 86.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and therefore deny those allegations.

## COUNT I
### (Wrongful Discharge)

88.     Defendants incorporate herein all of the answers in Paragraphs 1 through 87 above, inclusive, as if the same were fully set forth herein.

89.     Defendants admit that Plaintiff's employment at Dartmouth-Hitchcock was terminated.  The remaining allegations in Paragraph 89 of the Complaint are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 89.

90.     Defendants admit that Plaintiff's employment at Dartmouth-Hitchcock was terminated.  The remaining allegations in Paragraph 90 of the Complaint are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 of the Complaint are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 91.

**WHEREFORE,** Defendants respectfully request that this Court enter judgment for Defendants dismissing Count I of the Complaint and allow Defendants such other and further relief as the Court deems just and proper.

## <u>COUNT II</u>
### (Violation of the Whistleblowers' Protection Act)

92.     Defendants incorporate herein all of the answers in Paragraphs 1 through 91 above, inclusive, as if the same were fully set forth herein.

93.     The allegations in Paragraph 93 of the Complaint are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 of the Complaint are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 of the Complaint are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 95.

**WHEREFORE,** Defendants respectfully request that this Court enter judgment for Defendants dismissing Count II of the Complaint and allow Defendants such other and further relief as the Court deems just and proper.

## <u>COUNT III</u>
### (Disability Discrimination & Retaliation)

96.     Defendants incorporate herein all of the answers in Paragraphs 1 through 95 above, inclusive, as if the same were fully set forth herein.

97.     Defendants admit that Plaintiff's employment at Dartmouth-Hitchcock was terminated.  The remaining allegations in Paragraph 97 of the Complaint are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 97.

98.     Defendants admit that Plaintiff's employment at Dartmouth-Hitchcock was terminated.  The remaining allegations in Paragraph 98 of the Complaint are conclusions of law for which no responsive pleading is required.  To the extent a response is required, Defendants deny the remaining allegations in Paragraph 98.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

**WHEREFORE,** Defendants respectfully request that this Court enter judgment for Defendants dismissing Count III of the Complaint and allow Defendants such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES TO THE COMPLAINT

Pursuant to Fed. R. Civ. P. 8(c), Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health, by their attorneys, hereby set forth the following affirmative defenses and reserve the right to raise additional affirmative defenses based on information learned through discovery.

1.     Plaintiff fails to state claims upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, due to her failure to exhaust administrative remedies.

3.      Plaintiff is not disabled as that term is defined under federal or state law.

4.      At all relevant times, Defendants acted reasonably and in good faith.

5.      Defendants cannot be held liable under the Americans with Disabilities Act, N.H. RSA 354-A:7(I), NH RSA 354-A:7(VII), or NH RSA 354-A:19, because all actions taken by Defendants with regard to Plaintiff were legitimate and non-discriminatory.

6.      To the extent applicable, Defendants met their obligations under the Americans with Disabilities Act and New Hampshire's unlawful discriminatory practice laws to engage in the interactive process with Plaintiff.

7.      Defendants cannot be held liable under the Americans with Disabilities Act or New Hampshire's unlawful discriminatory practice laws because Plaintiff was not a qualified disabled person, as she was not capable of performing the essential functions of her position with or without a reasonable accommodation.

8.      To the extent applicable, Defendants cannot be held liable under the Americans with Disabilities Act or New Hampshire's unlawful discriminatory practice laws because some or all of Plaintiff's requested accommodations would impose an undue hardship on Defendants' business operations.

9.      To the extent applicable, practices that Plaintiff alleges were discriminatory were based upon a bona fide occupational qualification.

10.     Plaintiff cannot establish a case for disability discrimination because no similarly-situated non-disabled employees were treated differently than Plaintiff.

11.     Plaintiff cannot establish any causal connection between her alleged protected class and any adverse action by Defendants.

12.    Plaintiff cannot prove that Defendants' legitimate, non-discriminatory reasons for any adverse employment actions were a pretext for disability-based animus.

13.    Plaintiff cannot establish that her termination from employment was for a reason that conflicts with a sufficiently important and well-defined public policy to create an exception to the at-will employment rule.

14.    Plaintiff cannot establish that she reported, or caused to be reported, what she had reasonable cause to believe was a violation of a New Hampshire law or rule.

15.    Plaintiff cannot prove that Defendants' legitimate, non-discriminatory reasons for any adverse actions taken against Plaintiff were a pretext for taking such actions because of a protected act engaged in by Plaintiff.

16.    Plaintiff's common law wrongful discharge claim is preempted by the New Hampshire Whistleblowers' Protection Act.

17.    To the extent applicable, Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

18.    To the extent applicable, Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

19.    To the extent applicable, Plaintiff's claims are barred in whole or in part, by the doctrine of unclean hands.

20.    Plaintiff has failed to establish any basis for asserting claims for recovery of compensatory damages or attorneys' fees.

21.    Plaintiff has failed to mitigate her damages.

Defendants reserve the right to amend this Answer to add such affirmative defenses and potential counterclaims as warranted by additional investigation and discovery in this case.

Dated:  December 15, 2017                    Respectfully submitted,

                                            DARTMOUTH-HITCHCOCK MEDICAL
                                            CENTER, DARTMOUTH-HITCHCOCK
                                            CLINIC, MARY HITCHCOCK MEMORIAL
                                            HOSPITAL, and DARTMOUTH-
                                            HITCHCOCK HEALTH,

                                            By their attorneys,

                                            /s/ Tristram J. Coffin
                                            Tristram J. Coffin
                                            DOWNS RACHLIN MARTIN PLLC
                                            Courthouse Plaza
                                            199 Main Street
                                            Burlington, VT 05402
                                            Telephone: 802-863-2375
                                            tcoffin@drm.com

                                            *Attorney for Defendants*

Donald W. Schroeder (*pro hac vice* application
forthcoming)
Daniel R. Long (*pro hac vice* application
forthcoming)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Telephone: 617-342-4000
Fax: 617-342-4001
dschroeder@foley.com
drlong@foley.com

*OF COUNSEL*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 15, 2017, I electronically filed a true copy of Defendants Answer to Plaintiff's Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Tristram J. Coffin
Tristram J. Coffin