UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 5:17-CV-194 |
| ) | |
| DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**STIPULATED MOTION FOR LEAVE TO AMEND**

Plaintiff Misty Blanchette Porter, M.D., ("Plaintiff" or "Dr. Porter"), by and through her counsel, Katherine B. Kramer, Esq., of Katherine Burghardt Kramer Law Office PLLC, and Geoffrey J. Vitt, Esq., of Vitt & Associates PLC, hereby moves for leave to file her First Amended Complaint, pursuant to Fed. R. Civ. P. 15(a). A copy of the Proposed First Amended Complaint ("Amended Complaint") is attached as Exhibit A, along with a redline comparison with the initial Complaint, attached as Exhibit B. Defendants Dartmouth-Hitchcock Medical Center, et al. (together, "Defendants") have consented in writing to the filing of the Amended Complaint.

**BACKGROUND**

Plaintiff filed her complaint in this action on October 11, 2017 (the "Complaint"). The Complaint asserts claims for common law wrongful termination; violation of the New

1

Hampshire Whistleblowers' Protection Act (RSA 275-E:2); and disability discrimination and retaliation under both New Hampshire and federal law.

The Amended Complaint adds claims for disability discrimination and retaliation under the Vermont employment statute (21 V.S.A. § 495 *et seq.*) and under Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794).

Plaintiff is an internationally renowned physician, with a specialty in reproductive medicine and GYN ultrasound. She worked in the Reproductive Medicine and Infertility Division ("REI Division") of the OB/GYN Department at Dartmouth-Hitchcock from 1996 through 2017. In May 2017, Dartmouth-Hitchcock abruptly announced that it was closing the REI Division, and it unlawfully terminated Plaintiff's employment.

The parties have been slowly progressing through discovery. There is a pending deadline of August 1, 2018, for Defendants to complete their production of documents in response to Plaintiff's First Set of Requests to Produce. No depositions have been taken yet, or even scheduled, in light of the not-yet-completed production by Defendants. Thus, although the case has been pending for a number of months, it is still in the relatively early stages.

The deadline to amend pleadings under the scheduling order has not yet expired. The deadline was recently extended to October 15, 2018. *See* Doc. 47 (Second Revised Scheduling Order) ("Motions for joinder of parties or amendments to the pleadings shall be filed on or before October 15, 2018.").

**ARGUMENT**

Under Fed. R. Civ. P. 15(a)(2), Plaintiff "may amend [her] pleading only with the opposing party's written consent or the court's leave." Plaintiff does not fall within the time periods for amendment as of right under Rule 15(a)(1).

Because Defendants have consented in writing to the filing of the proposed Amended Complaint, Plaintiff is permitted by Rule 15(a)(2) to amend her complaint.

Plaintiff is not adding any new types of claims in the Amended Complaint. Rather, she is diversifying the statutory bases for her claims arising from disability discrimination and/or retaliation.

The factual allegations of the complaint are largely untouched. However, the proposed Amended Complaint adds allegations about Dr. Leslie DeMars stepping down as Chair of the OB/GYN Department in June 2017, shortly after the closure of the REI Division and the termination of Dr. Porter. Plaintiff has moved to compel (Doc. 26) the documents related to Dr. DeMars ceasing to be Chair of the OB/GYN Department, and that motion is currently pending before this Court. During discussions with counsel and at oral argument on July 17, 2018, on the Motion to Compel, Defendants' counsel argued, in part, that those documents were "irrelevant" because the Complaint did not include allegations regarding Dr. DeMars ceasing to be Chair. In light of that argument from Defendants – even though the standard of relevance for discovery purposes extends beyond the exact words of a complaint – the Amended Complaint includes such allegations.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this stipulated motion for leave to amend and to file the proposed First Amended Complaint attached hereto.

DATED at Middlebury, Vermont, in the County of Addison, this 27th day of July 2018.

                KATHERINE BURGHARDT KRAMER
                LAW OFFICE PLLC


                /s/ Katherine Burghardt Kramer
                Katherine Burghardt Kramer
                79 Court St., Suite 3
                P.O. Box 23
                Middlebury, VT  05753
                kbk@kbkramerlaw.com
                (802) 349-1627


                VITT & ASSOCIATES, PLC
                Geoffrey J. Vitt
                8 Beaver Meadow Road
                P.O. Box 1229
                Norwich, VT 05055-1229
                (802) 649-5700
                gvitt@vittandassociates.com

                *Counsel for Plaintiff*
                *Misty Blanchette Porter, M.D.*


## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, I electronically filed a true and correct copy of Plaintiff's Motion for Leave to Amend, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                /s/ Katherine Burghardt Kramer
                Katherine Burghardt Kramer

4