# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., <br><br> Plaintiff, <br><br> v. <br><br> DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, <br><br> Defendants. | Case No. 5:17-CV-194 |

## AMENDED STIPULATED DISCOVERY SCHEDULE/ORDER

The parties submit the following Discovery Schedule pursuant to Local Rule 26(a)(2):

## INTRODUCTION

1. In this case, discovery may be needed on the following subjects: matters related to the parties' claims and defenses within the scope of Fed. R. Civ. P. 26(b)(1), including information related to the claims, allegations, and defenses set forth in Plaintiff's Amended Complaint and Defendants' Answer thereto.

2. The parties have conferred about disclosure, discovery, and preservation of electronically stored information ("ESI"). Unless otherwise noted, ESI shall be produced in the following format(s):

   A. With the exception of file types that are not conducive to a PDF review, such as Excel, database, or audio/video files, the parties will produce all documents including ESI as individually numbered, word-searchable PDF files, unless the parties agree on some other form of production. In the production of e-mails, upon request, the parties shall produce e-mails in native format. File types that are not conducive to an image review, such as Excel, database, or audio/video files, shall be produced in a native format. Native format documents shall be named with the bates number assigned to the document. For each natively produced file, a PDF placeholder shall be included, which shall state "This document has been produced in native format" and shall be endorsed with the corresponding bates number.

B.  Non-ESI files that are not maintained as ESI in the ordinary course of business need not be made text-searchable.  Email attachments shall be produced sequentially after the parent email.

C.  Unless otherwise agreed, the parties shall provide document production data on CDs, DVDs, external storage devices, or transfer the data electronically via File Transfer Protocol (FTP), as appropriate. The producing party may encrypt the production data using a suitable encryption program, and, if it does, the producing party shall forward the password to decrypt the production data to the requesting party under separate cover.

3. The parties have conferred about claims of privilege and claims of protection as trial-preparation materials.  The parties have agreed on the following procedure to assert these claims after production:  information produced in discovery that is protected as privileged or by the work product doctrine shall be immediately returned to the producing party, and its production shall not constitute a waiver of such production, if the producing party provides notice before the close of discovery that such disclosure was inadvertent.

Unless specifically requested in a filing with this court, the parties' agreed procedure will not be the subject of a court order under Federal Rule of Evidence 502.

4.  Any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules for this District shall be specifically described below.

## DEADLINES

5.  The parties shall serve initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before January 19, 2018.

6.  The parties shall serve all interrogatories and requests for production on or before September 1, 2018.

7.  Depositions of all non-expert witnesses shall be completed by **April 30, 2019**.

8.  Plaintiff shall submit expert witness reports on or before **October 30, 2018**.  Depositions of plaintiff's expert witnesses shall be completed by **April 30, 2019**.

9.  Defendants shall submit expert witness reports on or before **December 15, 2018**. Depositions of Defendants' expert witnesses shall be completed by **April 30, 2019**.

10. The Early Neutral Evaluation session shall be conducted on a date and time in **February 2019** that is mutually agreed upon by the parties and the early neutral evaluator, whom the parties shall select on or before January 5, 2018 pursuant to Local Rule 16.1(e).

11. The parties shall serve all requests for admission on or before June 30, 2018.

12. All discovery shall be completed by **April 30, 2019**.

13. Motions for joinder of parties and amendments to the pleadings shall be filed on or before October 15, 2018.

14. Motions, including summary judgment motions but excluding motions relating to the conduct of the trial, shall be filed on or before **May 31, 2019**.

15. This case shall be ready for trial by **October 31, 2019**.

| | |
|---|---|
| <u>December 6, 2018</u> | <u>/s/ Geoffrey Vitt           </u> |
| Date | Counsel for Plaintiff |

| | |
|---|---|
| <u>December 6, 2018</u> | <u>/s/ Katherine B. Kramer      </u> |
| Date | Counsel for Plaintiff |

| | |
|---|---|
| <u>December 6, 2018</u> | <u>/s/ Tristram J. Coffin        </u> |
| Date | Counsel for Defendants |
| | Donald W. Schroeder (admitted *pro hac vice*) |
| | Jessica E. Joseph (admitted *pro hac vice*) |
| | Counsel for Defendants |

**APPROVED and SO ORDERED:**    _____
                                 U.S. District/Magistrate Judge

Date:_____