# EXHIBIT B

**From:** Katie Burghardt Kramer <kbk@kbkramerlaw.com>
**Sent:** Thursday, November 8, 2018 5:21 PM
**To:** Schroeder, Don; Joseph, Jessica E.
**Cc:** 'Geoffrey Vitt'
**Subject:** Porter - QA privilege

Don and Jessica,

I'm writing to follow up on our discussion of your assertion of peer review/quality assurance ("QA") privilege over a number of documents, as listed in your privilege log.

Even assuming (but not conceding) that New Hampshire law applies, you haven't satisfied your burden of putting forth sufficient facts to support a claim of QA privilege. It is well-established that evidentiary privileges such as the QA privilege must be narrowly construed. *See, e.g., In re "K"*, 132 N.H. 4, 13, 561 A.2d 1063, 1069 (1989) ("Individual forays into quality assurance are not privileged under the statute, and the general rule is that such privileges are to be narrowly construed."). Accordingly, we need more information in order to assess the basis for your assertion of the QA privilege.

Based on the plain language of the statute, New Hampshire's QA privilege only applies when a document is "generated during the activities of quality assurance committee." RSA 151:13-a(I). You have not identified the committee(s) for which the withheld documents were ostensibly generated.

Further, it is my understanding from Dr. Misty Porter that all physicians and staff at D-H were instructed to put standard boilerplate language on all documents intended to be protected by the quality assurance privilege. To the extent any of the documents you're withholding as QA privileged were marked when generated as QA documents, please identify which documents bear those markings.

I therefore request a revised privilege log with some additional information. For each document you identify as QA privileged, please indicate: (1) the name of the particular committee(s), if any, for which the document was generated; and (2) whether the document was marked when generated as QA protected.

Since this task shouldn't be too time-consuming, I propose November 16 as the deadline for the revised privilege log. If you need a few additional days, please let me know and we can discuss.

Thanks,
Katie


Katherine Burghardt Kramer
The Law Offices of Katherine Burghardt Kramer
kbk@kbkramerlaw.com
79 Court St., Suite 3, P.O. Box 23
Middlebury, VT 05753
O: 802-989-7943
C: 802-349-1627
www.kbkramerlaw.com

This e-mail may contain privileged and confidential information, and is intended solely for the use of those to whom it is addressed. If you are not an intended recipient, please delete this message, destroy all copies, and notify us as soon as possible. If you are the intended recipient, please note that email is not a secure method of communication, and you may choose to communicate with us by other means.

In accordance with IRS Circular 230, we inform you that any tax advice contained in this communication was not written or intended to be used, and cannot be used, for the purpose of avoiding penalties under the Internal Revenue Code, or promoting, marketing or recommending to another person any transaction or matter addressed in this communication.