UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

MISTY BLANCHETTE PORTER, M.D.,

    Plaintiff,

v.

DARTMOUTH-HITCHCOCK MEDICAL
CENTER,

    Defendant[1].

Case No. 5:17-cv-194

**ORDER ON MOTION TO COMPEL PRODUCTION OF DOCUMENTS**
**(Docs. 61)**

The court has completed an *in-camera* review of 79 documents. Most are internal e-mails sent to multiple addresses. The court also obtained a list of the four attorneys consulted by Defendant, Dartmouth-Hitchcock Medical Center (DHMC), in the course of the events at issue. Three of the lawyers are employed directly by DHMC, including the General Counsel, his deputy, and the Director of Risk Management. The fourth is an outside attorney.

The court followed a few principles when reviewing the documents. First, the inclusion of an attorney as one of several recipients of an e-mail did not automatically render it privileged. *See U.S. Postal Service v. Phelps Dodge Refining Corp.*, 852 F. Supp. 156, 160 (E.D.N.Y. 1994) ("[T]he mere fact that a communication is made directly to an attorney, or an attorney is copied on a memorandum, does not mean that the communication is necessarily privileged."); *see also Dep't. of Economic Development v. Arthur Andersen & Co.*, 139 F.R.D. 295, 299 (S.D.N.Y. 1991) ("A document is not privileged merely because it was sent or received between an attorney

---

[1] For the purposes of the is order, the court summarizes the Defendants as Dartmouth-Hitchcock Medical Center (DHMC) but recognizes the Defendants include: Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, Dartmouth-Hitchcock Health.

1

and client."). In a few cases, the attorney supplied a brief response confirming receipt. This also did not render the exchange privileged. *Gucci America, Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 77 (S.D.N.Y. 2010) (holding the attorney-client privilege did not protect communications that "do not contain the advice of counsel, nor do they contain a request for such advice").

Second, some e-mail chains clearly represented the efforts of DHMC staff to obtain legal guidance in drafting contracts and other documents. These documents were privileged even if they were circulated among several non-attorneys. *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1037 (2d Cir. 1984) (finding draft documents that were "confidential requests for legal advice" were protected by the attorney-client privilege); *see also United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995) ("Under certain circumstances . . . the privilege for communication with attorneys can extend to shield communications to others when the purpose of the communication is to assist the attorney in rendering advice to the client.") Further, the full exchange is privileged if an attorney provided a substantive response. *See In re County of Erie*, 473 F. 3d 413, 418 (2d Cir. 2007) ("The attorney-client privilege protects confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance.").

Third, many documents were related to non-legal business of the hospital, such as responding to a press inquiry or the frequent responses to a particular patient who drafted an "open letter" and sent multiple e-mails to the hospital administration. These documents are not privileged. "When an attorney is consulted in a capacity other than as a lawyer, as (for example) a policy advisor, media expert, business consultant, banker, referee or friend, that consultation is not privileged." *Scott v. Chipotle Mexican Grill, Inc.*, 94 F. Supp. 3d 585, 596 (S.D.N.Y. 2015). Additionally, there were times when there was an e-mail exchange between members of the

hospital's administration and attorneys the General Counsel's office were copied into the exchange. Simply adding members from the General Counsel's office to the e-mail chain, as peripheral figures, did not render the exchange privileged. *Bernstein v. Mafcote, Inc.*, 43 F. Supp. 3d 109, 115–16 (D. Conn. 2014) (holding that e-mail threads forwarded to employer's attorney were not privileged); *see also Owens v. Stifel, Nicolaus & Co.*, No. 7:12-cv-144 (HL), 2013 WL 6389035 at *2 (M.D. Ga. Dec. 6, 2013) ("[I]nformation that is not otherwise privileged will not become so simply by being communicated to or filtered through an attorney.").

Finally, although it is not an attorney-client issue, the court notes that documents 6 and 7 contain patient names and clinical information. Those documents should be released only in an anonymous form.

## Conclusion

The motion to compel production of documents (Doc. 61) is DENIED in part and GRANTED in part, as follows:

The documents which the court ORDERS withheld from production as privileged are: Documents 1, 2, 3, 14, 15 (only the page with advice from General Counsel Kacavas), 23, 27, 30, 34, 35, 36, 38, 41, 42, 51, 60, 62, 65, 67, 69, 70, 71, 73, 74, 75, 76, 78, and 79.

The documents which the court ORDERS to be produced are: Documents 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 16, 17, 18, 19, 20, 21, 22, 24, 25, 26 (remove the nine word note from General Counsel Kacavas), 28, 29, 31, 32, 33, 37, 39, 40, 43 (remove the same note), 44, 45, 46, 47, 48, 49, 50, 52, 53, 54, 55, 56, 57, 58, 59, 61, 63, 64, 66, 68, 72, 77.

Dated at Rutland, in the District of Vermont, this 2 day of May, 2019.

Geoffrey W. Crawford, Chief Judge
United States District Court