# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

MISTY BLANCHETTE PORTER, M.D.,

    Plaintiff,

vs.

DARTMOUTH-HITCHCOCK MEDICAL
CENTER, DARTMOUTH-HITCHCOCK
CLINIC, MARY HITCHCOCK
MEMORIAL HOSPITAL, and
DARTMOUTH-HITCHCOCK HEALTH,

    Defendants.

Case No. 5:17-cv-194

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUESTS FOR ADMISSION TO PLAINTIFF MISTY BLANCHETTE PORTER**

Misty Blanchette Porter ("Plaintiff" or "Dr. Porter") hereby responds to Defendants' First Requests for Admission, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure.

**REQUESTS FOR ADMISSION**

1. Admit that the employment of every physician employed in Defendants' REI Division was terminated when the REI Division closed.

**ANSWER**: Admit.

2. Admit that you were not involved in any management-level discussion about whether to close the REI Division.

**ANSWER**: Deny.

3. Admit that you were not involved in any management-level discussion about why the REI Division was closed.

**ANSWER**: Deny.

4. Admit that the REI Division had a shortage of nursing staff in 2017.

1

**ANSWER**: Deny.

5.   Admit that you were not involved in any management-level discussion about how to resolve the issue of nursing shortages in the REI Division.

**ANSWER**: Deny.

6.   Admit that, after returning from your leave of absence in 2016, as alleged in Paragraph 39 of the Complaint, you did not provide any other physician employed in the REI Division with access to your work schedule or availability.

**ANSWER**: Deny.

7.   Admit that Defendants' Value Institute hosted a retreat for the REI Division in 2017 (the "Retreat").

**ANSWER**: Admit.

8.   Admit that the Retreat was held, in part, for the purpose of improving the operational functionality of the REI Division.

**ANSWER**: Admit.

9.   Admit that the Retreat was held, in part, for the purpose of improving interpersonal relations and communications amongst personnel who were employed in the REI Division.

**ANSWER**: Admit that this was one of the stated purposes, but deny that it was the primary or actual purpose.

10.   Admit that you did not attend the entirety of the Retreat.

**ANSWER**: Admit.

11. Admit that, of the other physicians whose employment was terminated when the REI Division closed, you have no knowledge that any such physician had a physical or mental impairment that substantially limits or limited one or more life activity.

**ANSWER**: Deny.

12. Admit that the Chair of the Department of Obstetrics and Gynecology, Dr. Leslie DeMars, approved or authorized every single accommodation that you requested when you returned to work in July 2016.

**ANSWER**: Admit.

13. Admit that the Chair of the Department of Obstetrics and Gynecology, Dr. Leslie DeMars, approved or authorized every single accommodation that you requested when you returned to work in November 2016.

**ANSWER**: Deny.

14. Admit that the Chair of the OB/GYN Department, Dr. Leslie DeMars, approved or authorized every "recommended accommodation" included on the list that you provided to Dr. DeMars, as alleged in Paragraph 42 of the Complaint.

**ANSWER**: Admit; see Request for Admission #12.

15. Admit that you continued to receive long-term disability benefits after your employment with Defendants was terminated.

**ANSWER**: Admit that I continued to receive payments based upon a claim against a long-term disability insurance policy after my employment with D-H was terminated; deny insofar as "benefits" implies continuing coverage by a long-term disability insurance policy that I have not yet made a claim upon.

16. Admit that you continue to receive long-term disability benefits.

3

**ANSWER**: Admit that I continue to receive payments based upon a claim against a long-term disability policy; deny insofar as "benefits" implies coverage by a long-term disability insurance policy that I have not yet made a claim upon.

17.     Admit that you have received long-term disability benefits from the date on which your employment with Defendants was terminated through the present date.

**ANSWER**: Admit that I have received payments based upon a claim against a long-term disability policy from the day on which my employment with D-H was terminated through the present date; deny insofar as "benefits" implies coverage by a long-term disability insurance policy that I have not yet made a claim upon.

18.     Admit that you never took call after December 15, 2015.

**ANSWER**: Deny.

19.     Admit that, to your knowledge, no other physician whose employment was terminated when the REI Division closed has made any contention that they engaged in conduct protected by the New Hampshire Whistleblowers' Protection Act.

