# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., <br><br> Plaintiff, <br><br> v. <br><br> DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, <br><br> Defendants. | Docket No. 5:17-cv-194 |

### DECLARATION OF DR. MISTY BLANCHETTE PORTER

I, Misty Blanchette Porter, M.D., pursuant to the provisions of 28 U.S.C. § 1746 hereby declare as follows:

1. After I learned that Dartmouth-Hitchcock had extended an offer of employment to Dr. Albert Hsu, I called him to ask about his experience handling IVF cases. I was surprised to learn that he had significantly less experience in doing the basic procedures than would be expected of a doctor at his level of training.

2. I was concerned about Dr. Hsu's lack of experience, and I decided to volunteer my time to help train him. Over a period of approximately six months, I took call with him every weekend and I mentored him almost every day at work. Despite a considerable investment of my time, Dr. Hsu continued to demonstrate poor clinical decision-making and procedure skills.

3. It was common for physicians, nurses, nurse practitioners, technicians, and others to come to me to express a concern about Dr. Hsu and Dr. Seifer. I told the persons who came to me that they needed to speak with their direct supervisor and Dr. Leslie DeMars, who was the Chair of the OB/GYN Department. I know that many of them went to see Dr. DeMars.

4. I also talked frequently to Dr. DeMars about Dr. Hsu and Dr. Seifer. I had known Dr. DeMars for over 20 years. I let her know regularly that I thought Dr. Hsu and Dr. Seifer did not have the capacity to be competent physicians at Dartmouth-Hitchcock, and I told her about them performing procedures without patient consent, billing irregularities, and patient safety issues, among other problems. Dr. DeMars did nothing to restrict, limit, or reform the practices of Dr. Hsu or Dr.Seifer. I continued to express these concerns through the end of April 2017.

5. At the time of the REI Division closure I was one of five providers in the division. The other providers were Dr. David Seifer, Dr. Albert Hsu, Elizabeth Todd (a nurse practitioner), and Dr. Judith McBean who provided per diem support.

6. I had an agreed-upon set of reasonable accommodations for my disability once I returned to work. These accommodations included limited work hours including not taking call or working after hours, not multi-tasking, and quiet uninterrupted work space. Dr. DeMars and Heather Gunnell were familiar with these accommodations. On a regular basis, Dr. Seifer failed to observe these accommodations. For example, he tried to contact me after work, and sometimes he followed me out to the parking lot to continue asking me questions after my shift ended. He interrupted my work space. I repeatedly went to Dr. DeMars and Heather Gunnell to ask for their help in

enforcing my accommodations. They did nothing to help, and the problems with Dr. Seifer not following my accommodations persisted.

7. I am currently on the staff of UVM Medical Center in Burlington. The scope of my practice includes all of the areas that I pursued at Dartmouth-Hitchcock before my illness.

8. I have to commute from Norwich to Burlington in order to be on the UVM Medical Center staff. Since I have to take periodic call, which requires that I be close to the hospital, my husband I purchased an apartment in Burlington. My husband runs a business in Norwich which means that we are often apart.

9. My work at UVM Medical Center is rewarding because I can assist women in preserving their capacity to have children and, for those women who want to have children, I can assist through my IVF expertise in getting them pregnant.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: March 4, 2020

_____
Misty Blanchette Porter, M.D.