IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, <br><br> Defendants. | Case No. 2:17-cv-194 |

### MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE THE TESTIMONY OF ROBERT BANCROFT

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Defendants" or "Dartmouth Health") respectfully submit this memorandum of law in support of Defendants' Motion *in Limine* (the "Motion") to preclude the expert witness testimony of Robert Bancroft ("Bancroft") on behalf of Plaintiff Misty Blanchette Porter, M.D. ("Plaintiff" or "Dr. Porter"). The basis for excluding Bancroft's testimony is two-fold: (1) he is unqualified; and (2) his opinions, which are based on speculation or Plaintiff's unfounded assumptions, are unreliable.

### FACTUAL BACKGROUND

On January 23, 2018, counsel for Plaintiff filed initial disclosures that included "all expert witnesses identified by any party." *See* ECF Docket No. 19. In accordance with Fed. R. Civ. P. 26(a)(2)(B), Plaintiff subsequently disclosed the expert report of Robert Bancroft ("Bancroft"), dated October 30, 2018. **Exhibit A**. Pursuant to Fed. R. Civ. P. 26(a)(2)(E), Plaintiff later disclosed a supplemental expert report from Bancroft, dated October 1, 2019. **Exhibit B**. On October 30, 2019,

Defendants' counsel deposed Bancroft. *See* **Exhibit C**, Deposition of Bancroft ("Bancroft Dep."). Plaintiff later disclosed one (1) additional expert report from Bancroft, dated August 26, 2024. **Exhibit D**. Apart from Bancroft's August 2024 report, Plaintiff has not provided any additional information from Bancroft within the five (5) plus years since his deposition.

At his deposition, Bancroft admitted that he had no professional licenses and had not published anything within the last twenty (20) years. *See* **Exhibit C** Bancroft Dep. 5:21–23; 13:5–8. Moreover, he had not testified at trial in the last four (4) to five (5) years and could not remember the last time he testified at trial for an employment dispute. *Id.*, at 16:21–17:1; 17:15–20. Indeed, he conceded that he suffers from a short-term memory deficit that was then-turning into long-term memory deficit. *Id.*, at 32:4–6. Accordingly, he could only confirm that he provided expert testimony for two (2) employment cases in the last four (4) years. *Id.*, at 24:4–18. He admittedly performed more work on behalf of plaintiffs compared to defendants in the few employment cases he remembered handling in the recent past. *Id.*, at 15:23–25.

When asked about assumptions made in his expert reports, Bancroft admittedly relied on information about salary increases that was "not precise[,]" from the U.S. Bureau of Labor Statistics which was not reflective of doctors' salaries nor generally "fits with people in health care." *Id.*, at 54:1–19; *see also* **Exhibits A, B**, and **D**. Perhaps most disturbing, Bancroft's reports assume that Dr. Porter should receive an inexplicable gross-up on her total purported damages to account for federal and state taxes, which equates to *almost half* of his total damages calculation (approximately $2.1 million). **Exhibits A, B**, and **D**. Dr. Porter's claims are based solely on back pay and front pay damages and, therefore, any damages would naturally constitute W-2 earnings which would be subject to applicable state and federal tax withholdings. In assuming Dr. Porter's expenses for living in Burlington, VT, Bancroft relied on his personal experience, including anecdotal evidence from his own life, and he did

2

not review any outside sources. *See* **Exhibit C** Bancroft Dep. at 78:22–79:6; *see also* **Exhibits A**, **B**, and **D**. Notably, Bancroft's reports also failed to account for Dr. Porter's long-term disability payments received in 2018. *Id.*

