## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

MISTY BLANCHETTE PORTER, M.D.,

      Plaintiff,

vs.

DARTMOUTH-HITCHCOCK MEDICAL
CENTER, DARTMOUTH-HITCHCOCK
CLINIC, MARY HITCHCOCK
MEMORIAL HOSPITAL, and
DARTMOUTH-HITCHCOCK HEALTH,

      Defendants.

Case No. 2:17-cv-194

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE DUPLICATIVE TESTIMONY OF DR. PORTER'S QUALIFICATIONS AS A PHYSICIAN

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Dartmouth Health" or "Defendants") respectfully submit this memorandum of law in support of Defendants' Motion *in Limine* (the "Motion") to preclude Plaintiff Misty Blanchette Porter, M.D.'s ("Plaintiff" or "Dr. Porter") reference, through oral argument, trial testimony, or pleadings, to duplicative testimony related to Dr. Porter's qualifications as a physician. Dr. Porter's proficiency in her role is not at issue in this case, which makes testimony related to her qualifications both irrelevant and a waste of the Court's time and jury deliberations. Whether Dr. Porter was a qualified physician is irrelevant to the issue of whether her employment was terminated as pretext for retaliation and/or discrimination. *See* Fed. R. Evid. 401. Even if the Court were to find this evidence relevant, the risk of wasting the jury's time and confusing the issues seriously outweighs its probative value. *See* Fed. R. Evid. 403. Defendants are prepared to stipulate to the fact that Dr. Porter is an

eminently qualified physician. However, it is anticipated that Plaintiff will call numerous witnesses to testify about Dr. Porter's pedigree, skills, and experience as a physician. Placing reasonable limits on this line of questioning is proper because redundant testimony on this subject is not relevant to any issues in dispute, will be unnecessarily cumulative, and will waste the jury's time. *See* Fed. R. Evid. 401; Fed. R. Evid. 403.

## **BACKGROUND**

In Plaintiff's six-count Amended Complaint, she claims that the closure of the Reproductive Endocrinology and Infertility ("REI") Division and her termination were pretext for retaliation stemming from her protected whistleblower actions and/or discrimination due to her disability status. Importantly, Plaintiff has not alleged that Dr. Porter's qualifications as a physician played any role in the termination of her employment, and Defendants have never made such a claim either. Plaintiff admitted as much in her Response in Opposition to Defendants' Motion for Summary Judgement by stating "Defendants contend that the sole reason for Dr. Porter's termination was their decision to close the Division." *See* ECF Docket No. 140 at 2.

Despite Dr. Porter's qualifications being irrelevant and undisputed, Plaintiff highlighted that "[a]ll of the witnesses in this case agree that she is an excellent physician with a broad range of skills…" *See Id.* at 1. Plaintiff further cites to Dr. Porter's qualifications at length in her Amended Complaint—indicating Plaintiff intends to rely on this evidence at trial. *See* ECF Docket 50 at 2, 4–6, 23–27, 30, 32, 37–38. During depositions, Plaintiff's counsel asked each witness about Dr. Porter's qualifications as a physician. Over the course of this litigation, Plaintiff has disclosed over fifty (50) people whom she believes have personal knowledge regarding the subject matter of the Complaint. *See* **Exhibit A**, Plaintiff's Initial Disclosures, dated January 23, 2018, ECF Docket No. 19; *see also* **Exhibit B**, Plaintiff's Response to Interrogatory No. 6, dated April

23, 2018, at 5–6, ECF Docket No. 33. Then, just last month, Plaintiff supplemented her interrogatory responses to introduce a new witness, Dr. Ira Bernstein ("Dr. Bernstein"), as someone with knowledge of "Dr. Porter's job performance at UVMMC . . . ." *See* **Exhibit C**, Plaintiff's Supplemental Interrogatory Answers, dated January 9, 2025, at 1–2, ECF Docket No. 193. Subsequently, at the January 13, 2025 conference, Plaintiff's counsel represented that he plans to call about twenty (20) witnesses in Plaintiff's case in chief.

Examining each witness at trial about Dr. Porter's qualifications will be repetitive and waste time on an undisputed issue. Below are just a few examples of witnesses Plaintiff seeks to parade in front of the jury to testify that she is a qualified physician:

- Dr. Bernstein, who was never employed at Dartmouth Health, and does not have any relevant knowledge regarding the decision to terminate Dr. Porter's employment. His testimony regarding Dr. Porter's job performance *after* leaving Dartmouth Health has no relevance to any issue in this case.

- Dr. Julia MacCallum ("Dr. MacCallum"), stated that "[Dr. Porter] was consistently calm and focused, highly technically skilled, held resident physicians to an appropriately high standard while fostering their surgical and clinical skill development, and if a problem arose in clinical or surgical realms, she was quick to resolve the issue." *See* **Exhibit D**, SJ Opp Exhibit 2 – Declaration of Julia MacCallum, M.D., dated March 5, 2020, ECF Docket No. 140.

