# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., <br><br> Plaintiff, <br><br> v. <br><br> DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, <br><br> Defendants. | Docket No. 5:17-CV-194 |

## PLAINTIFF'S INITIAL DISCLOSURES

Plaintiff, Misty Blanchette Porter, M.D. ("Dr. Blanchette Porter") makes the following disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l). Dr. Blanchette Porter reserves the right to supplement her disclosures as provided by Rule 26(e) based on further investigation and discovery, to the extent further disclosures are not mooted by future discovery responses.

By providing these disclosures, Dr. Blanchette Porter does not represent that she is identifying every witness, document, or tangible thing that may be relevant to the issues in the lawsuit, or on which Dr. Blanchette Porter may rely in support of her claims. Nor does Dr. Blanchette Porter represent that the listed sources of information actually contain or possess relevant information. Dr. Blanchette Porter reserves the right to object to disclosure of any

1

person, document, or thing on the basis of applicable privilege, the work product doctrine, relevance, competency, materiality, undue burden, hearsay, or any other valid objection in response to any discovery request or proceeding.

## I.    INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION.

Pursuant to Rule 26(a)(1)(A)(i), the individuals identified below are likely to have discoverable information, including information that may be used to support Dr. Blanchette Porter's claims.

**Plaintiff Dr. Blanchette Porter.** Dr. Blanchette Porter has discoverable information concerning what accommodations Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively "D-H" or "Dartmouth-Hitchcock") did and did not provide to her for her to perform her job; her communications with the medical faculty, staff, and administration of D-H regarding billing, patient and lab safety, and the quality of medical care and practices; D-H management of staffing and clinical resources; and her potential and expertise to serve elsewhere at D-H.

**Joanne Mather Conroy,** Chief Executive Officer and President, D-H. 603-650-5000. Dr. Conroy likely has discoverable information concerning the reasons that D-H decided to close the REI Division and the reasons D-H decided to terminate the employment of all physicians in that department.

**James Weinstein,** Former Chief Executive Officer and President, D-H. 603-653-3580. Dr. Weinstein likely has discoverable information concerning what accommodations D-H did and did not provide to Dr. Blanchette Porter for her to perform her job; the decision to

2

terminate Dr. Blanchette Porter's employment; the decision to close the REI Division; the decisions regarding patient and lab safety; the quality of medical care and practices and D-H's exposure by reason of the quality of the medical care and practices; the management of staffing and clinical resources; and the potential and expertise for Dr. Blanchette Porter to serve elsewhere at D-H.

**Edward J. Merrens,** Chief Clinical Officer and Assistant Professor of Medicine, D-H. 603-650-8380. Dr. Merrens likely has discoverable information concerning what accommodations D-H did and did not provide to Dr. Blanchette Porter for her to perform her job; retaliation against Dr. Blanchette Porter; the decision to terminate Dr. Blanchette Porter's employment; the decision to close the REI Division; the decisions regarding patient and lab safety and the quality of medical care and practices; the management of staffing and clinical resources; and the potential and expertise for Dr. Blanchette Porter to serve elsewhere at D-H.

**Daniel Herrick,** Vice President, Perioperative Services and Surgical Services, D-H. 603-650-3178. Dr. Herrick likely has discoverable information concerning what accommodations D-H did and did not provide to Dr. Blanchette Porter for her to perform her job; the decision to terminate Dr. Blanchette Porter's employment; the decision to close the REI Division; the decisions regarding patient and lab safety and the quality of medical care and practices; the management of staffing and clinical resources; and the potential and expertise for Dr. Blanchette Porter to serve elsewhere at D-H.

**Leslie R. DeMars,** Chair of OB/GYN, Div Director. 603-526-5450. Dr. DeMars likely has discoverable information concerning what accommodations D-H did and did not provide to Dr. Blanchette Porter for her to perform her job; the decision to terminate Dr.

3

Blanchette Porter's employment; the decision to close the REI Division; the decisions regarding improper billing, patient and lab safety, and the quality of medical care and practices; the management of staffing and clinical resources; Dr. Blanchette Porter's expertise, her ability to perform multiple functions within D-H, the REI Division and the OB/GYN Department, and the quality of the medical care that she provided to patients; and the availability of competent providers to assist in the work of the REI Division.

**Heather Gunnell**, Practice Manager, OB/GYN, D-H. 603-653-9272. Ms. Gunnell likely has discoverable information concerning what accommodations D-H did and did not provide to Dr. Blanchette Porter for her to perform her job; the decision to terminate Dr. Blanchette Porter's employment; the decision to close the REI Division; the decisions regarding patient and lab safety and the quality of medical care and practices; the management of staffing and clinical resources; and the potential and expertise for Dr. Blanchette Porter to serve elsewhere at D-H.

