UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D.,<br>　　　　Plaintiff,<br><br>v.<br><br>DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Docket No. 2:17-CV-194 |

### PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF HER MOTION TO UNSEAL EXHIBITS 10 & 11 FOR TRIAL

Plaintiff Misty Blanchette Porter, M.D. ("Dr. Porter" or "Plaintiff") submits this Reply Memorandum in support of her Motion to Unseal Exhibits 10 & 11 For Trial (Doc. 197) to respond briefly to Defendants' Opposition to her motion (Doc. 204). Defendants have failed to assert a viable position in opposition to Dr. Porter's motion, and the Court should therefore grant the relief Plaintiff seeks.

Defendants rely heavily on their assertion that this is the "third time this issue will be briefed by the parties." (Doc. 204 at 1). Defendants first remind the Court that they initially sought to seal the documents at issue in 2020, and the Court granted their motion. Then, after the Second Circuit remanded the case for trial, Plaintiff sought to unseal the documents, but the Court decided to keep the documents under seal at that time. (*See,* Doc. 173). According to Defendants, Plaintiff is merely repeating her prior motion. Defendants ignore, however, a significant difference – the case is now proceeding to a public trial. Whatever the potential

propriety of maintaining the confidentiality of these documents was during the discovery phase of the litigation, the case will now proceed to trial. As the case law Plaintiff cited in her memorandum-in-chief clearly establishes, judicial trials are subject to a strong presumption of public access. We are no longer addressing a case that might be dismissed or settled; rather, the documents are evidence in a public trial. This change in context fundamentally alters the analysis. Nothing in the Court's prior decisions to seal the documents during the pre-trial phase of litigation suggests that the documents would remain sealed in the event of a public trial. Yet Defendants merely repeat their prior arguments without regard for the strong presumption of publicity and the compelling First Amendment interests that now support public access to the evidence.

Moreover, Defendants assert several arguments suggesting that the documents will somehow be excluded from evidence if they are sealed. *See, e.g.*, Defendants' Opposition at 9 (asserting "another independent basis to exclude Exhibits 10 and 11," and arguing that "the Exhibits should remain sealed because Plaintiff will undoubtedly try to introduce improper character evidence through these two Exhibits"). Defendants appear to confuse an order sealing documents with an order to exclude evidence from the jury. Even if the documents remain under seal, they may still be considered by the jury (unless the court independently makes an exclusionary ruling). The effect of a seal only means that the Court will need to implement procedures to exclude the public from the courtroom when sealed documents are published to the jury and become the subject of inquiry and argument.[1] Nothing in the Court's orders sealing the documents for discovery in any way suggests that the documents would be deemed inadmissible

---

[1] As explained in Plaintiff's primary memorandum, the practical difficulties of implementing these procedures is yet another reason supporting an order to unseal the documents for trial.

2

as evidence. Defendants' arguments about admissibility are therefore irrelevant and immaterial and should be rejected.

## CONCLUSION

For the foregoing reasons, Dr. Porter requests that the Court order that Exhibits 10 and 11 be unsealed.

Dated: February 21, 2025

/s/ Geoffrey J. Vitt
Geoffrey J. Vitt, Esq.
Vitt & Nunan, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
gvitt@vittnunanlaw.com

Dated: February 21, 2025

/s/ Eric D. Jones
Eric D. Jones, Esq.
Langrock Sperry & Wool, LLP
210 College Street
P.O. Box 721
Burlington, VT 05402
(802) 864-0217
ejones@langrock.com

Dated: February 21, 2025

/s/ Sarah H. Nunan
Sarah H. Nunan, Esq.
Vitt & Nunan PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055
(802) 649-5700
snunan@vittnunanlaw.com

***Attorneys for Plaintiff,
Misty Blanchette Porter, M.D.***

3