UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| **MISTY BLANCHETTE PORTER, M.D.,**  )<br>         Plaintiff,  )<br>  )<br>  v.  )<br>  )<br> **DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH,**  )<br>         Defendants.  ) | Docket No. 2:17-CV-194 |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE INADMISSIBLE HEARSAY AND CHARACTER EVIDENCE

Plaintiff Misty Blanchette Porter ("Dr. Porter") submits this Memorandum opposing the Motion *in Limine* to Preclude Inadmissible Hearsay and Character Evidence (Doc. 202) filed by Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Dartmouth Health"). For the reasons that follow, Defendants' Motion must be denied.

Through this Motion *in Limine*, Defendants attempt to achieve what they were unable to achieve in the Second Circuit—prevent Dr. Porter from putting on evidence to establish that her employment was terminated "on account of her reporting to DHMC on conduct by physicians in her DHMC division that she reasonably believed was unlawful (*i.e.*, whistleblowing) or unethical, improper, or harmful to patients (collectively Dr. Porter's 'reporting activities'), in violation of New Hampshire law." *Porter v. Dartmouth-Hitchcock Med. Ctr.*, 92 F.4th 129, 132 (2d Cir. 2024).

Evidence is excluded on a motion *in limine* only where it is "clearly inadmissible" for any purpose. *Actors Fed. Credit Union v. Cumis Ins. Soc., Inc.*, No. 1:11 C 2129 MEA, 2013 WL 754713, at *3 & n.1 (S.D.N.Y. Feb. 28, 2013); *see also United States v. Goodale*, 831 F. Supp. 2d 804, 807–08 (D. Vt. 2011) (Evidence should only be excluded on a motion *in limine* when the movant has met its burden to show "that the evidence is not admissible for any purpose."). Evidence relied on by the Second Circuit in denying summary judgment to Defendants is, by definition, admissible for one or more purposes. *See* Fed. R. Civ. Pro. 56(c) (evidence submitted in support of or in opposition to summary judgment must be admissible). If Defendants had problems with the admissibility of the evidence that Dr. Porter submitted at the trial level and which the Second Circuit relied upon in its opinion, it had a duty to object. Defendants did nothing.

A motion *in limine* should not be used to resolve factual disputes or weigh evidence. *See, e.g., United States v. Goodale*, 831 F. Supp. 2d 804, 808 (D. Vt. 2011) (noting that it is not the court's role to second-guess the Grand Jury's decision before trial or to take from the jury its ultimate role in determining critical issues of fact); *Actors Fed. Credit Union*, 2013 WL 754713, at *3 & n.1 (noting that a motion *in limine* is not the place for the court to weigh the sufficiency of the evidence and stating that "this is precisely the type of decision that requires the formalities of a summary judgment motion"); *Edward Andrews Grp. Inc. v. Addressing Servs. Co. Inc.*, No. 07 CIV. 4607 (AJP), 2008 WL 973147, at *2 (S.D.N.Y. Apr. 10, 2008) (denying motion *in limine* because factual issues were in dispute and those facts must be resolved by the jury). *See also C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) (stating that a motion *in limine* should not be used to accomplish what should rightfully be accomplished through a motion for summary judgment, because motions *in limine* lack the same procedural safeguards.

Defendants seek to exclude "evidence regarding the competence, experience and qualifications" of all three REI physicians. (Doc. 202-1 at 1.) They are prepared to stipulate that Dr. Porter was a competent physician, (Doc. 202-1 at 4), and that she and others made whistleblowing reports about Drs. Hsu and Seifer, (Doc. 202-1 at 2, 4). In some circumstances, a party's stipulation may impact the admission of evidence related to that fact. *See cf. Boucher v. CVS/Pharmacy, Inc.*, 822 F. Supp. 2d 98, 105 (D.N.H. 2011) (granting plaintiff's motion to exclude evidence of a subsequent fall, but without prejudice to defendants to renew question should plaintiff argue at trial that the effects of her injury from the earlier fall lasted beyond the date of the subsequent fall). Here, Defendants' proposed stipulations are insufficient reasons to broadly exclude three categories of evidence.

Relevant evidence is admissible unless excluded. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Second Circuit's lengthy opinion devotes a considerable percentage of its pages to the discussion of admissible evidence in the record that would establish the whistleblower claim. The Second Circuit's reliance on evidence presented by Dr. Porter in its determination that summary judgment should not have been granted is sufficient to show that the evidence is relevant. *Cf. United States v. Goodale*, 831 F. Supp. 2d 804, 808 (D. Vt. 2011) (denying defendant's motion *in limine* seeking to exclude video evidence, noting that the Grand Jury found probable cause to indict based on the video evidence and that is sufficient to make the evidence relevant at trial).

Federal Rule of Evidence 404 provides that evidence of another "crime, wrong, or act is not admissible to prove a person's character" and character evidence "is not admissible to prove that on a particular occasion the person acted in accordance with the character." Fed. R. Evid.

