UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D.,<br>      Plaintiff,<br><br>v.<br><br>DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH,<br>      Defendants. | )<br>)<br>)<br>)<br>)<br>) Docket No. 2:17-CV-194<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff Misty Blanchette Porter, M.D. ("Dr. Porter") moves for leave to file her Second Amended Complaint, pursuant to Rule 15 of the Federal Rules of Civil Procedure, to add a whistleblower claim under Vermont law. A copy of her Proposed Second Amended Complaint ("Second Amended Complaint") is attached as Exhibit A, along with a redline comparison to the current First Amended Complaint (Doc. 50), attached as Exhibit B. Counsel for Dr. Porter consulted with counsel for the Defendants, who has not consented to this motion.

### BACKGROUND

This is Dr. Porter's second motion to amend the complaint in this case. Dr. Porter filed her initial complaint in this action on October 11, 2017 (the "Complaint") (Doc. 1), asserting claims for common law wrongful termination, violation of the New Hampshire Whistleblowers' Protection Act, and disability discrimination and retaliation under both New Hampshire and federal law. After the Court granted Dr. Porter's Stipulated Motion for Leave to Amend (Doc. 48), the First Amended Complaint (Doc. 50) was filed on August 1, 2018, adding claims for disability discrimination and retaliation under the Vermont Fair Employment Practices Act and

Section 504 of the Rehabilitation Act of 1973.

Discovery proceeded, and, in 2020, Defendants moved for summary judgment on all claims (Doc. 139). The decision granting summary judgment in favor of Defendants (Doc. 149) was vacated on appeal to the Second Circuit and remanded for trial (Doc. 157).[1] Trial is scheduled to begin later this month.

## ARGUMENT

As with the First Amended Complaint, the proposed Second Amended Complaint does not add any new types of claims or facts[2] and merely diversifies the statutory bases for Dr. Porter's claims arising from whistleblower retaliation. Unlike New Hampshire's Whistleblower Protection Act, Vermont's version applies only to "hospital" or "nursing home" employers and whistleblower reports related to violations of the law or "improper quality of patient care." *See* 21 V.S.A. § 507 (defining the applicable terms and prohibiting an employer from retaliating against an employee for, in relevant part, reporting suspected violations). The existing allegations supporting the whistleblower claims, however, are the same: Dr. Porter made numerous reports about Drs. Hsu and Seifer's inability to properly and safely care for Defendants' REI patients, and Defendants (through Dr. DeMars or Dr. Merrens or both) retaliated against her by closing the REI Division and terminating Dr. Porter's employment rather than retaining her in the OB/GYN Department to continue to utilize her much-needed skills. *See Upper Valley Ass'n for Handicapped Citizens v. Mills*, 928 F. Supp. 429, 433–34 (D. Vt. 1996) (stating delay is not by itself a sufficient reason to deny amendment and finding no

---

[1] Summary judgment was affirmed on the portions of Dr. Porter's First Amended Complaint alleging failure to accommodate and disability retaliation claims.

[2] The only added fact is that Defendants are a "hospital" within the meaning of 21 V.S.A. § 507(a)(3)(A) (defining hospital, with reference to 18 V.S.A. § 1902(1)(A), as "a place devoted primarily to the maintenance and operation of diagnostic and therapeutic facilities for in-patient medical or surgical care of individuals who have an illness, disease, injury, or physical disability, or for obstetrics"), a fact which Defendants presumably do not dispute.

prejudice in allowing amendment because the original complaint provided defendant with adequate notice where the proposed amendment arises from the same core of operative facts).

Rule 15 outlines the federal policy of liberal amendments. Fed. R. Civ. Pro. 15. Although early amendment may be preferred, the Rules contemplate amendment during—and even after—trial. *See, e.g.,* Fed. R. Civ. Pro. 15(b)(2) (noting a party may move to amend the pleadings "at any time, even after judgment"). Grounds for denying a motion to amend include bad faith, undue prejudice, futility, etc., with undue prejudice as the most important factor. *See, e.g., Ruotolo v. City of New York*, 514 F.3d 184, 191–92 (2d Cir. 2008) (identifying prejudice as the most important factor and stating that absent bad faith or undue prejudice, delay is not a basis for denying the motion to amend). The Court in *Ruotolo* further considered whether the proposed amendment would "require the opponent to extend significant additional resources to conduct discovery and prepare for trial," whether it would "significantly delay resolution of the dispute," or whether it would "result in new problems of proof." *See also Ayazi v. New York City Dep't of Educ.*, 586 F. App'x 600, 602 (2d Cir. 2014) (denying motion to amend shortly before trial where the proposed amendment adding a new claim would have required additional evidence and possibly additional motion practice). Under the facts in *Ruotolo* and in *Ayazi*, their motions were denied. In the present case, however, no new discovery is needed, no delay is required, and no new "problems of proof" are expected.

## CONCLUSION

Because the rules provide for liberal amendment, and because the proposed amendment adds no disputed facts, requires no additional discovery, causes no hardship to Defendants, nor requires any delay in the trial schedule, Dr. Porter's Motion for Leave to Amend the Complaint should be granted.

Dated: <u>March 7, 2025</u>      <u>/s/ Geoffrey J. Vitt</u>
Geoffrey J. Vitt, Esq.
Vitt & Nunan, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
gvitt@vittnunanlaw.com

Eric D. Jones, Esq.
Langrock Sperry & Wool, LLP
210 College Street
P.O. Box 721
Burlington, VT 05402
(802) 864-0217
ejones@langrock.com

Sarah H. Nunan, Esq.
Vitt & Nunan PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055
(802) 649-5700
snunan@vittnunanlaw.com

***Attorneys for Plaintiff,
Misty Blanchette Porter, M.D.***

4

CERTIFICATE OF SERVICE

I hereby certify that, on March 7, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

/s/ Geoffrey J. Vitt
Geoffrey J. Vitt