IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, <br><br> Defendants. | Case No. 2:17-cv-194 |

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE THE "CAT'S PAW" THEORY OF LIABILITY**

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Defendants" or "Dartmouth Health") respectfully submit this Reply Memorandum in support of Defendants' Motion *in Limine* (the "Motion") to preclude Plaintiff Misty Blanchette Porter's ("Plaintiff" or "Dr. Porter") reference, through oral argument, trial testimony or pleadings, to the "cat's paw" theory of liability, a theory which has not been adopted by the New Hampshire or Vermont state courts. *See* ECF Docket No. 200. Plaintiff's Opposition fails to rebut Defendants' legitimate bases for excluding the cat's paw theory. *See* ECF Docket No. 207. Defendants respectfully request that the Court grant the Motion because the Motion is a proper vehicle to exclude the cat's paw theory of liability, a theory which is inapplicable to Plaintiff's federal claims and not cognizable under Vermont or New Hampshire law.

1

## ARGUMENT

**1. Defendants' Motion is a Proper Vehicle to Address the Non-Applicability of the Cat's Paw Theory of Liability.**

Plaintiff's First Amended Complaint asserts four counts under Vermont and New Hampshire state law and two counts under federal law: Count I- Wrongful Discharge under New Hampshire law; Count II- Violation of New Hampshire Whistleblowers' Protection Act; Count III- Disability Discrimination & Retaliation under the Americans with Disabilities Act ("ADA); Count IV- Disability Discrimination under Section 504 of the Rehabilitation Act of 1973; Count V- New Hampshire RSA 354- Disability Discrimination & Retaliation; and Count VI- Vermont Fair Employment Practices Act, 21 V.S.A § 495. *See* ECF Docket No. 50, at 30–35.

Plaintiff's Opposition improperly alleges that Defendants' Motion "asks this Court to usurp the jury's authority to decide disputed facts based on evidence presented at trial." *See* ECF Docket No. 207, at 3. Yet, Plaintiff's Opposition later acknowledges that "[w]hen a federal court is faced with deciding a state-law claim 'in the absence of authoritative law from the state's highest court,' it must either predict how the state court would resolve the state-law question or certify the question to the state court to obtain a definitive answer." *Id.*, at 6 (*quoting DiBella v. Hopkins*, 403 F.3d 102, 111 (2d Cir. 2005)). Neither the New Hampshire Supreme Court nor the Vermont Supreme Court have decided whether the cat's paw theory is available under either state's respective anti-discrimination laws. *Burnap v. Somersworth Sch. Dist.*, 172 N.H. 632, 639 (2019); *Green v. Springfield Med. Care Sys., Inc.*, No. 5:13-CV-168, 2014 WL 2875850, at *13 n.7 (D. Vt. June 24, 2014). Thus, as Plaintiff admits, this issue is properly before the Court to decide. *See* ECF Docket No. 207, at 6.

Moreover, in arguing that the Motion is an improper vehicle for resolving this issue, Plaintiff ignores case law from District Courts in this Circuit granting motions *in limine* to preclude

parties from presenting evidence in support of an improper legal theory. *See Rhee v. SHVMS, LLC*, No. 21-CV-4283 (LJL), 2024 WL 2943696, at *3 (S.D.N.Y. June 10, 2024) (granting motion *in limine* "preclude[ing] Plaintiff from offering evidence or argument . . . in support of a theory that Defendant breached the implied covenant of good faith and fair dealing."); *MF Glob. Holdings Ltd. v. PricewaterhouseCoopers LLP*, 232 F. Supp. 3d 558, 566 (S.D.N.Y. 2017) (granting motion *in limine* to "preclude evidence or argument concerning . . . theories of malpractice[.]"); *United States v. Motovich*, No. 21-CR-497 (WFK), 2024 WL 3303723, at *8 (E.D.N.Y. July 2, 2024) (granting motion in limine to preclude a theory because "such a line of argument would be improper."). Therefore, Defendants' Motion is a proper vehicle for excluding the cat's paw theory of liability.

