IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, <br><br> Defendants. | Case No. 2:17-cv-194 |

**DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTIONS**

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Defendants" or "Dartmouth Health") respectfully request that the Court instruct the jury in accordance with the instructions attached hereto.

Defendants respectfully request leave to submit revised or additional jury instructions based upon the evidence adduced at trial. In addition, Defendants request leave to submit revised or additional instructions that conform to any rulings of law the Court may render before or during trial.

1

Date: March 10, 2025                              Respectfully submitted,

                                                    */s/ Tristram J. Coffin*
                                                    Tristram J. Coffin

                                                    **DOWNS RACHLIN MARTIN PLLC**
                                                    Tristram J. Coffin
                                                    199 Main Street
                                                    Burlington, VT 05402
                                                    Telephone: 802-863-2375
                                                    tcoffin@drm.com

                                                    and

                                                    **FOLEY & LARDNER LLP**

                                                    Donald W. Schroeder (admitted *pro hac vice*)
                                                    Morgan McDonald-Ramos (admitted *pro hac vice*)
                                                    Megan E. Martinez (admitted *pro hac vice*)
                                                    111 Huntington Avenue
                                                    Boston, MA 02199
                                                    Tel: (617) 342-4000
                                                    dschroeder@foley.com
                                                    mmcdonald@foley.com
                                                    memartinez@foley.com

                                                    *Attorneys for Defendants*

## DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTION NO. 1

### Business Judgment Rule[1]

The law does not permit you to second guess business or personnel decisions. Defendants ("Dartmouth Health") are entitled to make subjective policy and business judgments, and Dartmouth Health may therefore terminate an employee—even an outstanding employee—for reasons that it considers to be in its best interests. Dartmouth Health is entitled to make its own personnel decisions, however misguided they may appear to you, and it can discharge an employee for any reason that is not discriminatory. Whether Dartmouth Health's stated purpose for employment-related action is unwise or unreasonable is irrelevant.

Therefore, you should not find that a discharge decision is unlawful just because you may disagree with Dartmouth Health's stated reason for Plaintiff's ("Dr. Porter") discharge or you believe that the decision was harsh or unreasonable, as long as Dartmouth Health would have reached the same decision to discharge Dr. Porter regardless of her disability and/or reports she made to Dartmouth Health.

---

[1] Adapted from Fed. Emp. Jury Instructions § 4:860.

## DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTION NO. 2[2]

### Cat's Paw Theory of Liability[3]

If you find that one or more of Dr. Porter's supervisors, other than Dartmouth Health's decision maker in this case, acted with an intent to discriminate against Dr. Porter on the basis of her disability, **and** that Dartmouth Health's decision maker relied upon that supervisor in making the decision to terminate Dr. Porter's employment, you may find that the ultimate decision to terminate Dr. Porter's employment was based upon her disability.

---

[2] As discussed in Dartmouth Health's Motion *in Limine* to Preclude the "Cat's Paw" Theory of Liability and accompanying memorandum (ECF No. 200) the "cat's paw" theory of liability has not been adopted by New Hampshire or Vermont State courts. In submitting this Proposed Jury Instruction, Dartmouth Health does not concede the availability of the cat's paw theory of liability to any claim asserted in this case, and hereby incorporates by reference its arguments to the contrary.

[3] Adapted from Fed. Emp. Jury Instructions § 4:495.

## DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTION NO. 3

### Direct and Circumstantial Evidence[4]

You must consider any direct or circumstantial evidence presented.

- **Direct evidence** is oral or written statements by the person(s) who decided to discharge Dr. Porter that directly proves that Dr. Porter would not have been terminated but-for her disability.

- **Circumstantial Evidence** is an indirect showing of circumstances giving rise to an inference of discrimination based on Dr. Porter's disability.

The law permits you to give equal weight to both direct and circumstantial evidence, but it is for you to decide how much weight to give to any evidence.

---

[4] Adapted from ABA Model Jury Instr. Emp. Lit. § 1.02; VT Civil Jury Instructions § E.

## DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTION NO. 4

### Wrongful Discharge under New Hampshire Law[5]

Because there is no employment contract between Dartmouth Health and Dr. Porter, the relationship is termed "at-will." In an at-will relationship, either party may terminate employment at any time, with or without reason ("Employment At-Will"). Thus, Dartmouth Health was free to discharge Dr. Porter at any time and for any or no reason. Likewise, Dr. Porter was free to quit at any time, with or without a reason.

