## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, <br><br> Defendants. | Case No. 2:17-cv-194 |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND FIRST AMENDED COMPLAINT

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Defendants" or "Dartmouth Health") respectfully submit this Opposition to Plaintiff Misty Blanchette Porter's ("Plaintiff" or "Dr. Porter") Motion to Amend the First Amended Complaint (the "Motion"). *See* ECF Docket No. 213. Over seven (7) years after filing her initial Complaint, Dr. Porter now seeks to add an entirely new claim roughly a fortnight before trial is set to begin. *See* ECF Docket Nos. 1, 213. Plaintiff's Motion, if granted, would cause undue delay, embolden her bad faith motive, and would be unduly prejudicial to Defendants.

### BRIEF HISTORY

Plaintiff originally filed her Complaint over seven (7) years ago, on October 11, 2017. *See* ECF Docket No. 1. Nearly one (1) year later, on August 1, 2018, Dr. Porter filed the First Amended Complaint, adding additional state and federal claims. *See* ECF Docket No. 50. Plaintiff's First

1

Amended Complaint asserts four counts under Vermont and New Hampshire state law and two counts under federal law: Count I—Wrongful Discharge under New Hampshire law; Count II—Violation of New Hampshire Whistleblowers' Protection Act; Count III—Disability Discrimination & Retaliation under the Americans with Disabilities Act ("ADA"); Count IV—Disability Discrimination under Section 504 of the Rehabilitation Act of 1973; Count V—New Hampshire RSA 354- Disability Discrimination & Retaliation; and Count VI—Vermont Fair Employment Practices Act, 21 V.S.A § 495. *Id.*, at 30–35.

The recent procedural history of this lawsuit is informative. On October 21, 2024, Dr. Porter, without any notice to Defendants' counsel, filed a Motion for a Status Conference. *See* ECF Docket No. 182. In her Reply Memorandum, Dr. Porter noted that the proposed Status Conference was critical "if for no other reason than to set dates for filing, briefing, and resolving motions related to the conduct of the trial, submitting exhibits and witness lists, and addressing other logistical matters involved in trying a complex case." *See* ECF Docket No. 185, at 1. Because her Motion for a Status Conference was procedurally defective, the Court denied it on December 6, 2024. *See* ECF Docket No. 187. The Court indicated that a pretrial conference would be scheduled in January 2025 "at which time the parties will discuss the timing of pretrial motions and any other scheduling issues." *Id*. Dr. Porter filed Plaintiff's Pre-Conference Submission on January 8, 2025, identifying a litany of pretrial pleading deadlines therein. *See* ECF Docket No. 192. During this time, Dr. Porter made no mention of any potential amendment to her First Amended Complaint.

At every turn, including at the pretrial conference held on January 13, 2025, Plaintiff has asserted that the Court should order deadlines earlier than those imposed by the Local Rules so that all pretrial issues could be dealt with well in advance of trial. *Id.*; *See* ECF Docket No. 194.

Once again, at the Pretrial Conference, Dr. Porter did not raise any issue about a potential amendment to her First Amended Complaint. Waiting until less than three weeks before the commencement of trial, and providing only two (2) hours of notice to Defendants' counsel, Dr. Porter filed a Motion for Leave to Amend Complaint on March 7, 2025. *See* ECF Docket No. 213. Without any legitimate justification, Dr. Porter seeks to add an entirely new claim under the Vermont Whistleblowers' Protection Act, 21 V.S.A. § 507.

## LEGAL STANDARD

While the Federal Rules provide that a "court should freely give leave [to amend the Complaint] when justice so requires" there is "no rule that every request to amend must be granted." Fed. R. Civ. P. 15(a)(2); *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 347 F. App'x 617, 620 (2d Cir. 2009). This Circuit has repeatedly recognized that "the district court has the discretion to deny leave [to amend] if there is a good reason for it[.]" *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). For example, "a district court may in its discretion deny leave to amend 'for . . . bad faith, undue delay, or undue prejudice to the opposing party.'" *Bank v. Gohealth, LLC*, No. 21-1287-CV, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022) (*quoting Bensch v. Est. of Umar*, 2 F.4th 70, 81 (2d Cir. 2021)). Because of the Court's broad discretion to deny leave to amend the Complaint, the Court's ruling will only be overturned "for abuse of discretion." *State Farm Ins. Companies v. Kop-Coat, Inc.*, 183 F. App'x 36, 37 (2d Cir. 2006).

## ARGUMENT

**1. Plaintiff's Failure to Bring a Claim She Could Have Brought Seven Years Ago is the Epitome of Undue Delay.**

"[C]onsiderations of undue delay . . . [are] touchstones of a district court's discretionary authority to deny leave to amend." *Barrows v. Forest Lab's, Inc.*, 742 F.2d 54, 58 (2d Cir. 1984). Specifically, "a court has discretion to deny leave to amend where the motion is made 'after an

3

inordinate delay, no satisfactory explanation is offered for the delay, . . . or where the belated motion would unduly delay the course of proceedings[.]'" *State Farm*, 183 F. App'x at 37–38 (*quoting Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir.2000)).

