UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Misty Blanchette Porter,<br><br>　　Plaintiff,<br><br>　　v.<br><br>Dartmouth-Hitchcock Medical Center,<br>Dartmouth-Hitchcock Clinic,<br>Mary Hitchcock Memorial Hospital, and<br>Dartmouth-Hitchcock Health,<br><br>　　Defendants. | Civil Action No. 2:17–cv–194 |

### ORDER
(Doc. 197)

This Order addresses Plaintiff's "Motion to Unseal Exhibits 10 and 11 for Trial." (Doc. 197.) Exhibit 10 is a June 3, 2016 email from Plaintiff to Dr. David Seifer detailing Plaintiff's concerns about the professional competence of Dr. Albert Hsu, a physician within the Reproductive Endocrinology and Infertility (REI) Division at Dartmouth Hitchcock Medical Center (DHMC). (*See* Doc. 140-12.) Exhibit 11 is a February 22, 2017 email from Dr. Judith McBean to Dr. Leslie DeMars assessing Dr. David Seifer's performance as the Director of DHMC's REI Division. (*See* Doc. 140-13.) Plaintiff filed these documents under seal in March 2020 as Exhibits to Plaintiff's "Response in Opposition to Defendants' Motion for Summary Judgment" (Doc. 140). (*See* ECF No. 149.) Over the course of the past five years, the parties have briefed this matter three times, and the Court has issued two orders granting Defendants' request to seal the relevant documents. (*See* Doc. 173 and ECF No. 149.)

This case is set for trial beginning on March 24, 2025. Considering the substantial interest in public access to information about matters of public concern—particularly in the context of trial—against the privacy and reputational interests of the subjects of these Exhibits, the Court finds that the balance favors unsealing Exhibit 10 and Exhibit 11 at this time.

The presumption of public access to judicial documents is heightened at the time of trial. *See, e.g., Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019) (presumption of public access higher for "material introduced at trial"); *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("the public has an 'especially strong' right of access to evidence introduced in trials"); *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 533 (1st Cir. 1993) (noting "an abiding presumption of access to trial records"); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) (noting that "historically[,] both civil and criminal trials have been presumptively open"); *Ottati v. City of Amsterdam*, 6:06-CV-1370 (NPM / DEP), 2010 WL 11570492, at *6 (N.D.N.Y. Jan. 25, 2010) ("[T]here is a strong predisposition against trying this case in secrecy, and it is simply a matter of time before many of the documents previously sealed in this case will see the light of day should the case go to trial."). As the Second Circuit has explained, "public access to civil trials enhances the quality and safeguards the integrity of the factfinding process, fosters an appearance of fairness, and heightens public respect for the judicial process, while permitting the public to participate in and serve as a check upon the judicial process—an essential component in our structure of self government." *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984) (citations and internal quotation marks omitted)). Even where there is a risk of parties or nonparties suffering negative publicity, "th[at] injury is the price paid for open trials." *Poliquin*, 989 F.2d at 533.

Where "documents directly affect an adjudication or are used to determine litigants' substantive legal rights, the presumption of access is at its zenith and thus can be overcome only by extraordinary circumstances." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (citations and internal quotation marks omitted); *see Gambale v. Deutsche Bank AG*, 377 F.3d 133, 140 (2d Cir. 2004) ("[T]he presumptive right to public observation is at its apogee when asserted with respect to documents relating to matters that directly affect an adjudication." (internal quotation marks omitted)).

In this case, there has been no showing of extraordinary circumstances to justify maintaining the sealing of Exhibits 10 and 11 at trial. The Court recognizes the interests of Dr. Hsu and Dr. Seifer in avoiding reputational injury or embarrassment, but those interests do not defeat the public interest in observing and assessing the functioning of the judicial system in an open trial, particularly given that: (1) both this Court and the Second Circuit have already considered the content of the Exhibits, and determined it to be relevant to this case, *see Porter v. Dartmouth-Hitchcock Med. Ctr.*, 92 F.4th 129, 134, 135, 138 (2d Cir. 2024) (referencing and/or quoting Exhibits 10 and 11) (*see also* Doc. 173 at 5 (noting the Exhibits "are relevant to an understanding of the court's judicial decision")); and (2) this Court has found that the case concerns a matter of "substantial" public interest (*id.* at 7). *See, e.g.*, *Ottati*, 2010 WL 11570492, at *1 (in sex discrimination case, granting motion to unseal defendant's internal investigation report concerning plaintiff's allegations, which had been filed in connection with cross-motions for summary judgment). With the commencement of trial in less two weeks, the balance has shifted in favor of open judicial proceedings regarding a matter of public interest and against the privacy and reputational interests of nonparties Dr. Hsu and Dr. Seifer.

