UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DARTMOUTH-HITCHCOCK MEDICAL )<br>CENTER, DARTMOUTH-HITCHCOCK )<br>CLINIC, MARY HITCHCOCK )<br>MEMORIAL HOSPITAL, and )<br>DARTMOUTH HITCHCOCK HEALTH, )<br>)<br>Defendants. ) | Case No. 2:17-cv-194 |

### DEFENDANTS' BENCH MEMORANDUM REGARDING IMPORT OF COURT OF APPEALS DECISION

Now come Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital and Dartmouth Hitchcock Health ("Dartmouth Health" or "Defendants") and submit this Bench Memorandum Regarding Import of Court of Appeals Decision in the above-captioned matter. Dartmouth-Hitchcock respectfully submits as follows:

On November 3, 2020, this Court issued an Order granting summary judgment and dismissing the Amended Complaint against Dartmouth Health. The District Court applied Federal Rule of Civil Procedure 56 and decided that Plaintiff Misty Blanchette Porter, M.D. ("Dr. Porter" or "Plaintiff") had not established material issues of disputed fact which warranted a jury trial. Judgment was accordingly entered in favor of Defendants. See ECF Docket No. 152.

Plaintiff appealed to the United States Court of Appeals for the Second Circuit ("Court of Appeals" or "Second Circuit"). In a detailed opinion, the Second Circuit affirmed in part,

vacated, and remanded in part on February 6, 2024. See *Porter v. Dartmouth-Hitchcock Med. Ctr.*, 92 F.4th 129 (2d Cir. 2024). The portion of the case that was remanded is set for trial, commencing March 24, 2025.

      As this case heads to trial, it is important to delineate what the Second Circuit did and did not do. It did provide guidance of the proper legal framework for the claims to be tried. It described in thorough detail various pieces of evidence that had been proffered by the parties as part of the summary judgment motion process as available and that the parties asserted would be admissible at trial. It discussed the possible inferences that could be drawn from them, taken in the light most favorable to the non-moving party. Applying the Rule 56 standards, it found that as to some claims, the District Court incorrectly held that no dispute of material fact existed, and overturned that judgment. As to whether the District Court had correctly entered summary judgment on the claim of failure to accommodate Plaintiff's disability prior to Plaintiff's termination, the Court of Appeals affirmed the judgment of the District Court dismissing that claim.

      What the Court of Appeals did not do was rule on the admissibility of any single piece of evidence or testimony. Rather, it specified the existence of material issues of fact for trial, based on the proffers made by the parties during the summary judgment process – attaching affidavits, declarations and deposition testimony as part of their statements of undisputed and disputed facts – and remanded portions of the case to the trial court for trial.

      Motions for summary judgment are viewed in a light most favorable to the non-moving party. See *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). At the summary judgment stage, a court does not resolve disputes of fact and must ignore "all evidence favorable to the moving party that the jury is not required to believe." See *Kaytor v.*

*Electric Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010). Defendants should not be prejudiced by references made by counsel (during the course of opening and closing statements) or witnesses to the summary judgment record regarding disputed facts in front of the jury. This would be prejudicial because those findings of fact were made viewing the evidence in a light most favorable to Plaintiff and without resolving disputed questions of facts. See id. ("The function of the district court in considering the motion for summary judgment is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists."). References to judicial findings of fact have the potential to convince jurors to accept those facts simply because a judge noted them rather than resolve the factual disputes raised at trial. Defendants should be afforded a trial by a fair and impartial jury, not influenced by judicial findings of facts made for purposes of reviewing the grant of a motion for summary judgment.

It is elementary that at trial, the jury will find the facts based on the testimony and exhibits actually admitted at trial. Different from materials submitted in support of or in opposition to a motion for summary judgment under Rule 56, the trial court will need to make specific evidentiary rulings as to the admissibility of witness testimony and exhibits. Those rulings are made applying the Federal Rules of Evidence, the Federal and Local Rules of Civil Procedure, and notions of due process and fundamental fairness. Trial court decisions on admissibility of evidence are typically assessed by an abuse of discretion standard, in part because they are so contextual and circumstance-dependent, and the trial court is deemed best positioned to assess this context.

