UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Misty Blanchette Porter,

     Plaintiff,

     v.

Dartmouth-Hitchcock Medical Center,
Dartmouth-Hitchcock Clinic,
Mary Hitchcock Memorial Hospital, and
Dartmouth-Hitchcock Health,

     Defendants.

Civil Action No. 2:17–cv–194

## <u>ORDER</u>
(Doc. 213)

Presently before the Court is Plaintiff's Motion for Leave to Amend Complaint. (Doc. 213.) Plaintiff requests leave to amend the First Amended Complaint to add a claim under the Vermont Whistleblower Protection Act prior to commencement of trial on March 24, 2025. For the reasons set forth below, the Motion is denied.

## <u>Background</u>

Plaintiff filed the initial Complaint in this matter on October 11, 2017, raising claims of wrongful discharge, violation of the New Hampshire Whistleblowers' Protection Act, and disability discrimination and retaliation under the Americans with Disabilities Act (ADA) and New Hampshire law. (Doc. 1.) On July 30, 2018, the Court granted Plaintiff's Stipulated Motion for Leave to Amend, and the First Amended Complaint was filed on August 1, 2018. (Docs. 49, 50.) The First Amended Complaint alleges claims of wrongful discharge (Count 1); violation of the New Hampshire Whistleblowers' Protection Act (Count 2); disability discrimination and

2:17-cv-00194-kjd     Document 233     Filed 03/20/25     Page 2 of 6

retaliation under the ADA (Count 3); disability discrimination under Section 504 of the Rehabilitation Act of 1973 (Count 4); disability discrimination and retaliation under New Hampshire law (Count 5); and disability discrimination and retaliation under the Vermont Fair Employment Practices Act (Count 6). (Doc. 50.) The parties engaged in discovery over the next sixteen months through approximately December 2019.

Defendants filed their Motion for Summary Judgment in January 2020. (Doc. 139.) The Court granted the Motion on November 3, 2020 (Doc. 152), and Plaintiff appealed. On February 27, 2024, the Second Circuit issued its decision affirming in part, and vacating and remanding in part. (Doc. 157.) The case was returned to this Court for trial approximately one year ago. On June 17, 2024, the Court set the case for jury draw and trial beginning on March 24, 2025. (Doc. 179.)

On October 21, 2024, Plaintiff filed a "Motion for Status Conference," in part to permit timely resolution of "substantial pre-trial matters" that Plaintiff anticipated Defendants would raise in their motions *in limine*. (Doc. 182 at 2.) In reply to Defendants' opposition to the Motion, Plaintiff represented that the case is "complicated" and that the requested status conference well in advance of trial was necessary "if for no other reason than to set dates for filing, briefing, and resolving motions related to the conduct of the trial, submitting exhibits and witness lists, and addressing other logistical matters involved in trying a complex case." (Doc. 185 at 1.) The Court held a pretrial conference on January 13, 2025, and set a February 14, 2025 filing deadline for motions *in limine*. (*See* ECF No. 194.) On February 4, 2025, Plaintiff filed a Motion to Unseal Exhibits 10 and 11 (Doc. 197), which the Court granted on March 13, 2025 (Doc. 226). On February 14, 2025, Defendants filed four Motions *in Limine*, including a motion requesting preclusion of Plaintiff's expert witness, and a Motion to Quash Trial Subpoena.

(Docs. 198–202.) The parties briefed these Motions, and on March 14, 2025, the Court held an evidentiary hearing and oral argument on them. (*See* ECF No. 228.)

In the midst of the above-described briefing, on March 7, 2025, Plaintiff filed the pending Motion for Leave to Amend Complaint (Doc. 213), seeking to file a proposed Second Amended Complaint which adds a claim under the Vermont Whistleblower Protection Act, 21 V.S.A. § 507 *et seq*. (*see* Doc. 213-2 at 32–33). Defendants oppose the Motion. (Doc. 224.)

