UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| **MISTY BLANCHETTE PORTER, M.D.,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 2:17-CV-194 |
| ) | |
| **DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH,** ) ) ) ) ) ) ) | |
| Defendants. ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' RENEWED MOTION TO PRECLUDE THE TESTIMONY OF ROBERT BANCROFT

Plaintiff Misty Blanchette Porter, M.D. ("Dr. Porter" or "Plaintiff") submits this memorandum to oppose Defendants' Renewed Motion to Preclude the Testimony of Robert Bancroft (Doc. 235). Notably, Defendants' first Motion to Preclude the Testimony of Robert Bancroft (Doc.198) is still pending. Yet Defendants now file a "renewed" motion with only one business day before trial begins. Just as Defendants' first motion was unfounded, however, Defendants "renewed" motion fails to show a valid reason for excluding Robert Bancroft's testimony, and the Court should therefore deny Defendants' motion.

At the outset, Defendants' "renewed" motion to preclude Dr. Bancroft's testimony is simply another motion *in limine* – one that has been filed weeks after the deadline for such motion. For that reason alone the Court should disregard the filing.

Moreover, Defendants once again focus on issues that can, and should, be resolved through the adversary process of cross-examination. The concerns they raise about Dr. Bancroft's

undated analysis should be addressed with the jury in cross examination – there is no basis to exclude the testimony. As long as Dr, Bancroft is deemed qualified, and his methodology is deemed reliable, then the Court's gate-keeping function is complete, and Defendants remaining concerns can be addressed at trial.

Finally, although Defendants complain that Dr. Bancroft has updated his report, this update does not support the remedies Defendants seek. Economic experts routinely update their analyses before trial to ensure that the analysis is based on the most current and accurate information. In addition, many of the changes were made to address issues that Defendants themselves identified at the evidentiary hearing. For example, Defendants' counsel explained that salaries at Dartmouth Health had been frozen during COVID. Taking counsel at his word, Dr. Bancroft adjusted his assessment to assume that this was true. This adjustment resulted in a reduction of Plaintiff's damages, so it is unclear why Defendants object so vehemently. Moreover, Dr. Bancroft has updated his assessment to account for the fact that Dr. Porter has not been able to adjust her schedule to a .6 FTE with no call. As she intended, and as Dr. Bancroft assumed in his August 2024 report, Dr. Porter asked her current employer to make that schedule adjustment. However, to date her employer has not agreed. It would not be appropriate to proceed to trial without taking this fact into account. Again, this adjustment has only lowered Plaintiff's losses, so Defendants have not been prejudiced.

Defendants' alternative remedy – to call its own expert – should be rejected. Defendants have had nearly 8 years to find and designate an expert. They have not done so. They should not be permitted to designate a testifying expert one business day before trial. This would be even more prejudicial to Plaintiff than the prejudice Defendants claimed they would suffer if Plaintiff

had been permitted to amend her complaint. Just as the Court denied Plaintiff's motion to amend, the Court should reject Defendants' request to designate a testifying expert.

## CONCLUSION

For the foregoing reasons, Dr. Porter requests that the Court DENY Defendants' motion.

Dated: March 21, 2025 /s/ Geoffrey J. Vitt
Geoffrey J. Vitt, Esq.
Vitt & Nunan, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
gvitt@vittnunanlaw.com

Dated: March 21, 2025 /s/ Eric D. Jones
Eric D. Jones, Esq.
Langrock Sperry & Wool, LLP
210 College Street
P.O. Box 721
Burlington, VT 05402
(802) 864-0217
ejones@langrock.com

Dated: March 21, 2025 /s/ Sarah H. Nunan
Sarah H. Nunan, Esq.
Vitt & Nunan PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055
(802) 649−5700
snunan@vittnunanlaw.com

***Attorneys for Plaintiff,
Misty Blanchette Porter, M.D.***