UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Misty Blanchette Porter, M.D.,

      Plaintiff,

      v.                                                                    Civil Action No. 2:17–cv–194

Dartmouth-Hitchcock Medical Center,
Dartmouth-Hitchcock Clinic,
Mary Hitchcock Memorial Hospital, and
Dartmouth-Hitchcock Health,

      Defendants.

## ORDER
(Doc. 200)

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary

Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Dartmouth

Health") filed a Motion *In Limine* to preclude Plaintiff, Dr. Misty Blanchette Porter, from

referring to the "cat's paw" theory of liability at trial.[1] (*See generally* Doc. 200.) Dartmouth

Health argues that the cat's paw theory of liability is not relevant because neither the Second

Circuit nor appellate courts in Vermont and New Hampshire have explicitly applied this theory

to the claims in this case. (Doc. 200-1 at 4; Doc. 214 at 4.) If the Court finds that the cat's paw

theory applies to some but not all of Dr. Porter's claims, Dartmouth Health maintains that

allowing the jury to only consider the cat's paw for certain claims would confuse the jury. (Doc.

201 at 5.) Thus, the risk of unfair prejudice and confusing and misleading the jury substantially

outweighs the cat's paw theory's probative value under Fed. R. Evid. 403. (*Id.*) Finally,

---

[1] The "cat's paw" theory provides that "an employer may be held liable for the animus of a supervisor who was not charged with making the ultimate adverse employment decision but who was relied on by the decisionmaker." *Porter v. Dartmouth-Hitchcock Med. Ctr.*, 92 F.4th 129, 159 (2d Cir. 2024).

Dartmouth Health submits that the cat's paw theory has little probative value because the evidence shows that "Dr. DeMars had little, if any, influence on Dr. Merrens'[s] ultimate decision." (*Id.* at 6.) Dr. Porter opposes the Motion. (*See generally* Doc. 207.) The Court heard oral argument on this Motion on March 14, 2025.

The Court declines to hold that the federal rules require categorically excluding the cat's paw theory from trial. As a threshold issue, a motion for summary judgment, rather than a motion *in limine*, is a more appropriate vehicle for this request. *See, e.g.*, *United States v. Wilson*, No. 04-CR-1016 (NGG), 2013 U.S. Dist. LEXIS 85087, at *15–17 (E.D.N.Y. June 14, 2013) ("[M]otions *in limine* are traditionally used to prevent the introduction of inadmissible *evidence*, not *arguments*") (emphasis in original)(citing *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)); *Williams v. Rushmore Loan Mgmt. Servs. LLC*, No. 3:15CV673(RNC), 2017 U.S. Dist. LEXIS 29440, at *3–5 (D. Conn. Mar. 2, 2017) (citing cases and treatises explaining that motions *in limine* address evidentiary issues related to trial and that parties should reserve issues of law for motions for summary judgment).

Regardless, Dartmouth Health has not shown that Dr. Porter's use of the cat's paw theory runs afoul of Fed. R. Evid. 403. Although Dartmouth Health characterizes the cat's paw theory as "not available under state law," it acknowledges in the immediately preceding sentences that neither the New Hampshire Supreme Court nor the Vermont Supreme Court have yet decided, one way or the other, whether their respective state laws permit liability under the cat's paw theory. (Doc. 200-1 at 4); *see also Porter*, 92 F.4th at 159 ("[Dr. Porter] may nonetheless be able to recover on her claims of whistleblower discrimination or wrongful discharge on a 'cat's paw'

theory of liability—if such a theory is available under New Hampshire law."). In short, the cat's paw theory may be relevant to Dr. Porter's claims.[2]

Assuming without deciding that the cat's paw theory only applies to some of Dr. Porter's claims, the Court is skeptical that there is a substantial risk of confusing and misleading the jury. Courts routinely ask juries to decide multiple claims, each with its own legal standard. *See, e.g.*, *Bridges v. Eastman Kodak Co.*, 800 F. Supp. 1172, 1179 (S.D.N.Y. 1992) ("Juries are instructed regularly on different theories of relief. . . . The mere existence of one difference in legal theory does not create a sufficient likelihood of jury confusion to justify dismissing plaintiffs' [employment discrimination] claims.") Appropriate jury instructions will ensure proper application of the law to the facts underlying each claim.

The Court also declines to find that the cat's paw theory should be excluded for lacking any probative value because "the record does not support the notion that Dr. Merrens relied upon Dr. DeMars'[s] opinions in his decision-making process in any tangible way." (Doc. 200-1 at 5.) Indeed, such a finding would be remarkable given that the Second Circuit considered and rejected, at length, this exact argument in its 2024 opinion in this case. *See Porter*, 92 F.4th at 159–61; *see also id.* at 160 (finding that Dartmouth Health's contentions on this subject "are wide of the mark").

---

[2] To date, the Second Circuit "has not resolved whether a cat's paw theory of liability is viable under the ADA and Rehabilitation Act." *Whitney v. Montefiore Med. Ctr.*, No. 21 Civ. 9623 (PAE), 2023 WL 7386400, at *15 (S.D.N.Y. Nov. 8, 2023). District courts in this circuit have expressed both belief and doubt regarding whether the cat's paw theory applies to claims under these statutes. *See id.* As to Dr. Porter's claims under Vermont and New Hampshire state law, there is some indication that the cat's paw theory may, at a minimum, be available for claims for disability discrimination and retaliation under the Vermont Fair Employment Practices Act ("FEPA"). *See, e.g.*, *Robertson v. Mylan Lab'ys, Inc.*, 2004 VT 15, ¶ 16, 176 Vt. 356, 848 A.2d 310 (2004) (holding that the "standards and burdens of proof to be applied under FEPA are identical to those applied under Title VII of the United States Civil Rights Act"); *Vasquez v. Empress Ambulance Serv., Inc.*, 835 F.3d 267, 272–73 (2d Cir. 2016) (holding that cat's paw theory applies to claims of discriminatory retaliation under Title VII). As Dr. Porter has not stated whether she intends to pursue liability under the cat's paw theory at trial, the Court need not determine whether the theory is available at this time.

For the reasons discussed above, Defendants' Motion *In Limine* to Preclude the "Cat's Paw" Theory of Liability (Doc. 200) is DENIED.

Dated at Burlington, in the District of Vermont, this 21st day of March 2025.

*/s/ Kevin J. Doyle*
United States Magistrate Judge

4