UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:17-cv-194 |
| ) | |
| DARTMOUTH-HITCHCOCK MEDICAL ) | |
| CENTER, DARTMOUTH-HITCHCOCK ) | |
| CLINIC, MARY HITCHCOCK ) | |
| MEMORIAL HOSPITAL, and ) | |
| DARTMOUTH HITCHCOCK HEALTH, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE EXPERT REPORT

Now come Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital and Dartmouth Hitchcock Health ("Dartmouth Health" or "Defendants") and submit Motion in Limine to Preclude Dr. Robert Bancroft's Expert Report in the above-captioned matter. Dartmouth-Hitchcock respectfully submits as follows:

Dr. Porter ("Plaintiff") seeks to introduce into evidence the reports of her expert Dr. Bancroft dated August 26, 2024 and March 19, 2025, marked for identification as Plaintiff's Exhibit Nos. 1 and 1A. As it is expected that Dr. Bancroft will be called to testify at trial, the introduction of the reports into evidence can serve no useful purpose. Courts have held that where an expert is expected to testify at trial, his report is not only inadmissible hearsay, but also redundant. *Aktas v. JMC Dev. Co.*, No. 1:09-CV-01436 MAD, 2013 WL 55827, at *5 (N.D.N.Y. Jan. 3, 2013); *see Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 2002 WL 826956, at *7 (S.D.N.Y.2002) (collecting cases and agreeing that "where an expert is expected to

testify at trial, her report is inadmissible hearsay and redundant") ("Defendants' motion is granted insofar as it seeks to preclude the admission of Dr. Graham's expert report."); *see also Ake v. Gen. Motors Corp.*, 942 F.Supp. 869 (W.D.N.Y.1996) (excluding as hearsay the expert's report); *see also Horn v. Med. Marijuana, Inc.*, No. 15-CV-701-JWF, 2021 WL 1700257 (W.D.N.Y. Apr. 29, 2021) (same); *see also Johnston v. Borders*, No. 615CV936ORL40DCI, 2018 WL 4215027, at *1 (M.D. Fla. Sept. 4, 2018) ("Expert reports are hearsay; that is, a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); *see also Jones v. Royal Caribbean Cruises, Ltd.*, No. 12–20322–CIV, 2013 WL 8695361, at *2 (S.D. Fla. Apr. 4, 2013) (finding expert's written report is not admissible at trial, but it can be used to refresh his recollection, if necessary); *Neagle v. Illinois Tool Works, Inc.*, No. 1:08-cv-2080-WSD, 2011 WL 13173913, at *1 (N.D. Ga. Feb. 11, 2011) (noting expert reports generally are inadmissible because they are hearsay).

Even if Dr. Bancroft's charts are permitted to be presented to the jury, Dr. Bancroft's report is hearsay, an out-of-court statement offered to prove the truth of the matter asserted. The report is not a business record, a record of events made at or near the time of the event, a record involving the proponent's regularly conducted business, a public record, a prior consistent statement because it was not offered to rebut a charge of recent fabrication or improper motive, an adoptive admission because it was not offered against the party who adopted it, or the basis for the expert's opinion because "the report is his opinion." *Ake v*, 942 F. Supp. at 877–78. While Dr. Bancroft will be permitted to testify as to his opinion at trial, the reports contain narratives that may not be connected to testimony at trial, and therefore, if allowed into evidence, will convey to the jury information that is not otherwise properly before them and not subjected to cross-examination. The Court should rule consistent with other courts that have considered

the admissibility of a testifying expert's report at trial and exclude its admission. *Granite Partners, L.P. v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 96-CV-7874, 2002 WL 826956, at *7 (S.D.N.Y. May 1, 2002) (collecting cases and agreeing that "where an expert is expected to testify at trial, her report is inadmissible hearsay and redundant").

The Court's reliance on *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 980 F. Supp. 2d 425, 442 (S.D.N.Y. 2013) to support the admissibility of the reports is misplaced. In *MTBE*, the court was determining whether it could consider the expert's opinions in the report on a for summary judgment purposes, not whether the report itself would be admissible at trial. *Id.* The posture in *Muto v. Cty. of Mendocino*, was the same, whether a court could consider an expert's opinions in a report at summary judgment and was expressly limited as such. No. 20-cv-06232-SK, 2022 U.S. Dist. LEXIS 80131, at *31 (N.D. Cal. May 3, 2022) ("[T]he form of the content does not control the admissibility of evidence *for summary judgment.* … If called as an expert witness at trial, Naber could provide her opinion" through testimony (citing *Fraser v. Goodale*, 342 F.3d 1032, 1036-37 (9th Cir. 2003)-(emphasis added)).

## Conclusion

In conclusion, Dartmouth-Hitchcock asserts that the Court should preclude Dr. Bancroft's report itself as inadmissible hearsay. The report is an unsworn, out of court statement being offered for the truth of the matter asserted. As decided by the court, the expert will have the opportunity to testify as to his opinions at trial, subject to cross-examination. The reports contain narratives that are unlikely to be connected to testimony at trial, and therefore, if allowed into evidence, will convey to the jury information that is not otherwise properly before them. The Court should rule consistent with other courts that have considered the admissibility of a testifying expert's report at trial and exclude its admission.

Date: March 26, 2025                              Respectfully submitted,


/s/ Tristram J. Coffin
Tristram J. Coffin

**DOWNS RACHLIN MARTIN PLLC**

Tristram J. Coffin
199 Main Street
Burlington, VT 05402
Telephone: 802-863-2375
tcoffin@drm.com

**FOLEY & LARDNER LLP**

Donald W. Schroeder (admitted *pro hac vice*)
Morgan McDonald-Ramos (admitted *pro hac vice*)
Megan E. Martinez (admitted *pro hac vice*)
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
dschroeder@foley.com
mmcdonald@foley.com
memartinez@foley.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that, on March 26, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

                                        */s/ Megan E. Martinez*
                                        Megan E. Martinez

23446286.1