# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, <br><br> Defendants. | Case No. 2:17-cv-194 |

## DEFENDANTS' PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Defendants" or "Dartmouth Health") respectfully request that the Court instruct the jury in accordance with the supplemental instructions attached hereto, in addition to its preliminary proposed jury instructions, filed on March 10, 2025. *See* ECF No. 217.

Date: April 3, 2025                               Respectfully submitted,

                                                         */s/ Tristram J. Coffin*
                                                         Tristram J. Coffin

                                                         **DOWNS RACHLIN MARTIN PLLC**
                                                         Tristram J. Coffin
                                                         199 Main Street
                                                         Burlington, VT 05402
                                                         Telephone: 802-863-2375
                                                         tcoffin@drm.com

                                                         and

                                                         **FOLEY & LARDNER LLP**

                                                         Donald W. Schroeder (admitted *pro hac vice*)
                                                         Morgan McDonald-Ramos (admitted *pro hac vice*)
                                                         Megan E. Martinez (admitted *pro hac vice*)
                                                         111 Huntington Avenue
                                                         Boston, MA 02199
                                                         Tel: (617) 342-4000
                                                         dschroeder@foley.com
                                                         mmcdonald@foley.com
                                                         memartinez@foley.com

                                                         *Attorneys for Defendants*

## DEFENDANTS' PROPOSED SUPPLEMENTAL JURY INSTRUCTION NO. 1[1]

### Cat's Paw Theory of Liability[2]

The following instruction shall only be provided if the cat's paw theory will not be applied:

In deciding whether the termination of Dr. Misty Blanchette Porter's ("Dr. Porter's") employment was discriminatory, you must consider the intent of Dr. Merrens, rather than the intent of Dr. DeMars. In other words, you **may not** find that the ultimate decision to terminate Dr. Porter's employment was discriminatory based on a theory that Dr. Merrens relied upon Dr. DeMars who acted with an intent to discriminate against Dr. Porter on the basis of her disability or protected activity.

The following instruction shall only be provided if the cat's paw theory will be applied:

In deciding whether the termination of Dr. Misty Blanchette Porter's ("Dr. Porter's") employment was discriminatory, you may consider the intent of Dr. DeMars, in addition to the intent of Dr. Merrens. You may find that Dr. Merrens' decision to terminate Dr. Porter's employment was discriminatory if:

1. Dr. DeMars acted with an intent to discriminate against Dr. Porter on the basis of her disability or protected activity; and

2. Dr. Demars sufficiently influenced Dr. Merrens' decision to terminate Dr. Porter.

---

[1] *See Gentleman v. State Univ. of New York Stony Brook*, No. 21-1102-CV, 2022 WL 1447381, at *4 (2d Cir. May 9, 2022) ("We have never determined whether the 'cat's paw' theory of liability can apply under the "but-for" standard of causation applicable to claims under the ADA and Rehabilitation Act."); *Burnap v. Somersworth Sch. Dist.*, 172 N.H. 632, 639 (2019) ("We have never considered . . . whether a plaintiff could survive summary judgment on a discrimination claim brought under RSA chapter 354-A relying on the cat's paw theory[.]").

[2] Adapted from Fed. Emp. Jury Instructions § 4:495.

# DEFENDANTS' SUPPLEMENTAL PROPOSED JURY INSTRUCTION NO. 2

## Damages

In the event that you conclude Defendants did not unlawfully terminate Plaintiff, you need not reach the question of damages. If you do find that Plaintiff has satisfied her burden to demonstrate that her termination was unlawfully motivated, you must determine damages.

Please keep in mind the following general principles as you deliberate. Remember that Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages may not be based on sympathy, speculation, or guesswork. In making your decision, you should be guided by the evidence, common sense, and your best judgment.[3]

## COMPENSATORY DAMAGES

"Compensatory damages" is a legal term referring to the amount of monetary payment to which the Plaintiff is entitled to compensate her for her losses, if any, which resulted from Defendants' termination. Compensatory damages seek to make the Plaintiff whole – that is, to compensate her for any harm that she may have suffered.

For each item of loss or harm that Plaintiff claims, she has the burden of proving by a preponderance of the evidence that (1) she has or will have such a loss or harm and (2) the loss or harm was caused by the legal fault of the Defendants. If you decide that the Plaintiff has proven these two matters to be more probable than not, you must then decide how much money will fully, fairly, and adequately compensate her for each of those items of loss or harm. Plaintiff's claim for damages includes lost wages.

---

[3] *Brueckner v. Norwich University*, 169 Vt. 118, 128–29 (1999); *Kramer v. Chabot & Sons*, 152 Vt. 53, 55 (1989); *My Sister's Place v. Burlington*, 139 Vt. 602, 612 (1981); *Melford v. S.V. Rossi Const. Co.*, 131 Vt. 219, 223, 225–26 (1972).

You must determine the amount of any wages and fringe benefits Plaintiff would have earned in her employment with Defendants if she had not been discharged, less what she actually received from other employment.

In determining the amount of damages to allow the Plaintiff, you may draw such inferences as are justified by your common experiences and observations of humankind, from the evidence of the nature of the injuries and the results thereof. The damages you award must be fair and reasonable, neither inadequate nor excessive. You should not award damages for speculative injuries, but only for those injuries that the Plaintiff has actually suffered. In awarding compensatory damages, should you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require the Plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

I remind you that you may award compensatory damages only for injuries that Plaintiff proves by a preponderance of the evidence were proximately caused by the Defendants' allegedly wrongful termination. This means that Plaintiff must prove that her injuries would not have occurred but for Defendants' allegedly wrongful termination.

