IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D.,<br><br>Plaintiff,<br><br>vs.<br><br>DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH,<br><br>Defendants. | Case No. 2:17-cv-194 |

**DEFENDANTS' MEMORANDUM REGARDING LAW
APPLICABLE TO A POTENTIAL AWARD OF PRE-JUDGMENT INTEREST**

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Defendants" or "Dartmouth Health") hereby submit this memorandum regarding the applicable law pertaining to a potential award of prejudgment interest. Before the Court issues its charge to the jury, Defendants request that the Court clarify a material point regarding the subject of potential damages.

    **I.   Pre-judgment interest, if any, must be awarded by the Court rather than by the jury.**

Second Circuit precedent is clear that pre-judgment interest, if any, is to be awarded by the Court rather than the jury. *Gierlinger v. Gleason,* 160 F.3d 858, 873 (2d Cir. 1998) ("In a suit to

1

enforce a federal right, the question of whether or not to award prejudgment interest is ordinarily left to the discretion of the district court[.]"); *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 56 (2d Cir. 1998) ("[I]t it is within the trial court's broad discretion to elect whether and how to compute pre-judgment interest."); *Kuper v. Empire Blue Cross & Blue Shield*, No. 99-CV-1190, 2004 WL 97685, at *2 (S.D.N.Y. Jan. 20, 2004) ("First, the decision to award prejudgment interest on back pay generally is a matter left to the discretion of the presiding court."); *E.E.O.C. v. Yellow Freight Sys., Inc.,* No. 98 Civ. 2270 (THK), 2002 WL 31011859, at *32 (S.D.N.Y. Sept. 9, 2002) ("[T]he rate of prejudgment interest lies within the court's discretion….").

Despite not being an attorney or legal expert, Plaintiff's damages expert Dr. Robert Bancroft impermissibly included pre-judgment interest at a rate of twelve (12) percent in his analysis of Dr. Porter's purported economic loss. Cross-examination of Dr. Bancroft elicited testimony to the effect that his conclusions would be different had he used another interest rate.[1] Dr. Bancroft presented this flawed analysis to the jury even though pre-judgment interest is an issue reserved solely for the Court. *Cf. Gierlinger,* 160 F.3d at 874 ("Further, the concept of

---

[1] Defendants hereby renew and reassert their argument that Vermont's statutory prejudgment interest rate is inapplicable to any of the claims asserted in this matter. Prejudgment interest calculated under 9 V.S.A. § 41a(a) "'is awarded as of right when the principal sum recovered is liquidated or capable of ready ascertainment and may be awarded in the court's discretion for other forms of damage.'" *Martin v. Lyon*, 2024 VT 68, ¶ 10, 329 A.3d 184 (quoting Reporter's Notes—1981 Amendment, V.R.C.P. 54). The Vermont Supreme Court has explained that damages in a contract case are not reasonably ascertainable where they were (1) "the subject of conflicting expert testimony" and (2) "the parties dispute how the jury could arrive at the damages it awarded." *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 141, 636 A.2d 744, 752 (1993); *see also Windsor Sch. Dist. v. State*, 2008 VT 27, ¶ 31, 183 Vt. 452, 956 A.2d 528 ("The trial court correctly determined that prejudgment interest was not mandatory in this case. As the court found, and the record plainly showed, the fees that [Plaintiff] claimed to have incurred . . . were the subject of considerable dispute and conflicting evidence at trial, and the court ultimately awarded substantially less than [Plaintiff] sought.").

It is clear from, *inter alia*, the various iterations of Dr. Bancroft's report—which alternately conclude that Dr. Porter suffered $3.0 million, $4.8 million, $4.0 million, and $1.787 million in losses—that Dr. Porter's purported damages are not readily ascertainable.

prejudgment interest was at no point mentioned to the jury."). In light of Dr. Bancroft's testimony, Dartmouth Health requests a jury instruction to the effect that, if Dr. Porter is awarded damages in connection with this matter, such award should <u>not</u> include any amount meant to compensate Dr. Porter for pre-judgment interest.

### II. If the Court awards pre-judgment interest, it must utilize the federal interest rate.

Plaintiff has asserted six (6) claims in this matter, only one of which is brought pursuant to Vermont state law.[2] Even assuming *arguendo* that the 12% interest rate utilized by Dr. Bancroft is applicable to Plaintiff's Vermont Fair Employment Practices Act ("VFEPA") claim in isolation, Dr. Porter's VFEPA claim is inextricably linked to her New Hampshire and federal law causes of action such that interest must be calculated at the federal rate. *See Thomas v. iStar Fin., Inc.*, 652 F.3d 141, 150 (2d Cir. 2011) ("[J]udgments that are based on both state and federal law with respect to which no distinction is drawn shall have applicable interest calculated at the federal interest rate.") (collecting cases); *Kuper v. Empire Blue Cross & Blue Shield*, No. 99 Civ. 1190 (JSG) (MHD), 2003 WL 23350111, at *3 (S.D.N.Y. Dec. 18, 2003), report and recommendation adopted, No. 99-CV-1190, 2004 WL 97685 (S.D.N.Y. Jan. 20, 2004) ("Where, however, a judgment is based on violations of both federal and state law, courts in this circuit uniformly have applied a federal interest rate, most commonly based on the average rate of return on one-year Treasury bills … for the relevant time period.") (citing 28 USC § 1961(a)).

---

[2] Plaintiff's common law claim for wrongful discharge is brought under New Hampshire law. *Porter v. Dartmouth-Hitchcock Med. Ctr.,* 92 F.4th 129, 155 (2d Cir. 2024) ("Under New Hampshire common law, a plaintiff may recover against her former employer on a claim of wrongful discharge…").

3

Each and every one of Plaintiff's claims turns on the same purported underlying injury: loss of Dr. Porter's employment at Dartmouth Health. In her First Amended Complaint, Dr. Porter seeks, *inter alia*, "[a]n award of damages for any and all monetary and non-monetary losses suffered by plaintiff in an amount to be determined at trial" without any attempt to delineate such losses according to cause of action. (ECF No. 50 at 35). Dr. Bancroft's convoluted analysis likewise fails to distinguish between losses attributable to Dr. Porter's state law claims and losses resulting from her federal claims. Accordingly, the Court must award pre-judgment interest – if at all – at the federal interest rate.

## REQUEST FOR RELIEF

For the foregoing reasons, Dartmouth Health requests (i) a jury instruction to the effect that the jury should not include pre-judgment interest in connection with any damages awarded to Dr. Porter, and (ii) that, if the jury determines that Dr. Porter is indeed entitled to damages, the Court apply the federal interest rate.

Date: April 6, 2025								Respectfully submitted,

*/s/ Tristram J. Coffin*

**DOWNS RACHLIN MARTIN PLLC**

Tristram J. Coffin
199 Main Street
Burlington, VT 05402
Telephone: 802-863-2375
tcoffin@drm.com


**FOLEY & LARDNER LLP**

Donald W. Schroeder (admitted *pro hac vice*)
Morgan McDonald (admitted *pro hac vice*)
Megan E. Martinez (admitted *pro hac vice*)
111 Huntington Avenue
Boston, MA 02199
Tel: (617) 342-4000
dschroeder@foley.com
mmcdonald@foley.com
memartinez@foley.com

*Attorneys for Defendants*

4903-5346-4371.1

## CERTIFICATE OF SERVICE

      I hereby certify that, on April 6, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

                                                  */s/ Megan E. Martinez*
                                                      Megan E. Martinez

4903-5346-4371.1