UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| **MISTY BLANCHETTE PORTER, M.D.,**<br>      **Plaintiff,**<br><br>      v.<br><br>**DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH,**<br>      **Defendants.** | Docket No. 2:17-CV-194 |

### PLAINTIFF'S MOTION TO PRECLUDE ANY REDUCTION OF DAMAGES BASED ON CONDITIONAL OFFER OF SEVERANCE PAY

Plaintiff Misty Blanchette Porter, M.D. ("Dr. Porter" or "Plaintiff") submits this Motion seeking to preclude any reduction of her damages based on the conditional offer of severance pay made by Defendants at the time of her termination.

During the trial, Defendants took the position that Dr. Porter should be penalized (in the form of a reduction in damages) for refusing to sign a proposed severance agreement in which she would have received money in exchange for giving up her rights to bring this very lawsuit. Unsurprisingly, Plaintiff's counsel were unable to locate any case law in this jurisdiction that would support this outcome.[1]

---

[1] Plaintiff's counsel did locate cases in which severance payments *actually received* were credited against damages, *see, e.g.*, *Sinclair v. Ins. Co. of North America*, 609 F. Supp. 397 (E.D. Penn. 1984); however, those cases are readily distinguishable. Defendants here did not make severance payments to Dr. Porter and conditioned the offer of payments on Dr. Porter giving up other rights. *Cf. Sharkey v. Lasmo (Aul Ltd.)*, 55 F. Supp. 2d 279, 287 (S.D.N.Y. 1999) (rejecting defendant's argument that plaintiff was not entitled to back pay because he refused to accept offer of replacement position, noting that a reasonable jury could have found Plaintiff's rejection of an offer of a temporary job that would have left him with a lower salary, a lesser severance provision in his employment agreement, and relocation to Canada to be reasonable under the circumstances).

Legal Standard

As in many other areas of law, a plaintiff in a wrongful termination case has a duty to mitigate damages. *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231 (1982). Failure to mitigate may reduce any ultimate damage award. *See, e.g., Landgraf v. USI Film Prods.*, 511 U.S. 244, 253 n.5 (1994) ("Interim earnings or amounts earnable with reasonable diligence by the person or persons discriminated against shall operate to reduce the back pay otherwise allowable."). The employer bears the burden to prove that plaintiff failed to mitigate her damages. *See, e.g.,* Restatement of Employment Law § 9.01, cmt. f (2015) ("In employment cases, absent provision to the contrary in the applicable law, the employer has the burden of persuasion on failure to mitigate.").

The Duty to Mitigate Does Not Require a Plaintiff to Accept a Severance Agreement

A plaintiff is not required to accept any job that comes her way nor is she required to go to the ends of the earth to seek new employment. She is expected to use "reasonable diligence" to locate "substantially equivalent" employment. *See, e.g., Ford Motor*, 458 U.S. at 231 (stating that plaintiff "need not go into another line of work, accept a demotion, or take a demeaning position"); *Ramey v. Dist. 141, Int'l Ass'n of Machinists & Aerospace Workers*, No. 99CV4341BMCRML, 2008 WL 11416952, at *5 (E.D.N.Y. Oct. 23, 2008), *vacated in part,* 362 F. App'x 212 (2d Cir. 2010) (collecting cases that show an employee is not obligated to accept replacement work that requires relocation or an excessive commute); *Schnabel v. Nordic Toyota, Inc.*, 168 Vt. 354, 361 (1998) (finding plaintiff's rejection of a "service writer" position, where plaintiff had been a master technician for Toyota vehicles and had no training or experience with Ford vehicles and the position would have paid substantially less, did not constitute a failure to mitigate damages).

Defendants offered severance payments to Dr. Porter. But the offer was not

2

unconditional. Dr. Porter would have been required to sign an agreement releasing all of her claims against Defendants. Just as Dr. Porter would not be expected to mitigate damages by accepting a position that was not "substantially equivalent" to her prior position at DH, so too she cannot be expected to mitigate damages by accepting severance payments offered on condition that she waive all claims against Defendants. *Cf. Malinowski v. Wall Street Source, Inc.*, No. 09 Civ. 9592(PAE), 2011 WL 6019245 (S.D.N.Y. Dec. 2, 2011) (noting that where an employment agreement contains a severance clause, the plaintiff is exempted from the usual duty to mitigate); *E.E.O.C. v. Northwestern Mem. Hosp.*, 858 F. Supp. 759, 768 (N.D. Ill. 1994) (rejecting defendant's argument that nurse's decision to accept severance rather than the alternative position offered which would have entailed a significant demotion and reduction in pay constituted failure to mitigate damages). Refusal to sign the severance agreement cannot be described as a failure to mitigate and, as such, there is no basis to argue that her damages ought to be reduced by an equivalent amount.

## Conclusion

For the reasons stated above, Dr. Porter respectfully asks this Court to find that any award of damages will not be reduced by the amount of the conditionally-offered severance.

Dated: April 6, 2025            /s/ Geoffrey J. Vitt
                                Geoffrey J. Vitt, Esq.
                                Vitt & Nunan, PLC
                                8 Beaver Meadow Road
                                P.O. Box 1229
                                Norwich, VT 05055-1229
                                (802) 649-5700
                                gvitt@vittnunanlaw.com

                                Eric D. Jones, Esq.
                                Langrock Sperry & Wool, LLP
                                210 College Street
                                P.O. Box 721

Burlington, VT 05402
(802) 864-0217
ejones@langrock.com

Sarah H. Nunan, Esq.
Vitt & Nunan PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055
(802) 649−5700
snunan@vittnunanlaw.com

***Attorneys for Plaintiff,
Misty Blanchette Porter, M.D.***