UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| **MISTY BLANCHETTE PORTER, M.D.,**<br>　　　　Plaintiff,<br><br>　　v.<br><br>**DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH,**<br>　　　　Defendants. | Docket No. 2:17-CV-194 |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MEMORANDUM REGARDING LAW APPLICABLE TO A POTENTIAL AWARD OF PRE-JUDGMENT INTEREST

Plaintiff Misty Blanchette Porter, M.D. ("Dr. Porter" or "Plaintiff") opposes Defendants' Motion and supporting Memorandum Regarding Law Applicable to a Potential Award of Pre-Judgment Interest. What Defendants portray as "clear," (Doc. 266 at 1), is, in reality, more nuanced and complex.

Federal courts have discretion with respect to an award of prejudgment interest.[1] *See, e.g., Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 55–56 (2d Cir. 1998) (stating "it is within

---

[1] Although Defendants argue that Dr. Porter's damages are not "liquidated or readily ascertainable," (Doc. 266 at n.1 (quoting Reporter's Notes—1981 Amendment, V.R.C.P. 54)), the standard to award prejudgment interest as of right does not demand perfection. *See, e.g., Birchwood Land Co. v. Ormond Bushey & Sons, Inc.*, 2013 VT 60, ¶ 24, 194 Vt. 478, 82 A.3d 539 (affirming trial court's finding that damages were reasonably certain and awarding prejudgment interest as a matter of right, noting that "[d]amages need not be precisely or infallibly ascertainable, only … reasonably so") (internal quotations and citation omitted). Where the damages consist of lost wages, they are sufficiently ascertainable. *See, e.g., Smedberg*, 2007 VT 99 at ¶¶ 37–38 (finding damages were readily ascertainable where "plaintiff's salary was known with reasonable certainty"). Even if Dr. Porter was not entitled to prejudgment interest as of right, the court has discretion to award it to avoid injustice. *See, e.g., Estate of Fleming v. Nicholson*, 168 Vt. 495, 500 (1998).

the trial court's broad discretion to elect whether and how to compute pre-judgment interest" but declining to prescribe a rate).  In cases such as the present, however, failure to award pre-judgment interest on back pay can be considered an abuse of discretion.  *Clergeau v. Loc. 1181, Amalgamated Transit Union, AFL-CIO*, 162 F. App'x 32, 35 (2d Cir. 2005).  *See also Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993) (noting that where damages reflect compensation for lost pay, "it is ordinarily an abuse of discretion *not* to include pre-judgment interest"); *Gierlinger v. Gleason*, 160 F.3d 858, 873–74 (2d Cir. 1998) (noting award of pre-judgment interest "prevents the defendant employer from attempting to enjoy an interest-free loan for as long as it can delay paying out back wages"); *Smedberg v. Detlef's Custodial Service, Inc.*, 2007 VT 99, ¶¶ 35–39, 182 Vt. 349, 940 A.2d 674 (explaining that prejudgment interest is meant to restore "harmed plaintiffs to the financial position they would have enjoyed").

Defendants cite *Gierlinger* for the premise that "[i]n a suit to enforce *a federal right*, the question of whether or not to award prejudgment interest is *ordinarily* left to the discretion of the district court," 160 F.3d at 873 (emphasis added); however, "ordinarily" is not the same as shall.  Indeed, in *Gierlinger*, the court did not take issue with the idea of the jury having included pre-judgment interest in its calculation of damages but rather noted that there was "no support in the record" for that conclusion.  *Id.* at 874.

In diversity cases involving state-law claims only, federal courts have applied the rate of prejudgment interest prescribed by state law.  *See, e.g., Rhodes v. Davis*, 628 F. App'x 787, 792 (2d Cir. 2015) (noting that the question of pre-judgment interest is one of substantive law and state law applies to supplemental state law claims where plaintiff did not prevail on any federal claims) (citing *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir. 1998) and *Schwimmer v. Allstate Ins. Co.*, 176 F.3d 648, 650–51 (2d Cir. 1999)).  *See also Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941) (concluding that in diversity cases, interest is awarded

"at such rate as is allowed by law on judgments recovered in the courts of the state in which the court is held"). Where both federal and state law claims are involved, the courts have been less consistent. *See, e.g., Cheney v. New England Publishers, Inc.*, No. 5091012, 2014 WL 8515132, *3 (Vt. Super. July 8, 2014) (applying Vermont's 12% judgment interest rate where jury verdict could have been justified under federal or state law); *Connolly Geaney Ablitt & Willard, PC*, 614 B.R. 133, 156-58 (B.A.P. 1st Cir. 2020) (noting some courts have considered the "source of the claim" and applied federal interest rates where federal law gives rise to the claim and state interest rates where state law determines the outcome of the claim and others have allowed the prevailing plaintiff to choose whether federal or state law would apply); *Thomas v. iStar Fin., Inc.*, 652 F.3d 141, 150 (2d Cir. 2011) (holding that "judgments that are based on both state and federal law with respect to which no distinction is drawn shall have applicable interest calculated at the federal interest rate"); *Merritt v. United States*, No. 5:18-cv-200, 2022 WL 17573683, at * 1 (applying Vermont law on prejudgment interest to plaintiff's supplemental state law claims); *In re Redondo Const. Corp.*, 678 F.3d 115, 125 (1st Cir. 2012) ("When state-law claims … are adjudicated by a federal court, prejudgment interest is normally a matter of state law.").

In the alternative, if the federal rate of interest is used, then it should be compounded annually. *See Gierlinger v. Gleason*, no. 89-cv-0686E(F), 1999 WL 222604, at *2 (W.D.N.Y. Apr. 2, 1999) (noting that "such rate ordinarily should be compounded annually in an employment discrimination case") (citing *Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993).[2]

## Conclusion

For the reasons stated above, Defendants' motion should be denied, and Vermont's 12%

---

[2] In contrast, Vermont law dictates that simple interest of 12% is awarded as prejudgment interest. *Town of Ira v. Vermont League of Cities & Towns—Prop. & Cas. Intermunicipal Fund, Inc.*, 2014 VT 115, ¶ 16, 198 Vt. 12, 22, 109 A.3d 893, 900 (citing *Greenmoss Builders, Inc. v. Dun & Bradstreet, Inc.*, 149 Vt. 365 (1988)).

3

judgment rate should be used to award prejudgment interest on any damages awarded by the jury.

Dated: April 6, 2025 /s/ Geoffrey J. Vitt
Geoffrey J. Vitt, Esq.
Vitt & Nunan, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
gvitt@vittnunanlaw.com

Eric D. Jones, Esq.
Langrock Sperry & Wool, LLP
210 College Street
P.O. Box 721
Burlington, VT 05402
(802) 864-0217
ejones@langrock.com

Sarah H. Nunan, Esq.
Vitt & Nunan PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055
(802) 649−5700
snunan@vittnunanlaw.com

***Attorneys for Plaintiff,
Misty Blanchette Porter, M.D.***