IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, <br><br> Defendants. | Case No. 2:17-cv-194 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION
REGARDING SEVERANCE ISSUES**

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Defendants" or "Dartmouth Health") hereby respond to Plaintiff's Motion to Preclude Any Reduction in Damages Based on Conditional Offer of Severance Pay.

In his Motion to Preclude filed late this afternoon, Attorney Vitt asserts that the evidence of the $228,000 severance package offered to Dr. Porter was not admissible in evidence for the purpose of reducing damages. That is not a correct statement of the law.

First, the evidence of the severance package was admitted without objection or limitation. Therefore, the contemporaneous objection rule requires that the evidence having been admitted without objection cannot be challenged now. No Fed. R. Evid. 408 issue was raised by Plaintiff

1

when the evidence was offered, and no objection was made at the time to the relevance of the testimony about the severance and job offer. To change positions on this now appears to be a tactical decision based on reconsideration of how the evidence would make their expert's damages calculations appear.

Second, the emails transmitting the severance proposal, and granting Dr. Porter's request that it be raised from six to nine months was not a settlement proposal or communication subject to Rule 408, notwithstanding the waiver issue noted above. The severance offer is admissible because it was offered relatively contemporaneously with her termination and was not offered in compromise of a claim, following a Rule 408 analysis. The critical distinction is it was not (A) a "settlement agreement" that arose during the post-termination negotiation of a dispute, which implicates Rule 408; rather than (B) a "termination agreement" offered contemporaneously with termination, which does not implicate Rule 408. *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820 (2d Cir. 1992) (citing *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338 (9th Cir. 1987).

Further, as the Court has already ruled, the severance offer is relevant. The issue of whether the severance offer was made in good faith (there appears to be no testimony to the contrary, nor was there cross on this issue), and whether Dr. Porter acted reasonably in refusing to accept the offer, are questions for the finder of fact. *Shultz v. Congregation Shearith Israel of City of New York*, 867 F.3d 298 (2d Cir. 2017). Arguably, it is also relevant for determining whether the court should impose prejudgment interest in its discretionary capacity. Dr. Bancroft was permitted to testify to broad and changing factual assumptions. Cross of his testimony was the only permissible way to challenge his conclusions. The evidence was admitted without objection. There is no prejudice from this testimony which the jury has already heard to be used for reasonable inferences drawn therefrom.

Other relevant authorities include:

*Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338 (9th Cir. 1987) (age discrimination claim)

- The Circuit Court held that held that the settlement agreement offered to employee at time of termination in which employee waived all age discrimination claims in exchange for severance pay was admissible (employee did not sign the agreement or receive the severance).

- Ninth Circuit distinguished between "settlement agreements" that arise during the post-termination negotiation of a dispute and "termination agreements" offered contemporaneously with termination and concluded that the latter do not implicate Rule 408. "The district court admitted the agreement into evidence because [Plaintiff/Employee] had not asserted any claim at the time [Defendant/Employer] asked for the release and, therefore, Rule 408 did not bar its admission. We find no abuse of discretion in admitting the proposed agreement under the circumstances of this case."

*Pierce v. F.R. Tripler & Co.*, 955 F.2d 820 (2d Cir. 1992) (citing *Cassino* in determining whether an offer is made in "compromising or attempting to compromise a claim").

- "Both the timing of the offer and the existence of a disputed claim are relevant to the determination. *Cassino v. Reichhold Chemicals*, 817 F.2d 1338, 1342–43 (9th Cir.1987) (offer of severance pay conditioned on waiver of age discrimination claim made contemporaneous with discharge not protected by Rule 408), cert. denied, 484 U.S. 1047, 108 S.Ct. 785, 98 L.Ed.2d 870 (1988); *Big O Tire Dealers v. Goodyear Tire & Rubber Co.*, 561 F.2d 1365, 1372–73 (10th Cir.1977) (correspondence between parties prior to the filing of an action held "business

3

communications" rather than "offers to compromise" and thus outside scope of Rule 408), cert. dismissed, 434 U.S. 1052, 98 S.Ct. 905, 54 L.Ed.2d 805 (1978)."

In conclusion, the evidence regarding the offered severance has been admitted without limitation and the parties should be able to argue to the jury reasonable inferences to be drawn therefrom. None of the authorities cited by Plaintiff apply to the issue at hand, as he acknowledges.

Date: April 6, 2025                                         Respectfully submitted,

                                                            /s/ Tristram J. Coffin

                                                            **DOWNS RACHLIN MARTIN PLLC**

                                                            Tristram J. Coffin
                                                            199 Main Street
                                                            Burlington, VT 05402
                                                            Telephone: 802-863-2375
                                                            tcoffin@drm.com


                                                            **FOLEY & LARDNER LLP**

                                                            Donald W. Schroeder (admitted *pro hac vice*)
                                                            Morgan McDonald (admitted *pro hac vice*)
                                                            Megan E. Martinez (admitted *pro hac vice*)
                                                            111 Huntington Avenue
                                                            Boston, MA 02199
                                                            Tel: (617) 342-4000
                                                            dschroeder@foley.com
                                                            mmcdonald@foley.com
                                                            memartinez@foley.com

                                                            *Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

      I hereby certify that, on April 6, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

                                                      */s/ Megan E. Martinez*
                                                      Megan E. Martinez

4923-1765-3299.1