UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D.,<br>      Plaintiff,<br><br>v.<br><br>DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH,<br>      Defendants. | Docket No. 2:17-CV-194 |

**ASSENTED-TO MOTION TO SEAL PREVIOUS EXHIBIT LISTS**

Plaintiff Misty Blanchette Porter moves to seal prior exhibits lists that inadvertently contain protected confidential information. Plaintiff's counsel conferred with Defendants' counsel, who assents to the filing of this Motion and the relief requested herein.

On March 10, 2025, Plaintiff filed a preliminary Exhibit List (Doc. 219). Updates to this list were filed on March 21, 2025, (Updated Exhibit List (Doc. 237)) and on March 27, 2025, (Second Updated Exhibit List (Doc. 250)). In these lists, several exhibits consisting of emails from patients to Dr. Merrens were inadvertently described, in part, using the patient's first initial and last name. On April 4, 2025, Plaintiff filed an *Updated Redacted* Exhibit List (Doc. 265) in which all of the patient names are redacted.

Although there is a presumption of public access to documents filed with the court, the public's access can properly be limited for "compelling reasons" in which privacy interests outweigh the role played by the confidential information in the court's exercise of its judicial powers and the information's value to the public in monitoring the federal courts. Larsen,

Navigating the Federal Trial § 22:37 (2024 ed.); *see also* F.R.C.P. 5.2 (authorizing court order to seal or redact certain confidential private information). Here, patients have a strong privacy interest in information related to their medical care under HIPAA and other policies and laws, *see, e.g., Offor v. Mercy Medical Center*, 676 Fed. App'x 51 (2d Cir. 2017) (noting, in an employment discrimination case, that trial court had granted motion to seal portions of the record which contained HIPAA-protected information); *U.S. v. Amodeo*, 71 F.3d 1044, 1050-51 (2d Cir. 1995) (noting the importance of protecting the privacy interests of "innocent third parties"), whereas the patient names do not play any role in Court's exercise of its judicial powers and any valid interest the public may have is in the fact that a patient sent an email to hospital leadership (which will remain accessible by the public), not in the patient's actual name.

As the most recently-filed exhibit list contains all of the information from the prior exhibit lists, with the exception of the properly-redated patient names, Plaintiff requests that the Court seal the prior exhibit lists (Docs. 219, 237, and 250) to prevent further public access.

Dated: April 8, 2025

/s/ Geoffrey J. Vitt
Geoffrey J. Vitt, Esq.
Vitt & Nunan, PLC
8 Beaver Meadow Road
P.O. Box 1229
Norwich, VT 05055-1229
(802) 649-5700
gvitt@vittnunanlaw.com

Eric D. Jones, Esq.
Langrock Sperry & Wool, LLP
210 College Street
P.O. Box 721
Burlington, VT 05402
(802) 864-0217
ejones@langrock.com

Sarah H. Nunan, Esq.
Vitt & Nunan PLC
8 Beaver Meadow Road

P.O. Box 1229
Norwich, VT 05055
(802) 649-5700
snunan@vittnunanlaw.com

***Attorneys for Plaintiff,
Misty Blanchette Porter, M.D.***