**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

| | | |
|---|---|---|
| MISTY BLANCHETTE PORTER, M.D., | ) ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 2:17-CV-194 |
| | ) | |
| DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO AMEND JUDGMENT**

Plaintiff Misty Blanchette Porter ("Dr. Porter") submits this Motion to Amend Judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, asking this Court to amend the Judgment entered on April 24, 2025, to: (1) include an award of prejudgment interest; (2) to utilize Vermont's 12% simple annual rate of interest for both the pre-judgment and post-judgment interest as the judgment is based on the jury's verdict in Dr. Porter's favor on the Vermont Fair Employment Practices Act claim rather than any federal claims; (3) to reflect costs of litigation as detailed in Plaintiff's Bill of Costs; and (4) to include an award for attorneys' fees and related expenses as detailed in Plaintiff's Motion for Attorneys' Fees.[1]

---

[1] Dr. Porter's Motion for Prejudgment Interest (Doc. 296) was filed on April 23, 2025, but was not addressed by the Court prior to issuing the verdict. Plaintiff's Bill of Costs (Doc. 301) and Motion for Attorneys' Fees (Doc. 300) will be filed contemporaneously with this Motion to Amend Judgment.

In support of this Motion, Dr. Porter relief on the following Memorandum as well as her Motion for Prejudgment Interest, Motion for Attorneys' Fees, and Bill of Costs, submitted separately.

## MEMORANDUM

Under Vermont's FEPA, a prevailing plaintiff is entitled, in relevant part, to an award of costs, attorneys' fees, and "other appropriate relief." 21 V.S.A. § 495b(b). As Dr. Porter prevailed on her claim under FEPA, the judgment should be amended to include interest at 12%, costs, and reasonable attorneys' fees.

## Prejudgment Interest

In its charge to the jury, the Court instructed jurors to "not add any sum for interest to the damages awarded in this case. The court will make such award if appropriate." (Doc. 275 at 32.) Vermont's FEPA permits plaintiffs to recover "compensatory and punitive damages or equitable relief, including restraint of prohibited acts, restitution of wages or other benefits, reinstatement, costs, reasonable attorney's fees, and other appropriate relief." 21 V.S.A. § 495b(b). An award of prejudgment interest is appropriate relief as it helps to compensate a plaintiff for the loss of use of money rightfully due. Dr. Porter's economic damages have, at all relevant times, been readily ascertainable and not subject to significant dispute. Under Vermont law, an award of prejudgment interest "shall" be included on judgments involving monetary relief when the amount of damages is readily ascertainable. V.R.C.P. 54(a). Nearly eight years have passed since Defendants wrongfully terminated Dr. Porter's employment, and an award of prejudgment interest is necessary to help make her whole. *See, e.g., Brennan-Centrella v. Ritz-Craft Corp. of Pennsylvania*, 942 F.3d 106, 110-111 (2d Cir. 2019) (noting "the Vermont legislature's policy choice that plaintiffs are not fully compensated unless they can recover the

interest"); *Gierlinger v. Gleason*, 160 F.3d 858, 873–75 (2d Cir. 1998) (noting that where

damages "represent compensation for lost wages, it is ordinarily an abuse of discretion *not* to

include pre-judgment interest").

## Interest Rate

Dr. Porter's complaint included claims under both federal and state law.  The jury's

verdict in Dr. Porter's favor was based on Vermont's Fair Employment Practices Act ("FEPA"),

21 V.S.A. § 495 *et seq.*, and not on any of Dr. Porter's federal claims.  (Doc. 281.)  In such

situations, the Court applies the interest rate of the state rather than the federal rate.  *See, e.g.,*

*Gaffney v. Thandi*, No. 2:20-CV-00173, 2023 WL 4685750, at *8–9 (D. Vt. July 21, 2023)

(finding question of prejudgment interest governed by state law and affirming calculation of

interest at Vermont's 12 percent rate); *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 90 (2d Cir.

1998) (noting that "federal law does not apply to the calculation of prejudgment interest on

supplemental state law claims").  Vermont's rate for pre-judgment interest and post-judgment

interest is 12 percent simple annual interest.  9 V.S.A. § 41a(a).  This is the rate that should be

applied to any award of interest in this case.

In the alternative, if the Court determines that the Federal interest rate should be applied,

Dr. Porter requests that the judgment be amended to clarify that interest should be compounded

annually.  *See* 28 U.S.C. § 1961(b) ("Interest shall be computed daily to the date of payment …

and shall be compounded annually.").

## Costs

Dr. Porter's Bill of Costs should be accepted and included within the judgment.

Vermont's FEPA provides for an award of costs to a prevailing plaintiff.  21 V.S.A. § 495b(b).

*See also, e.g.,* F.R.C.P. 54(d)(1) ("Unless a federal statute, these rules, or a court order provides

otherwise, costs … should be allowed to the prevailing party."); V.R.C. P. 54(d)(1) ("Costs … shall be allowed as of course to the prevailing party, as provided by statute and by these rules, unless the court otherwise specifically directs.").  *See also Marx v. General Revenue Corp.*, 568 U.S. 371, 377-78 (2013) (noting that "the decision whether to award costs ultimately lies within the sound discretion of the district court" and that Rule 54(d)(1) "codifies a venerable presumption that prevailing parties are entitled to costs").

Costs of litigation do not include all litigation-related expenses.  *See Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (noting that although "costs has an everyday meaning synonymous with expenses, the concept of taxable costs under [FRCP] 54(d) is more limited and represents those expenses, including, for example, court fees, that a court will assess against a litigation") (internal citations and quotations omitted).  Under federal law, taxable costs include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.[2]

---

[2] Witness fees include a daily fee of $40 per witness per day of attendance as well as travel and transportation costs.  28 U.S.C. § 1821.