**ANSWER**: Deny.

20.     Admit that you were not a party to every communication between the REI Division Director and the couple whom you allege was at risk of having a Zika-infected pregnancy.

**ANSWER**: Admit.

21.     Admit that you were not a party to every communication between the junior physician (as identified in the Complaint, the "Junior Physician") and the couple whom you allege was at risk of having a Zika-infected pregnancy.

**ANSWER**: Admit.

4

22.     Admit that you were not a party to any communication between Defendants' Risk Management department and the couple whom you allege was at risk of having a Zika-infected pregnancy.

**ANSWER**: Admit.

23.     Admit that the couple whom you allege was at risk of having a Zika-infected pregnancy voluntarily decided to go forward with an elective embryo transfer.

**ANSWER**: Deny.

24.     Admit that the couple whom you allege was at risk of having a Zika-infected pregnancy voluntarily decided to go forward with an elective embryo transfer after being informed of the risk of transmitting the Zika virus to the embryo.

**ANSWER**: Deny.

25.     Admit that you disagreed with the other two physicians in the REI Division about whether the tests referenced in Paragraph 75 of the Complaint were excessive.

**ANSWER**: Deny.

26.     Admit that you disagreed with the other two physicians in the REI Division about whether the tests referenced in Paragraph 75 of the Complaint were necessary.

**ANSWER**: Deny.

27.     Admit that you expressed criticisms of the Junior Physician's qualifications to other employees in the Department of Obstetrics and Gynecology before the junior physician began the physician's employment with Defendants.

**ANSWER**: Admit.

28.   Admit that you expressed criticisms of the Junior Physician's qualifications and competency to other employees in the Department of Obstetrics and Gynecology before you observed the Junior Physician practice medicine.

**ANSWER**: Admit.

29.   Admit that, as of the date on which your employment with Defendants was terminated, Defendants employed radiologists who were capable of reading ultrasounds.

**ANSWER**: Objection: overbroad, vague, and ambiguous as to whether this request refers to GYN ultrasounds only or all ultrasounds read in every department of Dartmouth-Hitchcock, including ultrasounds of kidneys, gallbladders, prostates, and other internal organs, and irrelevant insofar as it seeks information regarding ultrasounds outside of GYN. Otherwise, deny that any remaining physicians at D-H are equivalently capable of reading ultrasounds as Dr. Porter.

DATED at Middlebury, Vermont, in the County of Addison, this 9th day of April 2018.

KATHERINE BURGHARDT KRAMER
LAW OFFICE PLLC

/s/ Katherine Burghardt Kramer
Katherine Burghardt Kramer
79 Court St., Suite 3
P.O. Box 23
Middlebury, VT 05753
kbk@kbkramerlaw.com
(802) 349-1627


VITT & ASSOCIATES, PLC
Geoffrey J. Vitt
8 Beaver Meadow Road
P.O. Box 1229

Norwich, VT 05055-1229
(802) 649-5700
gvitt@vittandassociates.com

*Counsel for Plaintiff*
*Misty Blanchette Porter, M.D.*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2018, I caused a true copy of the above document to be served upon the attorneys of record for Defendants via electronic mail and first-class mail.

/s/ Katherine B. Kramer
Katherine B. Kramer

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

|  |  |  |
|---|---|---|
| MISTY BLANCHETTE PORTER, M.D., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Docket No. 5:17-CV-194 |
| DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## DISCOVERY CERTIFICATE

I certify that Plaintiff's Response to Defendants' First Requests for Admission to Plaintiff Misty Blanchette Porter has been served by regular mail, postage pre-paid, and via e-mail to the following:

Donald W. Schroeder, Esq.
Daniel R. Long, Esq.
Foley & Lardner LLP
111 Huntington Avenue
Suite 2500
Boston, MA  02199-7610
DSchroeder@foley.com
DRLong@foley.com


Tristram J. Coffin, Esq.
Downs Rachlin Martin PLLC
tcoffin@drm.com

1

Dated: April 9, 2018

/s/Geoffrey J. Vitt
Geoffrey J. Vitt
Vitt & Associates, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
gvitt@vittandassociates.com

*Counsel for the Plaintiff
Misty Blanchette Porter, M.D.*