In drafting his reports, Bancroft admittedly relied on Dr. Porter's subjective belief that, in 2017, she would have been promoted by Dartmouth Health to a Full Professor position and receive a 5% salary increase. **Exhibit C**, Bancroft Dep., at 56:15–25; *see also* **Exhibits A, B** and **D**. Notably, Bancroft did not consider whether any of Dr. Porter's beliefs were reasonable. **Exhibit C**, Bancroft Dep., at 67:1–4. Bancroft's second report also considers multiple, future possibilities in Dr. Porter's career. *Id.,* at 36:17–37:1; *see also* **Exhibit B**. For example, in one scenario, Bancroft's assumes that, in July 2021, Dr. Porter would continue to work on a part-time basis at the University of Vermont ("UVM") after resignation from her full-time position, and that UVM would permit Dr. Porter to engage in part-time work for two days a week. *Id.* at 37:2–9; *see also* **Exhibit B**. However, in his most recent report, Bancroft now assumes that Dr. Porter would leave her full-time position at UVM in January 2025, and UVM will permit Dr. Porter to work in a 60% part-time position. **Exhibit D.** Given Bancroft's deposition testimony and his expert reports' multiple, glaring deficiencies, Defendants respectfully request this Court to preclude Bancroft's testimony at trial altogether.

## LEGAL STANDARD

"The purpose of a motion in limine is to 'aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of the trial.'" *Ne. Farm Sales & Serv., Inc. v. Krone NA, Inc.*, No. 5:17-CV-72, 2019 WL 13251287, at *6 (D. Vt. Mar. 27, 2019) (*quoting Ellerton v. Ellerton*, 745 F. Supp. 2d 458, 460 (D. Vt. 2010)). Fed. R. Ev. 702 provides that

> "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

"Whether a witness is qualified as an expert by his or her knowledge, skill, experience, training, or education is a 'threshold question' that the court must resolve before determining whether his or her opinions are admissible." *Gordon v. New England Cent. R.R., Inc.*, 2019 WL 4068639, at *4 (D. Vt. Aug. 28, 2019) (*quoting Nimely v. City of New York*, 414 F.3d 381, 396 n.11 (2d Cir. 2005)). Once that qualification threshold is met, "the district court [has] 'the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand.'" *Kew v. Town of Northfield, VT*, 2023 WL 6050287, at *1 (D. Vt. July 10, 2023) (*quoting Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993)).

Because Plaintiff is "proffering expert testimony[, she] bears the burden of establishing its admissibility 'by a preponderance of proof.'" *Gordon*, 2019 at *3 (*quoting Daubert*, 509 U.S. at 592, n.10) (granting defendant's motion *in limine* to preclude the opinions of an expert witness for purposes of trial); *see also Borawick v. Shay*, 68 F.3d 597, 609 (2d Cir. 1995) (granting defendant's motion *in limine* to preclude the testimony of an expert witness who "was not properly qualified[.]"). Here, Plaintiff cannot meet her burden.

## ARGUMENT

1. **Bancroft is not qualified as an expert because he does not have sufficient experience working on employment cases, and his report is riddled with speculation, improper assumptions and subjective opinions.**

As a threshold matter, Bancroft has no professional licenses and has not published anything within the last twenty (20) years. **Exhibit C**, Bancroft Dep., at 5:21–23; 13:5–8. Moreover, at least as of

4

October 2019, Bancroft had not testified at trial in the last four (4) to five (5) years and could not remember the last time he testified at trial for an employment dispute. **Exhibit C**, Bancroft Dep., at 16:21–17:1; 17:15–20. To be clear, he could only confirm his expert testimony in discovery in two (2) employment cases in the previous four (4) years. *Id.*, at 24:4–18. Before reaching additional grounds to exclude his testimony, Bancroft's lack of experience with employment cases is sufficient reason alone to disqualify him as an expert in this matter. *See Simuro v. Shedd*, No. 2:13-CV-00030, 2016 WL 9526418, at *2 (D. Vt. Nov. 9, 2016) (where expert was not qualified because he did "not have significant experience working specifically" with the subject matter at issue.); *see also Grajeda v. Vail Resorts Inc.*, No. 2:20-CV-00165, 2023 WL 4803755, at *3 (D. Vt. July 27, 2023) (excluding an expert's testimony, in part, because "his opinions . . . exceed[ed] his area of expertise."). In sum, a cursory review of his admissions reveals that Bancroft does not meet the Court's presumption in favor of appropriate expert credentials. *See Borawick*, 68 F.3d at 609 (2d Cir. 1995) (noting that "there should be a general presumption in favor of appropriate academic credentials."); *see also Top Ridge Invs., LLC v. Anichini, Inc.*, No. 5:16-CV-76, 2017 WL 5952693, at *3 (D. Vt. Nov. 30, 2017) (granting motion *in limine* to preclude expert testimony where expert witness lacked professional qualifications, obtained no professional education, did not publish, and held no professional license.").