- Dr. Michelle Russell ("Dr. Russell") stated that "Dr. Porter is an outstanding physician. She has a broad range of skills, including the ability to perform complex surgery and read difficult ultrasounds." *See* **Exhibit E**, SJ Opp Exhibit 3 – Declaration of Michelle Russell, M.D., dated March 5, 2020, ECF Docket No. 140.

- Ms. Sharon Parent ("Ms. Parent") also stated that "[i]t is well-known that Dr. Porter was a resource for doctors in the OB/GYN Department, not only doctors in the REI Division. It was common for OB/GYN doctors to seek out Dr. Porter to get help, especially in the reading of ultrasound images for their patients. There were times when there would literally be a line of OB/GYN doctors waiting to see Dr. Porter." *See* **Exhibit F**, SJ Opp Exhibit 4 – Declaration of Sharon Parent, dated February 28, 2020, ECF Docket No. 140.

- Ms. Aimee M. Giglio ("Ms. Giglio") was disclosed by Plaintiff as an individual with discoverable information concerning "Dr. [] Porter's expertise." *See* **Exhibit A**, at 4.

3

- Dr. Maria D. Padin ("Dr. Padin") was disclosed by Plaintiff as an individual with discoverable information concerning "Dr. [] Porter's expertise . . . and the quality of the medical care that [Dr. Porter] provided to patients." *See* **Exhibit A**, at 4–5.

- Dr. Judith McBean ("Dr. McBean") was disclosed by Plaintiff as an individual with discoverable information concerning "Dr. [] Porter's expertise . . . and the quality of the medical care that [Dr. Porter] provided to patients." *See* **Exhibit A**, at 5.

- Dr. Navid Esfandiari ("Dr. Esfandiari") was disclosed by Plaintiff as an individual with discoverable information concerning "Dr. [] Porter's expertise and the quality of her care for patients." *See* **Exhibit A**, at 6.

- Dr. Debra Birenbaum ("Dr. Birenbaum") was disclosed by Plaintiff as an individual with discoverable information concerning "Dr. [] Porter's expertise . . . and the quality of the medical care that [Dr. Porter] provided to patients." *See* **Exhibit A**, at 6.

- Dr. Katrina Thorstensen ("Dr. Thorstensen") was disclosed by Plaintiff as an individual with discoverable information concerning "Dr. [] Porter's expertise . . . and the quality of the medical care that [Dr. Porter] provided to patients." *See* **Exhibit A**, at 7.

- Dr. Barry Smith ("Dr. Smith") was disclosed by Plaintiff as an individual with discoverable information concerning "Dr. [] Porter's expertise and the quality of her care for patients." *See* **Exhibit A**, at 7.

- Dr. Paul Manganiello ("Dr. Manganiello") was disclosed by Plaintiff as an individual with discoverable information concerning "Dr. [] Porter's expertise and the quality of her care for patients." *See* **Exhibit A**, at 8.

- Dr. Leslie DeMars ("Dr. DeMars") who described Dr. Porter's skill in helping her patients get pregnant as "Misty magic." *See* **Exhibit G**, Deposition of Dr. DeMars, dated October 23, 2019 ("DeMars Dep.") at 43:1–10. Dr. DeMars' view of Dr. Porter's performance is irrelevant. Plaintiff also disclosed Dr. DeMars as an individual with discoverable information concerning "Dr. [] Porter's expertise . . . and the quality of the medical care that [Dr. Porter] provided to patients." *See* **Exhibit A**, at 3–4.

As the Court is aware, trial time has been set to run from March 24, 2025, through April 11, 2025. Setting aside D. Porter's own anticipated recitation of her impressive curriculum vitae, eliciting evidence of Dr. Porter's qualifications and expertise from ***every*** witness the Plaintiff calls during trial will be repetitive, a waste of the jury's time on an undisputed issue, and therefore, it should be limited.  This litigation tactic will also negatively impact the equitable distribution of "trial time" between the parties.

4

## LEGAL STANDARD

"The purpose of a motion in limine is to 'aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of the trial.'" *Ne. Farm Sales & Serv., Inc. v. Krone NA, Inc.*, No. 5:17-CV-72, 2019 WL 13251287, at *6 (D. Vt. Mar. 27, 2019) (*quoting Ellerton v. Ellerton*, 745 F. Supp. 2d 458, 460 (D. Vt. 2010)). Fed. R. Evid. 401 provides that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." However, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## ARGUMENT

### I.    EVIDENCE OF DR. PORTER'S QUALIFICATIONS SHOULD BE LIMITED.

Presentation of duplicative, undisputed evidence relating to Dr. Porter's qualifications as a physician should be limited as it is not relevant to the claims and defenses in this litigation. Pursuant to Fed. R. Evid. 401, evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401; *see also United States v. Certified Envtl. Servs., Inc.* 753 F.3d 72, 90 (2d. Cir. 2014); *see also United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010) (where evidence "was not relevant because it was not of consequence to the determination of any material fact or issue in dispute at trial.").