**Aimee M. Giglio**, Interim Chief Human Resources Officer, D-H. 603-653-1400. Ms. Giglio likely has discoverable information concerning what accommodations D-H did and did not provide to Dr. Blanchette Porter for her to perform her job; the decision to terminate Dr. Blanchette Porter's employment; the decision to close the REI Division; the decisions regarding patient and lab safety and the quality of medical care and practices; the management of staffing and clinical resources; Dr. Blanchette Porter's expertise, her ability to perform multiple functions within D-H, the REI Division and the OB/GYN Department; the availability of competent providers to assist in the work of the REI Division.

**Maria D. Padin**, Chief Medical Officer, D-H. 603-653-9300. Dr. Padin likely has

discoverable information concerning what accommodations D-H did and did not provide to Dr. Blanchette Porter for her to perform her job; the decision to terminate Dr. Blanchette Porter's employment; the decision to close the REI Division; the decisions regarding patient and lab safety and the quality of medical care and practices; the management of staffing and clinical resources; the availability of competent providers to assist in the work of the REI Division; Dr. Blanchette Porter's expertise, her ability to perform multiple functions within D-H, the REI Division and the OB/GYN Department, and the quality of the medical care that she provided to patients.

**Judith McBean**, Obstetrician-gynecologist, Assistant Professor of Obstetrics and Gynecology, D-H. 802-251-9965. Dr. McBean likely has discoverable information concerning what accommodations D-H did and did not provide to Dr. Blanchette Porter for her to perform her job; the decision to terminate Dr. Blanchette Porter's employment; the decision to close the REI Division; the decisions regarding patient and lab safety and the quality of medical care and practices; the management of staffing and clinical resources; the availability of competent providers to assist in the work of the REI Division; Dr. Blanchette Porter's expertise, her ability to perform multiple functions within D-H, the REI Division and the OB/GYN Department, and the quality of the medical care that she provided to patients.

**Albert Hsu**, Former REI Division Junior Physician, D-H. Dr. Hsu likely has discoverable information concerning the assistance that Dr. Blanchette Porter provided to him; what accommodations D-H did and did not provide to Dr. Blanchette Porter for her to perform her job; the decisions regarding patient and lab safety and the quality of medical care and practices that Dr. Hsu provided to his patients, including the problems that he experienced in the OR and in performing certain procedures; the management of staffing and clinical

5

resources.

**David Seifer**, Former REI Division Director, D-H. Dr. Seifer likely has discoverable information concerning what accommodations D-H did and did not provide to Dr. Blanchette Porter for her to perform her job; the decision to terminate Dr. Blanchette Porter's employment; the decision to close the REI Division; the decisions regarding patient and lab safety and the quality of medical care and practices that Dr. Seifer provided to his patients, including the problems that he experienced in performing certain procedures; the management of staffing and clinical resources.

**Navid Esfandiari**, Associate Professor and Human Embryology and Andrology Laboratory Director, D-H. 603-653-9240. Dr. Esfandiari likely has discoverable information concerning what accommodations D-H did and did not provide to Dr. Blanchette Porter for her to perform her job; the effects of the decision to close the REI Division and terminate Dr. Blanchette Porter; the decisions regarding patient and lab safety and the quality of medical care and practices; the management of staffing and clinical resources; Dr. Blanchette Porter's expertise and the quality of her care for patients.

**Debra Birenbaum**, Assistant Professor of Obstetrics and Gynecology, D-H. 603-653-9312. Dr. Birenbaum likely has discoverable information concerning Dr. Blanchette Porter's expertise, her ability to perform multiple functions within D-H, the REI Division and the OB/GYN Department, and the quality of the medical care that she provided to patients; the effect of the management of staffing and clinical resources on D-H medical practices and patient care; the effect of the decision to close the REI Division on OB/GYN services and patient care; the effect of the decision to terminate Dr. Blanchette Porter on OB/GYN services,

patient care, staffing, and clinical resources; the availability of competent providers to assist in the work of the REI Division.

**Katrina Thorstensen**, Certified Nurse-Midwife, MSN Obstetrics & Gynecology. 603-653-9300. Ms. Thorstensen likely has discoverable information concerning Dr. Blanchette Porter's expertise, her ability to perform multiple functions within D-H, the REI Division and the OB/GYN Department, and the quality of the medical care that she provided to patients; the effect of the management of staffing and clinical resources on D-H medical practices and patient care; the effect of the decision to close the REI Division on OB/GYN services and patient care; the effect of the decision to terminate Dr. Blanchette Porter on OB/GYN services, patient care, staffing, and clinical resources; the availability of competent providers to assist in the work of the REI Division.