404(a)(1) & (b)(1). Dr. Porter is not seeking to introduce evidence about the "character" of Drs. Hsu or Seifer to prove they acted unsafely and incompetently on any particular occasion. If Dr. Porter sought to introduce evidence that Dr. Merrens regularly discriminates and retaliates against employees in order to show that he also discriminated and retaliated against her, that might be an unfair use of character evidence. That is not what is happening here.

Character evidence is admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid 404(b)(2). *See also United States v. Abu-Jihaad*, 630 F.3d 102, 134 (2d Cir. 2010) (allowing jury to view video excerpts and website materials in case accusing former Navy man of sharing national defense secrets and supporting terrorists, acknowledging that the material might "inflame a juror's passions" but finding that it was relevant to show motive and intent and the probative value was not outweighed by the risk of unfair prejudice); *United States v. Kelley*, 551 F.3d 171, 175–76 (2d Cir. 2009) (admitting evidence of bogus stock account statements for the purpose of showing intent to defraud).

Defendants have argued that they had a legitimate, non-discriminatory/non-retaliatory basis for closing REI and terminating Dr. Porter's employment. Dr. Porter argues that this is pretext. The Second Circuit, taking the evidence in the light most favorable to Dr. Porter as the nonmovant, listed details from the declarations of several of Dr. Porter's colleagues and noted that "Dr. Porter was skilled in radiology, complex OB/GYN surgery, and general gynecological care, and had been internationally recognized for her skill in reading gynecologic ultrasounds." *Porter*, 92 F.4th at 133–34, 145. These details are relevant to the decision to terminate rather than reassign Dr. Porter once the REI Division closed and whether the stated reason for this decision was pretextual. The fact that Dr. Porter was highly skilled in a number of critical and understaffed areas and that she was quickly ramping back up towards full capacity in terms of

skills and hours after her health issues make it more probable that the decision to terminate her employment rather than use her skills in an alternative role was pretextual.

Defendants are incorrect that evidence and testimony about the competency of Drs. Hsu and Seifer "does not make it more or less likely that Plaintiff was retaliated against for reporting her concerns." (Doc. 202-1 at 4–5.) The Second Circuit made numerous, detailed references to the experience and competence of Drs. Hsu and Seifer. *See Porter*, 92 F.4th at 134–39. These facts, combined with the additional facts about Dr. DeMars putting herself on the hook for the success of Drs. Hsu and Seifer, goes to Defendants' motivation generally to close the REI Division and, specifically, Dr. DeMars' bias against and motivation to take down Dr. Porter. *See Keefe v. LendUS, LLC*, 659 F. Supp. 3d 196, 200–01 (D.N.H. 2023) (stating evidence of bias is relevant because it has the tendency to make the facts less probable in the eyes of the jury than it would otherwise be and noting that the evidence at issue "had not been shown to be unfairly prejudicial, is subject to cross-examination, and … may warrant a limiting instruction if requested"). The degree of concern expressed about Drs. Hsu and Seifer, as well as behind-the-scenes details about Dr. DeMars and others, goes to show motivation for the unlawful discrimination and retaliation. The details of the whistleblowing reports made by Dr. Porter and her colleagues also go towards showing what the employer knew and when it was known, which is relevant because Defendants claim that Dr. Merrens was the decisionmaker and that he lacked knowledge about the whistleblowing reports.

Defendants have previously argued that evidence about Drs. Hsu and Seifer is unfair to use because those doctors are not here to defend themselves.[1] Defendants now argue that such

---

[1] Defendants make the puzzling complaint that Dr. Porter did not include Drs. Hsu and Seifer as parties nor did she take their depositions. This is not a medical malpractice action. Dr. Porter does not need to prove that Drs. Hsu and Seifer were incompetent and a risk to patient safety to succeed on her claims. As Defendants acknowledge, she need only show that she reasonably believed that they were. (Doc. 202-1 at 4.) For what possible reason would they be named as parties in an employment case against Dartmouth-Hitchcock? Neither Dr. Porter nor Defendants allege that Dr. Hsu or Dr. Seifer made the decision to close the REI Division or to terminate her employment. There is no

evidence "will unfairly prejudice Defendants in front of the jury." (Doc. 202-1 at 5.) The Federal Rules of Evidence permit the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. While Dr. Porter agrees that it will—and, frankly, should—make Defendants look bad in front of the jury and possibly even "excite [the jury's] emotions," that does not mean it is "unfair" (Doc. 202-1 at 5). *See, e.g., United States v. Schaffer*, 851 F.3d 166, 181–82 (2d Cir. 2017) (noting that "highly prejudicial" does not necessarily mean "unfairly prejudicial" and allowing graphic excerpts of videos in case involving sexual assault of a minor where the evidence was relevant to the element of intent and probative value was not outweighed by risk of unfair prejudice under Rule 403).

A blanket ruling excluding evidence on the basis of hearsay is not appropriate at this time. *See, e.g., Keefe v. LendUS, LLC*, 659 F. Supp. 3d 196, 199–200 (D.N.H. 2023) (declining to issue a blanket order to exclude testimony and evidence of the reasons people resigned and noting some statements ultimately might be admissible under the "party-opponent" exception, might not be offered for their truth, might become admissible if Defendants opened the door during trial, might be handled with a limiting instruction, etc.).