## 2. The Cat's Paw Theory of Liability is not Cognizable under New Hampshire or Vermont Law.

Plaintiff misrepresents the meaning of the Second Circuit's decision, asserting that "the Second Circuit could have—but didn't—find that this theory was not available under applicable state law." *See* ECF Docket No. 207, at 5. In fact, the Second Circuit metaphorically "punted" this issue, surmising that Plaintiff "**may be able to** recover on her claims of whistleblower discrimination or wrongful discharge on a 'cat's paw' theory of liability **if such a theory is available** under New Hampshire law." *Porter v. Dartmouth-Hitchcock Med. Ctr.*, 92 F.4th 129, 159 (2d Cir. 2024) (emphasis added).

Plaintiff admits that "Defendants are correct that neither New Hampshire nor the Vermont Supreme Court have expressly adopted, by name, the Cat's Paw theory." *See* ECF Docket No. 207, at 6. Here, there is no ambiguity: neither state's courts have recognized this theory under state law. *See Burnap*, 172 N.H. at 639; *Green*, 2014 WL at *13, n.7. Asking the Court to "decipher the magic ball," Plaintiff submits that New Hampshire and Vermont state courts look to Title VII for

3

guidance on state law employment cases. *See* ECF Docket No. 207, at 7–8. Yet, this argument is wholly inapplicable, as Plaintiff has not brought any Title VII claims. *See* ECF Docket No. 50. Because the cat's paw theory of liability is not cognizable under either state's law, Defendants respectfully request that the Court grant the Motion.

3. **The Cat's Paw Theory of Liability is not applicable to Plaintiff's Two Federal Claims.**

Because the lion's share of Dr. Porter's claims (four out of six claims) have been brought under either New Hampshire or Vermont state laws, the Court should preclude Dr. Porter from making any reference, through oral argument, trial testimony or pleadings, to the "cat's paw" theory of liability during trial. Here, Plaintiff's only federal claims are Count III- Disability Discrimination & Retaliation under the Americans with Disabilities Act ("ADA) and Count IV- Disability Discrimination under Section 504 of the Rehabilitation Act of 1973. *See* ECF Docket No. 50. Even assuming Plaintiff's argument that the cat's paw theory is applicable to her four state law claims, which Defendants dispute herein, this theory is wholly unrecognized under applicable federal law. Arguing that this Circuit has adopted this theory, Plaintiff only cites cases involving federal claims under other statutes, such as Title VII and USERRA. *See* ECF Docket No. 207, at 5–6.

Indeed, "[t]he Second Circuit has not yet addressed whether the cat's paw theory applies to claims brought under the ADA or Section 504" of the Rehabilitation Act. *Zuro v. Town of Darien*, 432 F. Supp. 3d 116, 129 (D. Conn. 2020); *see also Gentleman v. State Univ. of New York Stony Brook*, No. 21-1102-CV, 2022 WL 1447381 (2d Cir. May 9, 2022) ("We have never determined whether the 'cat's paw' theory of liability can apply under the 'but-for' standard of causation applicable to claims under the ADA and Rehabilitation Act."). "Moreover, district courts within this circuit have indicated that the cat's paw theory **does not apply** to the Rehabilitation Act

4

because, unlike Title VII cases, the Rehabilitation Act requires a stricter but-for causation analysis." *Zuro*, 432 F. Supp. 3d, at 129 (*citing Natofsky v. City of New York,* 2017 WL 3670037, at *12 (S.D.N.Y. Aug. 8, 2017), *aff'd on other grounds*, 921 F.3d 337 (2d Cir. 2019)) (emphasis added). Seeming to acknowledge the inapplicability of this theory to the federal claims, Counts 3 and 4 of Plaintiff's First Amended Complaint do not acknowledge this theory. See ECF, Docket No, 50, at 32–33.

## CONCLUSION

Defendants respectfully request the Court to preclude any reference to the "cat's paw" theory of liability by Dr. Porter during the trial of this matter.

Date: March 10, 2025                    Respectfully submitted,

*/s/ Tristram J. Coffin*

**DOWNS RACHLIN MARTIN PLLC**

Tristram J. Coffin
199 Main Street
Burlington, VT 05402
Telephone: 802-863-2375
tcoffin@drm.com

**FOLEY & LARDNER LLP**

Donald W. Schroeder (admitted *pro hac vice*)
Morgan McDonald-Ramos (admitted *pro hac vice*)
Megan E. Martinez (admitted *pro hac vice*)
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
dschroeder@foley.com
mmcdonald@foley.com
memartinez@foley.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on March 10, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

*/s/ Tristram J. Coffin*
Tristram J. Coffin