However, there is an exception for employers. In balancing an employer's interest in running its business against the interest of employees in maintaining their employment, the law also considers the public's wellbeing. This consideration gives employees the opportunity to claim wrongful discharge of an Employment At-Will relationship in certain, specific instances. To succeed on a wrongful discharge claim, Dr. Porter must prove, by a preponderance of the evidence, as I have explained that term to you, a two-part test:

1. Dr. Porter must show that Dartmouth Health was motivated by bad faith, malice, or retaliation in terminating her employment; **and**

2. Dr. Porter must demonstrate that she was discharged because she performed an act that public policy would encourage or refused to do something that public policy would condemn.

If Dr. Porter fails to prove either element, your verdict must be for Dartmouth Health. Because these are somewhat difficult concepts, I am going to define some of the terms I have used in this instruction:

- When an act is done with **malice**, it means ill will, hatred, hostility, evil motive, intention to injure, or a wanton disregard for the rights of others and the consequences likely to follow.

---

[5] Adapted from 1 New Hampshire Civil Jury Instruction §§27.1–27.2 (2024).

- **Bad faith** is the opposite of good faith. It is the doing of an act not by mistake but by some self-interested or sinister motive.

- **Retaliation** is the doing of an act to punish a person because of some wrong, real or imagined, that that person supposedly committed against the person retaliating. It is described, in the vernacular, as "getting even."

## DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTION NO. 5

### New Hampshire Whistleblowers' Protection Act[6]

The law prohibits an employer from discharging an employee because she, in good faith, reports what she has reasonable cause to believe is a violation of any New Hampshire law. To earn your verdict, Dr. Porter must <u>also</u> show that she (1) brought the alleged violation to the attention of a Dartmouth Health supervisor and (2) allowed Dartmouth Health a reasonable opportunity to correct that violation. However, the previous sentence does not apply if Dr. Porter proves that she had specific reason(s) to believe that reporting such a violation to Dartmouth Health would not result in a prompt remedy of the violation.

---

[6] Adapted from 1 New Hampshire Civil Jury Instruction §§ 27.5.

## **DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTION NO. 6**

### **Disability Discrimination under the Americans with Disabilities Act**[7]

To earn your verdict, Dr. Porter must prove, by a preponderance of the evidence, that but-for her disability, her employment would not have been terminated. If you determine that Dr. Porter has not proven her case by a preponderance of the evidence, then your verdict must be for Dartmouth Health. The instructions in the below two paragraphs **only apply if you find that direct evidence exists**:

> If you determine that Dr. Porter has proven, by a preponderance of the evidence, that her disability was a motivating factor in her discharge, you must then consider whether Dartmouth Health has proven, by a preponderance of the evidence, that it would have made the same decision regardless of Dr. Porter's disability.

> If you determine that Dartmouth Health would have made the same decision regardless of Dr. Porter's disability, you must find for Dartmouth Health on this defense. Alternatively, if you determine that Dr. Porter has proven that her disability was a motivating factor in the decision to discharge her and that Dartmouth Health has not proven that it would have made the same decision even without Dr. Porter's disability, then your verdict must be for Dr. Porter.

The instructions in the below paragraph **only apply if you find that no direct evidence exists**:

> Dartmouth Health claims that it discharged Dr. Porter because it made a business decision to close its Reproductive Endocrinology and Infertility ("REI") Division, resulting in the termination of all physicians therein. You must decide whether Dr. Porter has proven, by a preponderance of the evidence, that Dartmouth Health's stated reason

---

[7] Adapted from ABA Model Jury Instr. Emp. Lit. § 1.02; *Bart v. Golub Corp.*, 96 F.4th 566, 569 (2d Cir.), *cert. denied sub nom. The Golub Corp. v. Elaine Bart*, 145 S. Ct. 173 (2024); Fed. Emp. Jury Instructions § 4:321; *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 187 (2d Cir. 2006).

for its decision was not the true reason but was instead an excuse for discriminating against Dr. Porter because of her disability. If Dr. Porter has not done so, then your verdict must be for Dartmouth Health.

Additionally, Dr. Porter claims that Dartmouth Health failed to provide her a reasonable accommodation when it did not transfer her to a different department outside of the REI Division. To prevail on this claim, Dr. Porter must prove all of the following elements by a preponderance of the evidence:

1. Dartmouth Health was informed of Dr. Porter's need for an accommodation due to her disability.

2. Providing a job reassignment to a different department would have been reasonable, meaning that the costs of that accommodation would not have clearly exceeded its benefits. Note that, although reassignment to an existing, vacant position can be a reasonable accommodation, the law **does not** require an employer to create a new position for an employee with a disability.