Here, Plaintiff inexplicably attempts to amend her Complaint originally filed over seven (7) years ago. *See* ECF Docket No. 1. Waiting until less than three weeks before the start of trial and just one week before the Court's Final Pretrial Conference, Dr. Porter filed a Motion for Leave to Amend Complaint on March 7, 2025. *See* ECF Docket No. 213. Much like the Appellants in *State Farm*, Plaintiff "had numerous opportunities to amend [her] complaint to state a [new] claim . . . but inexplicably failed to do so." *State Farm*, 183 F. App'x at 38. For example, at the Pretrial Conference on January 13, 2025, Dr. Porter did not raise any issue about a potential amendment to her First Amended Complaint. Thus, denial of Plaintiff's Motion is proper given Dr. Porter's unexplained delay in amending the Complaint. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) ("denying Rule 15(a) relief, [because the movant's] delay in seeking leave to amend was inexcusable given the previous opportunities to amend[.]"); *Akerley v. N. Country Stone, Inc.*, No. 2:05-CV-314, 2008 WL 11350290, at *4 (D. Vt. Sept. 30, 2008) (where Plaintiff "waited too long to seek to amend her Complaint" because two years passed between her filing suit and moving to amend).

2. **Plaintiff's Motion is Made in Bad Faith.**

Leave "to amend should be denied if there is an 'apparent or declared reason—such as . . . bad faith or dilatory motive on the part of the movant[.]'" *Cnty. of Washington v. Ctys. of Warren & Washington Indus. Dev. Agency*, 2 F. App'x 71, 74 (2d Cir. 2001) (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)). Here, the lack of explanation for Plaintiff's delay in amending the Complaint evidences a bad faith motive. Similar to the Plaintiff in *Washington*, "[n]o newly

4

discovered facts motivated th[is] proposed amendment[]; in fact, plaintiff had been aware of the factual underpinnings of these claims since the outset of this litigation[.]" *Washington*, 2 F. App'x, at 75.

Despite numerous opportunities, including at the January 13th Pretrial Conference, Dr. Porter did not raise any issue about a potential amendment to her First Amended Complaint until less than three weeks before trial. *See* ECF Docket No. 213. Now, Dr. Porter seeks to add an entirely new claim, limiting Defendants' time to prepare its defense. This self-serving, tactical advantage Dr. Porter seeks at trial is further evidence of her bad faith motivation in bringing this Motion. *See Oneida Indian Nation of New York State v. Cnty. of Oneida*, N.Y., 199 F.R.D. 61 (N.D.N.Y. 2000) (*citing State Trading v. Assuranceforeningen Skuld*, 921 F.2d 409, 417–18 (2d Cir.1990)) (noting "that a party is seeking leave to amend solely to gain a tactical advantage . . . also supports a finding that such an amendment is made in bad faith.").

**3. If Granted, Plaintiff's Motion Would be Unduly Prejudicial to Defendants.**

"Undue prejudice arises when an 'amendment [comes] on the eve of trial and would result in new problems of proof.'" *Ruotolo*, 514 F.3d, at 192 (*quoting State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981)). Here, Dr. Porter's addition of a novel claim at the eleventh hour would inevitably result in problems of proof. *See Bradick v. Israel*, 377 F.2d 262, 263 (2d Cir. 1967) (denying leave to amend that "consisted of novel theories of law with new problems of proof."); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993) (*quoting Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir.1983)) ("the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice."). Indeed, an entirely new claim will result in additional motion practice in the crucial days leading up to trial. *Ayazi v. New York City Dep't of Educ.*, 586 F. App'x 600, 602 (2d Cir.

5

2014) (denying motion to amend complaint weeks before trial because it "would prejudice defendant insofar as it required . . . motion practice."). For example, if Plaintiff's Motion were granted, Defendants would not only need to file a new Answer but would also need to amend their previously filed proposed jury instructions to address this new claim. *See* ECF Docket No. 217. Time is too precious for these last-minute shenanigans.

The Motion is also particularly prejudicial to Defendants given the stage of this litigation. *See State Farm*, 183 F. App'x at 39 (quoting *Ansam Assocs. v. Cola Petroleum, Ltd*., 760 F.2d 442, 446 (2d Cir.1985)) ("[A]mendments tend to be 'especially prejudicial' when discovery has been completed and a motion for summary judgment filed[.]"). Here, discovery was completed on December 15, 2019. *See* ECF Docket No. 138, at 2. Defendants' Motion for Summary Judgment was filed on January 29, 2020. *See* ECF Docket No.139. Thus, Plaintiff is long past the appropriate time to amend her Complaint.

Finally, the Motion is unduly prejudicial to Defendants because it would require Defendants to "incur[] additional time and expense to respond to a claim that should have been before the [C]ourt" already. *Farricker v. Penson Dev., Inc.*, 513 F. App'x 46, 28 (2d Cir. 2013). Granting Plaintiff's Motion would be unduly burdensome to Defendants mere weeks before trial, particularly after Defendants have already spent over seven (7) years' worth of attorneys' fees on this matter. *See Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400 (E.D.N.Y. 1995) (denying motion to amend Complaint where it imposed on "the opposing party . . . the added burden of further discovery, preparation and expense, thereby prejudicing that party's right to a speedy and inexpensive trial on the merits[.]"). After Defendants have awaited trial for over seven (7) years, permitting Plaintiff to bring a brand-new claim at the final hour would be unconscionable.

## **CONCLUSION**

Defendants respectfully request that the Court deny Plaintiff's Motion to Amend the First Amended Complaint.

Date: March 12, 2025                              Respectfully submitted,

*/s/ Tristram J. Coffin*

**DOWNS RACHLIN MARTIN PLLC**

Tristram J. Coffin
199 Main Street
Burlington, VT 05402
Telephone: 802-863-2375
tcoffin@drm.com

**FOLEY & LARDNER LLP**

Donald W. Schroeder (admitted *pro hac vice*)
Morgan McDonald-Ramos (admitted *pro hac vice*)
Megan E. Martinez (admitted *pro hac vice*)
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
dschroeder@foley.com
mmcdonald@foley.com
memartinez@foley.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 12, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

*/s/ Tristram J. Coffin*
Tristram J. Coffin

8

4898-5722-1671.4