Unsealing Exhibits 10 and 11 is further justified because Plaintiff's allegations regarding the professional qualifications of Drs. Hsu and Seifer have been part of the public record at least since publication of the Second Circuit decision in this case on February 6, 2024. *See Porter*, 92 F.4th at 134, 135, 138. "The Second Circuit and courts within it have repeatedly found sealing improper where the relevant material was already made public." *Shetty v. SG Blocks, Inc.*, 20-CV-550 (ARR) (MMH), 2021 WL 4959000, at *4 (E.D.N.Y. Oct. 26, 2021) (collecting cases)); *see Milazzo v. Anthony*, Civil Action No. 2:23-cv-00576-kjd, 2024 WL 1616485, at *8 (D. Vt. Apr. 15, 2024) ("Defendant has a diminished privacy interest in many of the documents he requests the Court to seal because the New York state court proceedings are publicly accessible."). As the Second Court has reasoned:

> [H]owever confidential [the information] may have been beforehand, subsequent to publication it was confidential no longer. It now resides on the highly accessible databases of Westlaw and Lexis and has apparently been disseminated prominently elsewhere. We simply do not have the power, even were we of the mind to use it if we had, to make what has thus become public private again.

*Gambale*, 377 F.3d at 144 (footnote omitted); *see id.* at 144 n.11 ("Once [information] is public, it necessarily remains public. . . . Once the cat is out of the bag, the ball game is over." (internal quotation marks omitted)); *Shetty*, 2021 WL 4959000, at *4 ("[E]ven were I inclined to grant plaintiff's motion [to seal], I do not have the power to make that which was public private."); *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 626 (S.D.N.Y. 2011) ("While the conduct at issue may be potentially embarrassing to the[] [nonparty] employees (and JPMC) and may negatively impact their career prospects, any injury the employees may suffer by release of the information is insufficient to rebut the strong presumption of access to the information at issue here[,]. . . particularly . . . because [the] complaint and attached exhibits already name each of the

4

parties whose conduct JPMC investigated . . . [and] [t]hus, *their names are already in the public record*, and have been for several years." (emphasis added)).

The February 2024 Second Circuit decision makes numerous references to the content of Exhibits 10 and 11, including allegations of substandard and unethical conduct by Dr. Seifer and Dr. Hsu, respectively. That decision has been available to the public for over a year. Moreover, there have been at least several media reports discussing the subject matter of Exhibits 10 and 11. Given these publications, Defendants' principal argument for keeping Exhibits 10 and 11 under seal—to prevent damage to the professional reputations of non-parties Dr. Seifer and Dr. Hsu, who are no longer associated with Dartmouth-Hitchcock Medical Center—is insufficient to justify continued sealing.

For these reasons, the Court GRANTS Plaintiff's "Motion to Unseal Exhibits 10 & 11 for Trial." (Doc. 197.) The Clerk of Court is directed to unseal Exhibit 10 (Doc. 140-12) and Exhibit 11 (Doc. 140-13) at this time. The Clerk of Court is further directed to unseal Document 140 and all of its attached documents (Docs. 140-1 through 140-24).[1]

Dated at Burlington, in the District of Vermont, this 13th day of March 2025.

*/s/ Kevin J. Doyle*
United States Magistrate Judge

---

[1] Currently sealed on the docket are Plaintiff's "Response in Opposition to Defendants' Motion for Summary Judgment" (Doc. 140) and all of its attached documents (Docs. 140-1 through 140-24), with the exception of Exhibits 17 and 18 (Docs. 140-19 and 140-20), which were unsealed by Court order on June 2, 2020 (*see* ECF No. 149). It is unclear why Doc. 140 and its associated attachments, with the exception of Exhibits 10 and 11 (Docs. 140-12 and 140-13), which are the subject of this Order, remain sealed. By this Order, Doc. 140 and all of its attachments shall be unsealed.