Moreover, witness presence, witness competence, relevance, authentication and hearsay limitations govern the evidence that is admitted at trial. It is hardly surprising that the evidence

admitted at trial deviates, sometimes substantially, from the record on summary judgment. The parties entrust this Court, sitting as the trial judge in this case, to fairly apply the law and rules and make admissibility decisions on the evidence that will be weighed by the jury.

In particular, the Court will face challenges weighing the admissibility of evidence that is imprecise, is rumor, gossip or hearsay, is cumulative character evidence, or whose probative value is outweighed by its prejudicial effects. The parties seek the Court's fair discernment of these issues as the trial plays out, nothing more, nothing less. What the Court of Appeals has stated in its prior opinion as to the inferences that can be drawn from a particular piece of evidence – given its role under Rule 56 of viewing the evidence in the light most favorable to the non-moving party – is not material to this Court's decisions on admissibility at trial of actual pieces of evidence and their relevance offered in the actual context of the trial as it proceeds. There are of course many inferences that can possibly drawn from the evidence submitted in this trial, and it is the province of the jury to make those assessments.

Nor should any reference be made by counsel or witnesses to facts supposedly found or not found by the Court of Appeals in rendering its decision on summary judgment. Such references have no relevance to the matters to be decided by the jury at trial. Defendants are entitled to have the jury—as finder of fact—review the evidence without reference to or influence by the facts found in the summary judgment record. Pursuant to Fed. R. Civ. P. 38(a), parties have a right to have a jury trial on disputed issues. See *Howard Opera House Associate v. Urban Outfitters, Inc.*, 166 F. Supp. 2d 917, 926 (D. Vt. 2001) aff'd, 322 F.3d 125 (2d Cir. 2003) (noting determination of fact or opinion is a jury responsibility); *Dillworth v. Gambardella*, 776 F. Supp. 170, 173 (D. Vt. 1991) aff'd, 970 F.2d 1113 (2d Cir. 1992) (explaining questions of fact are for the jury to decide). It would be inappropriate for counsel or witnesses to reference facts

4

found at prior proceedings that are in dispute as it would interfere with the jury's impartiality in their review of the evidence. As such, the court should not allow counsel or any witnesses to reference findings of fact from the prior proceedings at trial in the presence of the jury. *See Okemo Mountain, Inc. v. Sikorski*, No. 1:93-CV-22, 2006 WL 851821 at *1 (D. Vt. Mar. 29, 2006) (granting motion in limine to exclude statements by counsel and witnesses asserting certain facts were found or not found by the Court of Appeals).

Conclusion

In conclusion, Dartmouth-Hitchcock asserts that the Court of Appeals decision and its commentary therein is relevant only to its review of the District Court's decision awarding summary judgment in favor of Dartmouth Health.t.  At trial, this Court will be responsible for making decisions on the admissibility of evidence based on the Federal Rules of Evidence, the Federal and Local Rules of Civil Procedure, and fundamental fairness.  The inferences that will be drawn from the admitted testimony and evidence are within the province of the jury to make.

Date: March 20, 2025                                  Respectfully submitted,


                                                      */s/ Tristram J. Coffin*
                                                      Tristram J. Coffin

                                                      **DOWNS RACHLIN MARTIN PLLC**
                                                      Tristram J. Coffin
                                                      199 Main Street
                                                      Burlington, VT 05402
                                                      Telephone: 802-863-2375
                                                      tcoffin@drm.com

                                                      and

**FOLEY & LARDNER LLP**

Donald W. Schroeder (admitted *pro hac vice*)
Morgan McDonald-Ramos (admitted *pro hac vice*)
Megan E. Martinez (admitted *pro hac vice*)
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
dschroeder@foley.com
mmcdonald@foley.com
memartinez@foley.com

## CERTIFICATE OF SERVICE

    I hereby certify that, on March 20, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

                                            */s/ Tristram J. Coffin*
                                            Tristram J. Coffin

23429577.1