## <u>Analysis</u>

Federal Rule of Civil Procedure 15 provides a "liberal" and "permissive" standard for amendment of pleadings. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (internal quotation marks omitted). For example, the Rule permits amendment "as a matter of course" no later than 21 days after serving a pleading, or within 21 days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Consistent with the liberal amendment standard, Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id*. Although leave to amend should generally be "freely given," it is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id*. A district court abuses its discretion when it denies a request to amend without explanation. *Id*. at 200–01 (noting that "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion" (alteration in original)).

3

"[A] court has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice other parties, or where the belated motion would unduly delay the course of proceedings . . . ." *State Farm Ins. Cos. v. Kop-Coat, Inc.*, 183 F. App'x 36, 37–38 (2d Cir. 2006) (internal quotation marks omitted).

As recounted above, this litigation commenced in 2017. Although Plaintiff asserts that the proposed Second Amended Complaint "merely diversifies the statutory bases for [her] claims arising from whistleblower retaliation" (Doc. 213 at 2), Plaintiff had more than ample opportunity over the lengthy course of this case to seek leave to amend the Complaint to add the requested whistleblower claim. Plaintiff explains that, as distinct from New Hampshire's Whistleblowers' Protection Act, Vermont's Whistleblower Act "applies only to 'hospital' or 'nursing home' employers and whistleblower reports related to violations of the law or 'improper quality of patient care'" (*id*. (citing 21 V.S.A. § 507)), features that Plaintiff apparently contends are aptly suited to the facts of this case. The fact remains, however, that Plaintiff has not explained why she requests to add this claim over seven years after the initial Complaint was filed and over six years after the First Amended Complaint was filed. From the outset, this case has involved whistleblower allegations generally, and legal claims brought under New Hampshire and Vermont law. It is not unreasonable for the Court to expect that Plaintiff would have requested leave to add this claim at some point over the previous seven years. At the March 14, 2025 hearing, Plaintiff appeared to assert that the impetus to attempt amendment at this late stage derived from a desire to pursue punitive damages specifically under the Vermont Whistleblower Act. The Court notes, however, that the existing First Amended Complaint includes a demand for punitive damages in its Prayer for Relief. (*See* Doc. 50 at 36.)

4

The Court concludes that leave to amend the First Amended Complaint is not appropriate within days of the start of trial—and after discovery has long been closed and motions on the merits of Plaintiff's claims have been decided by both this Court and the appellate court. *See, e.g.*, *State Farm Ins. Cos.*, 183 F. App'x at 38 (affirming denial of motion to amend complaint where "motion . . . was submitted four years after commencement of th[e] action, almost one year after the close of discovery, and five months after the district court's summary judgment ruling," and noting that, "[t]hroughout the course of this lengthy litigation, [plaintiff] had numerous opportunities to amend their complaint to state [the proposed new] claim . . . , but inexplicably failed to do so"); *Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir. 1995) (affirming denial of motion to amend complaint, and stating that "[i]t was entirely reasonable for the district court to deny a request to amend a complaint that was filed two and one-half years after the commencement of the action, and three months prior to trial"); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (affirming denial of motion to amend complaint, and stating that "permitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been completed and [defendant] had already filed a motion for summary judgment"). Notwithstanding Plaintiff's representation that the proposed new claim "does not add any new types of claims or facts" (Doc. 213 at 2), the Court finds that amendment at this very late stage would prejudice Defendants. With discovery closed and Defendants' summary judgment motion decided many years ago, and the appeal of that motion decided over a year ago, amendment would deprive Defendants of a fair opportunity to challenge the new claim on legal grounds or potentially attempt to develop facts material to the claim. More practically, Defendants would be required, days before trial, to file an amended answer, amend their proposed jury instructions, and prepare to defend against the claim at trial.

Given the lengthy history of this case and the imminence of trial, the Court declines to permit the requested amendment.

<u>**Conclusion**</u>

For these reasons, Plaintiff's Motion for Leave to Amend Complaint (Doc. 213) is DENIED.

Dated at Burlington, in the District of Vermont, this 20th day of March 2025.

*/s/ Kevin J. Doyle*
United States Magistrate Judge

6