### FACTORS NOT TO BE CONSIDERED IN DETERMINING DAMAGES

In determining the amount of damages to award to the Plaintiff, you must consider only the evidence in the case. You must not consider, discuss, or speculate upon any events, factors, possibilities or other matters not admitted in evidence. The only proper consideration is what amount of money will fully, fairly, and adequately compensate the Plaintiff for the injuries she has sustained as you find from the evidence. You may not consider or speculate on whether the Plaintiff has received benefits from

other sources in connection with her injuries. Finally, you should not add any sum to such an award to compensate for presumed income tax.

## MITIGATION OF DAMAGES

A party seeking damages must make reasonable efforts to minimize or eliminate those damages. A party is not entitled to recover damages to the extent those damages could have been reduced or avoided by reasonable efforts. This is called mitigation. Plaintiff has a duty to mitigate her damages by attempting to secure or securing suitable alternative employment to her employment with Defendants. Suitable alternative employment is employment for which Plaintiff is qualified that has similar job duties and compensation to the position she held with Defendants. In order to mitigate her damages, Plaintiff is required to exercise a good faith effort to obtain suitable alternative employment and that her efforts were reasonably calculated to find suitable employment; Plaintiff cannot withdraw from the job market entirely.

If you find that Plaintiff has failed to mitigate her damages because she failed to find suitable alternative employment, you must subtract the monetary amount of any such failure from your damages calculation.[4]

## PUNITIVE DAMAGES

In the event that you conclude Defendants did not unlawfully terminate Plaintiff, you need not reach the question of punitive damages.

---

[4] *Langlois v. Town of Proctor*, 2014 VT 130, ¶ 22 ("Under the mitigation of damages doctrine – also known as the doctrine of avoidable consequences – a plaintiff may not recover for any damages that the plaintiff could have avoided or minimized through reasonable care or expenditure"); *Arroyo v. Milton Academy*, No. 5:10-cv-117 (D. Vt. Feb. 1, 2012). The burden is on the party asserting that mitigation could have been accomplished. *Cartin v. Continental Homes of New Hampshire*, 134 Vt. 362, 366 (1976).

Punitive damages are meant to punish a party for its clearly outrageous conduct, and to stop others from acting similarly in the future. In order to award punitive damages, you must find two things:

First, you must find that Defendants' wrongful conduct was outrageously reprehensible; that is, that the conduct—whether acts or failures to act—was egregious, morally deserving of blame, to a degree of outrage frequently associated with a crime. Defendants conduct must shock the conscience.

Second, you must find that Defendants acted with malice. You may find malice if you find that Defendants' reprehensible conduct was intentional and deliberate; that is, that the conduct was the result of Defendants' bad motive, ill will, or personal spite or hatred toward Plaintiff. You may also find malice even if Defendants' motivation behind the intentional, outrageous conduct was to benefit itself, rather than to harm Plaintiff. Alternatively, you may find malice if Defendants' wrongful conduct was not intentional, but instead was done with a reckless or wanton disregard of the substantial likelihood that it would cause egregious harm to Plaintiff; that is, if Defendants acted—or failed to act—with conscious and deliberate disregard of a known, substantial, and intolerable risk of harm to Plaintiff, with the knowledge that the conduct was substantially certain to result in the threatened harm.

If you do not find that Defendants' conduct was outrageously reprehensible such that it shocks the conscience or that Defendants acted with malice, you should not award Plaintiff punitive damages.

## DEFENDANTS' PRELIMINARY PROPOSED JURY INSTRUCTION NO. 3

### Reasonable Accommodations[5]

Employers are **never required** to provide a perfect accommodation or to give an employee her most strongly preferred accommodation. Liability cannot be imposed because an employer failed to explore alternative accommodations when the accommodations provided to the employee were plainly reasonable.

Although reassignment to **an existing, vacant** position can be a reasonable accommodation, the law **does not** require an employer to create a new position as an accommodation for an employee's disability. In other words, under no circumstances does the law require Dartmouth Health to create a new position for Dr. Porter.

---

[5] Adapted from ABA Model Jury Instr. Emp. Lit. § 1.02; *Noll v. Int'l Bus. Machines Corp.*, 787 F.3d 89, 95, 98 (2d Cir. 2015); *Fink v. New York City Dep't of Pers.*, 53 F.3d 565, 567 (2d Cir. 1995); 29 C.F.R. § 1630; *Graves v. Finch Pruyn & Co., Inc.*, 457 F.3d 181, 187 (2d Cir. 2006); *Cooper v. Dolgencorp, LLC*, 93 F.4th 360, 371-72 (6th Cir. 2024); *Ehlers v. Univ. of Minnesota*, 34 F.4th 655 (8th Cir. 2022); *Perdue v. Sanofi-Aventis U.S., LLC*, 999 F.3d 954, 960 (4th Cir. 2021).

## CERTIFICATE OF SERVICE

      I hereby certify that, on April 3, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

                                          */s/ Megan E. Martinez*
                                            Megan E. Martinez