Dr. Porter's Bill of Costs seeks an award of costs in the amount of $ 19,736.80, representing costs for court clerk and filing fees, and service fees, transcripts, witness fees, copies, and the court-appointed special master.

**Attorney's Fees**

Dr. Porter prevailed at trial on her claim under FEPA. Vermont's FEPA provides for an award of attorneys' fees. 21 V.S.A. § 495b(b). *See also Spooner v. Town of Topsham*, 2010 VT 71, ¶ 8, 188 Vt. 293, 297, 9 A.3d 672, 675 (2010) ("A prevailing party in a civil rights action in Vermont may seek compensation for 'reasonable attorney's fees.'").[3] In addition, some expenses not considered "taxable costs" are nevertheless recoverable as a component of attorney's fees. *See, e.g., Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278 (2d Cir. 1987) (affirming award of attorneys' fees which included costs not authorized by section 1920, noting that in civil rights claims under fee-shifting statutes, an award of attorney's fees normally includes those "reasonable out-of-pocket expenses" incurred by the attorney in representing a client).

Under Vermont law, the expenses associated with depositions and mediation may be taxed as costs at the Court's discretion. *See* V.R.C.P. 54(g) (noting that costs of deposition may be taxable if "the court finds that the taking of the deposition was reasonably necessary, whether or not the deposition was actually used at trial" and that such costs may include "the cost of service of subpoena upon the deponent, the reasonable fee of the officer before whom the

---

[3] Initially, and through August of 2020, Dr. Porter was invoiced and paid attorneys' fees on an hourly basis. After that point, Dr. Porter and Vitt & Nunan agreed that the remainder of the case would be handled on a contingent fee basis. As of August 2020, Dr. Porter had paid $475,096 to her attorneys. The Court should include an award of prejudgment interest on that amount in order to compensate Dr. Porter for the loss of use of the funds used to pay attorneys' fees prior to August 2020. *See, e.g., Data Gen. Corp. v. Grumman Sys. Support Corp.*, 825 F. Supp. 361, 368 (D. Mass. 1993), *aff'd and remanded*, 36 F.3d 1147 (1st Cir. 1994) (recognizing discretion of district court to award prejudgment interest on attorney's fees in a civil rights case to compensate for delay).

deposition is taken, the stenographer's reasonable fee for attendance, and the cost of the original

transcript of the testimony or such party thereof as the court may fix"); V.R.C.P. 16.3(c)(1)(C)

("If mediation under this rule does not result in settlement or other final disposition of the action,

payments made to a mediator may be taxed as costs to the prevailing party in the discretion of

the court."). Other expenses, such as postage, service fees, travel, meals, parking, and such, have

also been found appropriate for inclusion within an award of attorneys' fees. *See, e.g.,*

*Degreenia-Harris v. Life Ins. Co. of N. Am.*, No. 2.19-CV-00218, 2021 WL 5979683, at *13-15

(D. Vt. Dec. 17, 2021) (awarding costs and expenses including mediator fees, travel, meals,

lodging, court fees, postage, and transcripts); *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 601-02 (2d

Cir. 2020) (finding expenses for court reporting, fees for court reporting, filing fees, hotel and

transportation costs, working meals appeared to be "reasonable, incidental, and necessary to the

representation"). These expenses are represented in Dr. Porter's request for attorneys' fees, were

reasonable and necessary under the circumstances, and should therefore be approved.

The amount to award is within the Court's discretion provided it is reasonable. *See Spooner v.*

*Town of Topsham*, 2010 VT 71, ¶ 7, 188 Vt. 293, 297, 9 A.3d 672, 675 (2010) (noting Court will not

reverse award of attorney's fees based on lodestar approach "absent an abuse of discretion").

Dr. Porter's Motion for Attorneys' Fees seeks an award of fees and related expenses in the

amount of $ 1,742,649.70. The Motion for Attorneys' Fees proposes use of the well-recognized lodestar

method to determine a reasonable amount of fees to award.

## CONCLUSION

For the reasons stated above and in the referenced Motions and Bill of Costs, the

Judgment should be amended to include interest at 12%, costs, and attorneys' fees and related

expenses, all as outlined in Plaintiff's Motion for Prejudgment Interest, Bill of Costs, and Motion

for Attorneys' Fees.

Dated: <u>May 8, 2025</u>                                    <u>/s/ Geoffrey J. Vitt</u>
                                                            Geoffrey J. Vitt, Esq.
                                                            Vitt & Nunan, PLC
                                                            8 Beaver Meadow Road
                                                            P.O. Box 1229
                                                            Norwich, VT 05055-1229
                                                            (802) 649-5700
                                                            gvitt@vittnunanlaw.com

                                                            Eric D. Jones, Esq.
                                                            Langrock Sperry & Wool, LLP
                                                            210 College Street
                                                            P.O. Box 721
                                                            Burlington, VT 05402
                                                            (802) 864-0217
                                                            ejones@langrock.com

                                                            Sarah H. Nunan, Esq.
                                                            Vitt & Nunan PLC
                                                            8 Beaver Meadow Road
                                                            P.O. Box 1229
                                                            Norwich, VT 05055
                                                            (802) 649−5700
                                                            snunan@vittnunanlaw.com

                                                            ***Attorneys for Plaintiff,***
                                                            ***Misty Blanchette Porter, M.D.***