But that is not the only disqualifying basis for excluding his expert testimony. Bancroft is further unqualified due to his reliance on subjective experience and speculation in drafting his reports. *See Gonyea v. Irick Excavating, LLC*, No. 2:08-CV-242, 2010 WL 11606973, at *4 (D. Vt. Nov. 30, 2010) ("Relying on experience and subjectivity has been identified as a 'red flag' indicating an expert may not be qualified to testify on a particular subject[.]"); *see also Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 60 (2d Cir. 2002) (where an expert "was not qualified to make an assessment" in part because the expert's opinion "would invite the jury to award damages based on

speculation."). Here, Bancroft acknowledged that he relied on imprecise statistical evidence to support his findings. **Exhibit C**, Bancroft Dep., at 54:1–19; *see also* **Exhibits A, B**, and **D**.

To be sure, this Court has clearly stated that "expert testimony should be excluded if it is 'speculative or conjectural.'" *Buck v. Fairpoint Commc'ns, Inc.*, No. 2:14-CV-157, 2016 WL 7665784, at *1 (D. Vt. Apr. 20, 2016) (*quoting Major League Baseball Props.*, *Inc. v. Salvino, Inc.*, 542 F.3d 290, 311 (2d Cir. 2008). Bancroft's reports are inherently speculative, as he considers multiple, hypothetical possibilities in Dr. Porter's career. **Exhibit C**, Bancroft Dep., at 36:17–37:1; **Exhibits A, B** and **D**. At the same time, Bancroft assumes that Dr. Porter would remain employed at Dartmouth Health on a full-time basis until 2033. In doing so, Bancroft inexplicably holds Defendants liable for the expected dip in Dr. Porter's total earnings under each of the scenarios.

A few examples demonstrate the internal inconsistencies in Bancroft's analysis. In one scenario, Bancroft assumes that, in July 2021, Dr. Porter would continue to work on a part-time basis at the University of Vermont ("UVM") after resignation from her full-time position. **Exhibit C**, Bancroft Dep., at 37:2–9; **Exhibit B**. In his most recent report, however, Bancroft now assumes that Dr. Porter would leave her full-time position at UVM in January 2025, and UVM will permit Dr. Porter to work in a 60% part-time position. **Exhibit D.** In both scenarios, Dartmouth Health is unfairly held responsible for the dramatic delta in earnings. Setting aside the issue of liability, Defendants have no legal obligation to finance Dr. Porter's voluntary decision to fundamentally alter her work arrangements with UVM by assuming a part-time position. Given his report's reliance on subjective experience and hypotheticals without any factual support, Bancroft is unqualified to testify as an expert on this basis alone.

2. **Bancroft's testimony is not reliable.**

Bancroft's reliance on Dr. Porter's subjective opinions also renders his testimony unreliable. *See Gordon*, 2019 at *4 (where expert testimony was excluded as unreliable because the expert "act[ed] as a mere conduit for Plaintiffs' version of the operative facts.). For example, Bancroft's analysis relies on Dr. Porter's subjective belief that she would be promoted by Dartmouth Health to a full professor and receive a 5% salary increase in 2017. **Exhibit C**, Bancroft Dep., at 56:15–25; *See also* **Exhibits A, B** and **D**. Importantly, Bancroft did not consider whether any of Dr. Porter's beliefs were reasonable. **Exhibit C**, Bancroft Dep., at 67:1–4. Thus, Bancroft's report is a mere conduit for Dr. Porter's subjective version of the operative facts, and it is not reliable as expert testimony.