The crux of this case is whether the decision to close the REI Division and terminate Dr. Porter's employment was pretext for disability discrimination and/or whistleblower retaliation. Whether Dr. Porter was a qualified physician does not make it more or less likely that her

employment was terminated due to her disability or whistleblower activity. This is not a case where the employer terminated an employee for poor job performance and evidence of qualifications would be necessarily germane to rebut the proffered basis for termination. To the contrary, there is no allegation that Dartmouth Health cited Dr. Porter's performance as a reason for terminating her employment. The fact that Dr. Porter is a great physician—or a horrible physician—does not make it more or less probable that her employment was terminated because of whistleblower retaliation and/or disability discrimination. Evidence of Dr. Porter's performance is wholly irrelevant to the jury's inquiry into whether the closure of the REI Division and termination of all three physicians' employment therein was pretext for discrimination and/or retaliation against Dr. Porter. As such, the Court should not allow Plaintiff to present duplicative, time-consuming evidence relating to Dr. Porter's qualifications.

## II.    TESTIMONY ABOUT DR. PORTER'S QUALIFICATIONS HAS LIMITED PROBATIVE VALUE AND RISKS WASTING THE JURY'S TIME.

Pursuant to Fed. R. Evid. 403, the Court may exclude evidence if its probative value is substantially outweighed by a danger of wasting time, needlessly presenting cumulative evidence, confusing the issues, unfair prejudice, or misleading the jury. The District Court is granted wide discretion in conducting the balancing test outlined in Rule 403. *See Conway v. Icahn & Co., Inc.*, 16 F.3d 504, 510 (2d Cir. 1994). The Court should consider that Dartmouth Health does not contest that Dr. Porter is a qualified physician when analyzing whether the probative value is substantially outweighed by the danger of wasting time, needlessly presenting cumulative evidence, confusing the issues, or misleading the jury. *See Old Chief v. United* States, 519 U.S. 172, 184 (1997) (noting a party's concession is pertinent to the Court's discretion to exclude evidence on the point conceded).

The risk of unfair prejudice against the Defendants, confusing the issues, and misleading the jury substantially outweighs the probative value of this evidence. Dr. Porter's qualifications are not at issue in this trial. Presenting cumulative evidence of her qualifications may confuse the jury into thinking Dr. Porter's expertise is at issue in this case. Describing Dr. Porter's work in the REI Division as "magic" could also improperly influence the jury to make an emotional judgment. *See U.S. v. Figueroa*, 618 F.2d 934, 943 (2d Cir. 1980) ("The prejudicial effect may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant."). By painting Dr. Porter in a way that glorifies her abilities, Plaintiff will surely mislead and confuse the jury into making a decision based off emotion rather than the merits of the case.

The risk of wasting the jury's time also substantially outweighs the probative value of mountains of testimony regarding Dr. Porter's qualifications as a physician. Even if the Court were to find this evidence relevant, it has little to no probative value. Dartmouth Health is willing to stipulate that Dr. Porter is a qualified physician. Moreover, there is no allegation that the decision to close the REI Division and terminate Dr. Porter's employment had anything to do with her own performance. Having multiple witnesses testify about her performance and qualifications is not probative of the issues in the case. The Court has already set aside a total of fifteen (15) days of trial.  As a perfect example, calling a witness like Dr. Ira Bernstein—who does not work at Dartmouth Health and was not involved in the decision-making process to close the REI Division—to testify about Dr. Porter's performance after she left Dartmouth Health adds no probative value and would be a colossal waste of time. Additionally, calling additional witnesses or questioning other fact witnesses, like Dr. MacCallum, Dr. Russell, Ms. Parent, Ms. Giglio, Dr.

Padin, Dr. McBean, Dr. Esfandiari, Dr. Birenbaum, Dr. Thorstensen, Dr. Smith, and Dr. Manganiello, about Plaintiff's expertise and quality of care is needlessly cumulative.

## **CONCLUSION**

For the foregoing reasons, Dartmouth Health requests that the Court grant Defendants' Motion. Should the Court require, Dartmouth Health welcomes the opportunity to address its Motion through oral argument.

Date: February 14, 2025                Respectfully submitted,


*/s/ Tristram J. Coffin*

Tristram J. Coffin
DOWNS RACHLIN MARTIN PLLC
199 Main Street
Burlington, VT 05402
Telephone: 802-863-2375
tcoffin@drm.com

and


Donald W. Schroeder (admitted *pro hac vice*)
Morgan McDonald-Ramos (admitted *pro hac vice*)
Megan E. Martinez (admitted *pro hac vice*)
FOLEY & LARDNER LLP
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
dschroeder@foley.com
mmcdonald@foley.com
memartinez@foley.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 14, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

*/s/ Tristram J. Coffin*
Tristram J. Coffin

23357639.1