**Barry Smith**, Professor of Obstetrics and Gynecology, Emeritus, Chairman Emeritus, D-H. Dr. Smith likely has discoverable information concerning the history of the REI Division; Dr. Blanchette Porter's expertise and the quality of her care for patients; explanations for the decision to close the REI Division.

**Bill Furman**, Former Vice President, Regional Perioperative Service Line, and Interim Chair, Department of Anesthesiology, D-H. 603-650-2234. Dr. Furman likely has discoverable information concerning anesthesia protocols and procedures regarding the provision of anesthesia services for IVF patients; the effect of the management of staffing and clinical resources on D-H medical practices and patient care.

**Dan Grow**, D-H recruited candidate, visiting professor as potential replacement for Seifer. Baystate Medical Center. 413-794-7045. Dr. Grow likely has discoverable information

7

concerning the availability of competent providers to assist in the work of the REI Division.

**Paul Manganiello**, Former REI Division Director, D-H, Active Emeritus Professor of Obstetrics and Gynecology, D-H. 603-653-9240. Dr. Manganiello likely has discoverable information concerning the history of the REI Division; Dr. Blanchette Porter's expertise and the quality of her care for patients; explanations for the decision to close the REI Division.

**John Birkmeyer**, Former Executive Vice President and Chief Academic Officer, D-H. 734-662-1609. Dr. Birkmeyer likely has discoverable information concerning discussions about the possible closure of the REI Division.

**REI/IVF/OB/GYN clinical, nursing, support staff, and ART lab embryology team at D-H.** Including Kathleen Mansfield, RN, Karen Boedtker, Risk Management, Casey Dodge, RN, Sharon Parent, RN, Marti Lewis, RN, Kelly Mousley, Former Clinical Support Manager, OB/GYN, Wendy J. Brown, Ultrasound Supervisor, and Donna Bedard.

Dr. Blanchette Porter further incorporates into her list of persons who may have discoverable information that Dr. Blanchette Porter may rely upon to support her claims: all persons identified in initial disclosures served by D-H; all persons identified by any party in answers to interrogatories; all expert witnesses designated by any party; and all persons referred to in documents produced in this litigation.

## II.   DOCUMENTS, ESI, AND TANGIBLE THINGS.

Pursuant to Rule 26(a)(1)(a)(ii), Dr. Blanchette Porter will make documents, ESI, and tangible items that are in the possession, custody, or control of Dr. Blanchette Porter, and that Dr. Blanchette Porter may use to support her claims, available for review by D-H.

8

The categories of non-privileged documents that Dr. Blanchette Porter intends to make available for review include:

- Documents regarding communication between D-H employees and administrators concerning: what accommodations D-H did and did not provide to Dr. Blanchette Porter; questionable and potentially harmful medical practices and patient care; the discrimination and wrongful termination against her for her actions; and the management of staffing and clinical resources.

- Documents regarding Dr. Blanchette Porter's disability and leave of absence.

- Dr. Blanchette Porter hereby incorporates and reserves the right to rely on any materials identified by D-H.

## III.  COMPUTATION OF EACH CATEGORY OF DAMAGES CLAIMED BY THE DISCLOSING PARTY.

Pursuant to Rule 26(a)(1)(a)(iii), Dr. Blanchette Porter states that she intends to seek damages adequate to compensate her for all monetary and non-monetary losses, including but not limited to loss of pay and benefits, reduced retirement, expenses incurred, and emotional distress.

Dr. Blanchette Porter is unable to provide a computation of damages at this time and will supplement this response. Dr. Blanchette Porter intends to rely on expert assistance in computing damages. Such a computation will be based upon her own financial records and upon on information obtained through D-H's compliance with its verification obligations and/or through discovery.

Dated: January 23, 2018

Respectfully submitted,

VITT & ASSOCIATES, PLC

By: _____
Geoffrey J. Vitt
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
gvitt@vittandassociates.com

Katherine Burghardt Kramer
KATHERINE BURGHARDT KRAMER
LAW OFFICE PLLC
79 Court St., Suite 3
P.O. Box 23
Middlebury, VT 05753
(802) 349-1627
kbk@kbkramerlaw.com

*Counsel for the Plaintiff*
*Misty Blanchette Porter, M.D.*