The hearsay rules regulate "statements" not conduct. "Statement" is defined to mean "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." Fed. R. Evid. 801(a). Defendants have not identified a "statement" by Dr. Hsu or Dr. Seifer that Dr. Porter plans to introduce. The declarations Dr. Porter submitted are all based on

---

reason for Dr. Porter to depose or subpoena either physician. Defendants were welcome to depose or subpoena Dr. Hsu or Dr. Seifer if they wanted to challenge the basis for the whistleblower reports, but they did not. If Defendants think that Dr. Porter's failure to name them as parties or call them as witnesses is material, they are welcome to argue to the jury that they should consider it when reaching a verdict.

personal knowledge, and the documents are all business records or otherwise admissible. Dr. Porter will call witnesses who have direct, personal knowledge of the conduct of Drs. Seifer and Hsu. The testimony will not be hearsay.

In *Boucher v. CVS*, a winter parking lot slip-and-fall case, the parties objected to several categories of evidence, including photos of the parking lot and evidence of other occasions when plaintiff had fallen. The court excluded plaintiff's photographs of the scene because they were not from the day of the incident and did not represent conditions on that day. *Boucher v. CVS/Pharmacy, Inc.*, 822 F. Supp. 2d 98, 102–03 (D.N.H. 2011). The court found that the risk of unfair prejudice and misleading the jury outweighed the probative value of the photos. The primary issue was defendants' maintenance of the parking lot, and a critical element in the case was the accumulation of ice and now in the parking lot. Faced with visual evidence depicting a snowy parking lot on a different day, the jury might be confused about conditions on the day in question. Because the photo depicted poor maintenance of the parking lot, albeit on a different day, the jury might take this as evidence that the parking lot was poorly maintained on the day in question and seek to "punish" defendants. However, the court was prepared to admit photos of the scene either from the relevant day or from a day where there wasn't snow and ice in the lot. As for evidence of plaintiff's falls, the court noted that the answer depended on the purpose for which they were introduced. "If the sole reason defendants were seeking to admit evidence of Boucher's previous falls was to demonstrate her propensity to fall, it would be inadmissible under Rule 404(b)" as evidence of other acts to prove conformity. But Rule 404 permits the use of character evidence for other purposes, and the court determined that the falls were admissible to show that plaintiff was aware that she needed to take extra care when walking, which was relevant to defendants' affirmative defense of comparative negligence, and possibly also to show causation based on her pre-existing condition. *Boucher v. CVS/Pharmacy, Inc.*, 822 F. Supp. 2d

98, 103–05 (D.N.H. 2011).

A statement is hearsay if it is not made by the declarant while testifying and is offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c). Where a declarant testifies about a prior statement and is subject to cross-examination, the statement is not hearsay to the extent it is inconsistent with testimony and was made under penalty of perjury (i.e. at a hearing or deposition) or to the extent it is consistent and is offered to "rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying" or "to rehabilitate the declarant's credibility as a witness" or when it "identifies a person as someone the declarant perceived earlier." Fed. R. Evid. 801(d)(1). A statement made by an opposing party and offered against that party is also not hearsay if the party believed it to be true and was made by a person authorized to make a statement on the subject (i.e., "a party's agent or employee on a matter within the scope of that relationship"). Fed. R. Evid. 801(d)(2). There are also numerous exceptions to the rule against hearsay, such as present sense impression, then-existing state of mind (motive, intent, or plan), statements made for diagnosis or treatment, recorded recollection, the presence or absence of records of a regularly-conducted activity, commercial publications, and a person's reputation. *See* Fed. R. Evid. 803. Additional exceptions exist when the declarant is unavailable to testify. *See* Fed. R. Evid. 804.

Until Dr. Porter seeks to use a particular out-of-court statement to prove the truth of the matter, it is premature to exclude evidence as hearsay. *See United States v. Goodale*, 831 F. Supp. 2d at 807–08 (Evidence should only be excluded on a motion *in limine* when the movant has met its burden to show "that the evidence is not admissible for any purpose.").

## CONCLUSION

For the reasons stated, the Court should deny Defendants' Motion.

Dated: February 28, 2025          /s/ Geoffrey J. Vitt
                                              Geoffrey J. Vitt, Esq.
                                              Vitt & Nunan, PLC
                                              8 Beaver Meadow Road
                                              P.O. Box 1229
                                              Norwich, VT 05055-1229
                                              (802) 649-5700
                                              gvitt@vittnunanlaw.com

                                              Eric D. Jones, Esq.
                                              Langrock Sperry & Wool, LLP
                                              210 College Street
                                              P.O. Box 721
                                              Burlington, VT 05402
                                              (802) 864-0217
                                              ejones@langrock.com

                                              Sarah H. Nunan, Esq.
                                              Vitt & Nunan PLC
                                              8 Beaver Meadow Road
                                              P.O. Box 1229
                                              Norwich, VT 05055
                                              (802) 649−5700
                                              snunan@vittnunanlaw.com

                                              ***Attorneys for Plaintiff,***
                                              ***Misty Blanchette Porter, M.D.***