If you find that Dr. Porter has proven the two elements by a preponderance of the evidence, then you must consider Dartmouth Health's defense that providing an accommodation would cause an undue hardship on the operation of its business. Under no circumstances does the law require Dartmouth Health to create a new position for Dr. Porter. If you find that Dartmouth Health has proven, by a preponderance of the evidence, that Dr. Porter's reassignment to an existing, vacant position would be an undue hardship, then you must find for Dartmouth Health.

## DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTION NO. 7

## Disability Discrimination under Section 504 of the Rehabilitation Act of 1973[8]

To earn your verdict, Dr. Porter must prove, by a preponderance of the evidence that, but for her disability, Dartmouth Health would not have terminated her employment. If you find that Dartmouth would have terminated Dr. Porter regardless of whether Dr. Porter's disability existed, your verdict must be for Dartmouth Health.

---

[8] Adapted from Fed. Emp. Jury Instructions §§ 4:1200; 4:1370–4:1382.

## DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTION NO. 8

### Disability Discrimination under New Hampshire Law[9]

A statute is a law passed by a legislature. A statutory violation is a failure to comply with the provisions of the statute. For Dr. Porter to earn your verdict, you must find two things more likely than not:

(1) that Dartmouth Health violated the statute in question; and

(2) that Dr. Porter's damages were caused by exposure to an injury which the statute was designed to protect her from.

For this instruction, the statute in question states that it shall be an unlawful discriminatory practice for an employer, because of the physical or mental disability of any individual, to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment. The instructions in the below two paragraphs **only apply if you find that direct evidence exists**:

> If you determine that Dr. Porter has proven, by a preponderance of the evidence, that her disability was a motivating factor in her discharge, you must then consider whether Dartmouth Health has proven, by a preponderance of the evidence, that it would have made the same decision regardless of Dr. Porter's disability.
>
> If you determine that Dartmouth Health would have made the same decision regardless of Dr. Porter's disability, you must find for Dartmouth Health on this defense. Alternatively, if you determine that Dr. Porter has proven that her disability was a motivating factor in the decision to discharge her and that Dartmouth Health has not

---

[9] Adapted from 1 New Hampshire Civil Jury Instruction §§ 27.4 (2024); New Hampshire, RSA 354-A:7; *Burnap v. Somersworth Sch. Dist.*, 172 N.H. 632, 637 (2019); *Paine v. Ride-Away, Inc.*, 174 N.H. 757, 760 (2022).

proven that it would have made the same decision even without Dr. Porter's disability, then your verdict must be for Dr. Porter.

The instructions in the below paragraph **only apply if you find that no direct evidence exists**:

Dartmouth Health claims that it discharged Dr. Porter because it made a business decision to close its Reproductive Endocrinology and Infertility ("REI") Division, resulting in the termination of all physicians therein. You must decide whether Dr. Porter has proven, by a preponderance of the evidence, that Dartmouth Health's stated reason for its decision was not the true reason but was instead an excuse for discriminating against Dr. Porter because of her disability. If Dr. Porter has not done so, then your verdict must be for Dartmouth Health.

The statute also says that it shall be an unlawful for any employer not to make reasonable accommodations for the known physical or mental limitations of a qualified employee with a disability, unless such employer can demonstrate that the accommodation would impose an undue hardship on the operation of the business of the employer. While reassignment to a vacant position can be a reasonable accommodation, the law does not require an employer to create a new position for an employee with a disability.

## DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTION NO. 9

### Retaliation under New Hampshire Law[10]

To earn your verdict, Dr. Porter must demonstrate that:

(1) she engaged in an activity protected by New Hampshire law; and

(2) the protected activity and her discharge were causally connected.

New Hampshire law states that it shall be an unlawful discriminatory practice for an employer to discharge, expel, or otherwise retaliate or discriminate against any person because she has opposed any discrimination on the basis of disability. You must consider any direct and circumstantial evidence in determining whether unlawful retaliation has occurred.

The instructions in the below two paragraphs **only apply if you find that direct evidence exists**:

> If you determine that Dr. Porter has proven, by a preponderance of the evidence, that her protected activity was a motivating factor in her discharge, you must then consider whether Dartmouth Health has proven, by a preponderance of the evidence, that it would have made the same decision regardless of Dr. Porter's protected activity.