The potential for artificial inflation of damages renders Bancroft's expert testimony inadmissible. *See Allen v. Dairy Farmers of Am., Inc.*, No. 5:09-CV-230, 2014 WL 2040133, at *3 (D. Vt. May 16, 2014) (excluding expert's opinion, in part, where the "damages model was unreliable, had the potential to artificially inflate Plaintiffs' damages, and was therefore inadmissible."). Here, Bancroft acknowledged that he suffers from a short-term memory deficit that was then-turning into long-term memory deficit (as of five-plus years ago). **Exhibit C**, Bancroft Dep., at 32:4–6. This cognitive impairment further impedes the reliability of his testimony. *See Green Mountain Chrysler Plymouth Dodge Jeep v. Crombie*, 508 F. Supp. 2d 295, 310 (D. Vt. 2007) ("The expert opinions offered must be the product of reliable principles and methods that have been reliably applied to the facts of the case."). The proof is in the pudding. As just one example, Bancroft's reports assume Dr. Porter's total damages should be "grossed up" to account for federal and state taxes (approximately $2.1 million). **Exhibits A, B**, and **D**. There is no entitlement under the law to this post-tax calculation where state and federal taxes should be deducted from compensation attributable to back pay or front pay. Bancroft's reports also failed to account for Dr. Porter's long-term disability payments received in 2018. **Exhibits A, B** and **D**.

3. **This Court has significantly limited Bancroft's expert testimony in multiple cases involving projected lost earnings.**

This Court has appropriately limited Bancroft's expert testimony in similar matters for the foregoing reasons. *See, e.g. Deldebbio v. Blanchard*, No. 2:06-CV-115, 2008 WL 2581080, at *2 (D. Vt. June 26, 2008) (deciding that Bancroft "may not testify concerning his calculation of projected lost earnings . . . [because] those numbers are based on [an] unsupported and doubly speculative assumption[.]"); *Connors v. Dartmouth Hitchcock Med. Ctr.*, No. 2:10-CV-94, 2013 WL 1222185, at *5 (D. Vt. Nov. 18, 2013) (excluding Bancroft's "opinions. . . as speculative under Federal Rule of Evidence 702.").

In *Deldebbio*, the plaintiff sought to introduce Bancroft's expert testimony regarding projected lost income calculations. *Deldebbio*, at *1. In that case, this Court found Bancroft's testimony improper because "proof of loss of earning capacity must be supported by admissible evidence and may not be based on undue speculation." *Id.* at *1–2. Here, Bancroft again speculates regarding Dr. Porter's projected loss earnings. For example, in crafting his expert report, Bancroft used speculative information about future salary increases that was "not precise[,]" Dr. Porter's subjective belief that she would be promoted, and his personal, subjective experience. **Exhibit C**, Bancroft Dep., at 54:21; 56:15–25; 78:22–25. Thus, Bancroft's expert testimony is not appropriately admissible.

The plaintiff in *Connors* also sought to introduce Bancroft's expert testimony regarding projected lost income. There, Bancroft speculated that, had defendants not terminated plaintiff's residency, "with an additional year of experience her productivity, and consequently her income, would continue to show a differential" for the next twelve (12) years. *Connors*, 2013 WL at *5. This Court properly excluded Bancroft's testimony because there was "simply no evidence beyond speculation that taking an additional year to complete a residency produces an income shortfall that stretches twelve years into the resident's future." *Id.* Again, Bancroft's analysis here is inherently speculative, as he considers multiple, future possibilities in Dr. Porter's career. **Exhibit C**, Bancroft Dep., at 36:17–37:1.

Given the multiple examples of speculation and unfounded assumptions in Bancroft's analysis, his testimony should be precluded.

## CONCLUSION

Defendants respectfully request the Court to preclude expert witness testimony from Bancroft during the trial of this matter.

Date: February 14, 2025

Respectfully submitted,

/s/ Tris J. Coffin

**DOWNS RACHLIN MARTIN PLLC**

Tristram J. Coffin
199 Main Street
Burlington, VT 05402
Telephone: 802-863-2375
tcoffin@drm.com

**FOLEY & LARDNER LLP**

Donald W. Schroeder (admitted *pro hac vice*)
Morgan McDonald-Ramos (admitted *pro hac vice*)
Megan E. Martinez (admitted *pro hac vice*)
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
dschroeder@foley.com
mmcdonald@foley.com
memartinez@foley.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that, on February 14, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

                                                    */s/ Tris J. Coffin*
                                                    Tristram J. Coffin

4899-6480-2838.6