> If you determine that Dartmouth Health would have made the same decision regardless of Dr. Porter's protected activity, you must find for Dartmouth Health on this defense. Alternatively, if you determine that Dr. Porter has proven that her protected activity was a motivating factor in the decision to discharge her and that Dartmouth Health has not proven that it would have made the same decision even without Dr. Porter's protected activity, then your verdict must be for Dr. Porter.

The instructions in the below paragraph **only apply if you find that no direct evidence exists**:

---

[10] Adapted from 1 New Hampshire Civil Jury Instruction § 27.6 (2024); New Hampshire, RSA 354-A:19; *Burnap v. Somersworth Sch. Dist.*, 172 N.H. 632, 637 (2019).

Dartmouth Health claims that it discharged Dr. Porter because it made a business decision to close its Reproductive Endocrinology and Infertility ("REI") Division, resulting in the termination of all physicians therein. You must decide whether Dr. Porter has proven, by a preponderance of the evidence, that Dartmouth Health's stated reason for its decision was not the true reason but was instead an excuse for retaliating against Dr. Porter because of her protected activity. If Dr. Porter has not done so, then your verdict must be for Dartmouth Health.

## **DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTION NO. 10**

### Disability Discrimination under Vermont Law[11]

An employer may not treat an employee who has a disability differently because of the employee's disability. However, the law **does not** require an employer to give better treatment to employees with disabilities but only to treat employees with disabilities no better and no worse than employees without disabilities. You must consider any direct and circumstantial evidence in deciding this case.

The following paragraph applies **only if you find that direct evidence exists**:

> If Dr. Porter has persuaded you that her disability probably played some role in Dartmouth Health's decision to terminate her employment, you must find for Dr. Porter unless Dartmouth Health persuades you that it probably would have made the same decision even without the discrimination.

The following paragraph only applies **only if you find that no direct evidence exists**:

> To earn your verdict, Dr. Porter must show that the termination of her employment occurred under circumstances which suggest that the action was taken because of her disability. Dartmouth Health claims that it terminated Dr. Porter's employment because it made a business decision to close its REI Division, resulting in the termination of all physicians therein, including Dr. Porter. However, Dartmouth Health does not have to persuade you that it did not discriminate against Dr. Porter. Rather, Dr. Porter must persuade you that she was treated differently because of her disability. In the end, to earn your verdict, Dr. Porter must persuade you that her disability made a difference in Dartmouth Health's decision to terminate her employment.

---

[11] Adapted from VT Civil Jury Instructions §§ 1-1.1–1.3; § E; *Gates v. Mack Molding Co., Inc.*, 216 Vt. 379, 665 (2022).

Dr. Porter also alleges that Dartmouth Health failed to reasonably accommodate her disability when it did not reassign her to a different position. The law does not require Dartmouth Health to create a new position for Dr. Porter. Dartmouth Health must show that reassignment to an existing, vacant position would have been impossible, would have substantially altered the nature of the job, or would have been unduly burdensome. If Dartmouth Health does so, your verdict must be for Dartmouth Health.

## DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTION NO. 11

### Retaliation under Vermont Law[12]

An employer may not discharge or discriminate against any employee because the employee has opposed any act or practice of discrimination on the basis of disability ("Protected Activity"). Dr. Porter must prove that there was a causal connection between her Protected Activity and the termination of her employment. You must consider any direct and circumstantial evidence in deciding this case.

The following paragraph only applies **if you find that that direct evidence exists**:

> Dartmouth Health must prove by a preponderance of the evidence that it would have made the same decision even if it had not taken Dr. Porter's Protected Activity into account.

The following paragraph only applies **if you find that no direct evidence exists**:

> You must consider Dartmouth Health's claim that it terminated Dr. Porter's employment because it made a business decision to close its REI Division, resulting in the termination of all physicians therein, including Dr. Porter. For Dr. Porter to earn your verdict, you must find that Dartmouth Health's stated explanation was not the true reason but was instead an excuse for retaliating against Dr. Porter because of her Protected Activity.

---

[12] Adapted from Vermont Fair Employment Practices Act, 21 VSA, § 495; VT Civil Jury Instructions §E; *Hammond v. Univ. of Vermont Med. Ctr.*, 2023 VT 31, *reargument denied* (July 17, 2023), *cert. denied*, 144 S. Ct. 507 (2023); and *Robertson v. Mylan Lab'ys, Inc.*, 2004 VT 15 (2004).

**CERTIFICATE OF SERVICE**

      I hereby certify that, on March 10, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

                                              */s/ Tristram J. Coffin*
                                              Tristram J. Coffin