## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF VERMONT

MISTY BLANCHETTE PORTER, M.D.,


Plaintiff,

vs.


DARTMOUTH-HITCHCOCK MEDICAL
CENTER, DARTMOUTH-HITCHCOCK
CLINIC, MARY HITCHCOCK
MEMORIAL HOSPITAL, and
DARTMOUTH-HITCHCOCK HEALTH,


Defendants.

Case No. 2:17-cv-194

## DEFENDANTS' MOTION TO ALTER OR AMEND THE JUDGMENT
## AND, IN THE ALTERNATIVE, FOR A NEW TRIAL ON PLAINTIFF'S VFEPA CLAIM

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary

Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Defendants" or

"Dartmouth Health") hereby move, pursuant to Rule 59 of the Federal Rules of Civil Procedure,

to alter or amend the judgment rendered on Plaintiff Misty Blanchette Porter's ("Plaintiff" or "Dr.

Porter") claim for violation of the Vermont Fair Employment Practices Act ("VFEPA").  In the

alternative, Dartmouth Health moves for a new trial solely on the same claim.  Despite the fact

that all of Dr. Porter's other disability discrimination claims applied the same "but for" causation

standard, the Court – despite Dartmouth Health's multiple, timely objections – instructed the jury

to apply a much lower burden to Dr. Porter's VFEPA claim.  Setting aside the inexplicable

departure from federal and state court precedent, this improper distinction (and instruction) warrants immediate redress by this Court.

In connection with this Motion, Dartmouth Health requests that the Court certify to the Vermont Supreme Court the question of the appropriate causation standard for a disability-based discrimination claim brought under the VFEPA.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Misty Blanchette Porter ("Dr. Porter") was previously employed as a physician in the Reproductive Endocrinology and Infertility ("REI") Division within Dartmouth Health's Department of Obstetrics and Gynecology ("OB/GYN"). Following longstanding, well-documented issues with, *inter alia*, recruitment and retention of skilled nurses in the REI Division, Dartmouth Health made the decision to shut down the REI Division entirely and to terminate all three physicians employed therein—including Dr. Porter.

Dr. Porter filed suit against Dartmouth Health in October of 2017. (ECF No. 1). In her initial Complaint, Dr. Porter asserted claims for (i) wrongful discharge, (ii) violation of the New Hampshire Whistleblowers' Protection Act, (iii) disability discrimination and retaliation under the Americans with Disabilities Act, and (iv) disability discrimination and retaliation under New Hampshire law. *Id.* In August of 2018, Dr. Porter amended her Complaint to add claims for disability discrimination under both the Rehabilitation Act of 1973 and the Vermont Fair Employment Practices Act ("VFEPA"). (ECF No. 50).

On January 29, 2020, Dartmouth Health moved for summary judgment. (ECF No. 139). The District Court granted summary judgment in Dartmouth Health's favor on all counts. With respect to Dr. Porter's VFEPA claim, the District Court noted that "the [VFEPA] follows the language of the Rehabilitation Act. The Vermont Supreme Court follows federal case law

regarding 'the allocations of burdens and standards of proof.'" *Porter v. Dartmouth-Hitchcock Med. Ctr.*, No. 5:17-cv-194, 2020 WL 6789564 (D. Vt. Nov. 3, 2020) (quoting *State v. G.S. Blodgett Co.*, 163 Vt. 175, 180 (1995).

Dr. Porter appealed the District Court's grant of summary judgment to the Second Circuit Court of Appeals. In her briefing, Dr. Porter acknowledged the absence of any binding case law as to the appropriate causation standard for a disability-based VFEPA claim, and twice asked the Second Circuit to certify that question to the Vermont Supreme Court. *See Blanchette Porter vs. Dartmouth Hitchcock Medical Center*, 2d Circuit Court of Appeals Docket # 20-3894, ECF No. 53 ("Porter Appeal Brief") at 45 ("To the extent this Court concludes that Dr. Porter could meet a mixed-motive standard and not a but-for standard, … Dr. Porter requests certification of the state law claims to the … Vermont Supreme Court[] for determination of whether the state law claims apply a mixed-motive standard or a but-for standard for causation."), 49 ("Plaintiff is not aware of any Vermont Supreme Court, published trial court order, or published administrative agency decision construing the impact of *Natofsky* on state-law disability discrimination claims. Because the lower court failed to analyze the issue, this Court may either remand for assessment by the District Court under the motivating-factor standard…or certify the question to the Vermont Supreme Court.").

On February 6, 2024, the Second Circuit affirmed the District Court's decision in part, vacated in part, and remanded the matter for trial. *Porter v. Dartmouth-Hitchcock Medical Center*, 92 F.4th 129 (2024). The Second Circuit declined to certify the causation standard question to the Vermont Supreme Court, and instead "[left] it to the district court on remand to reassess and reconsider the causation standards governing Dr. Porter's disability claims under the relevant State laws." *Porter*, 92 F.4th at 149.

The matter was tried before a jury between March 24, 2025 and April 10, 2025.  (ECF Nos. 244-281).  Dartmouth Health moved for a directed verdict upon the close of Dr. Porter's case-in-chief and renewed that motion upon the close of its own case.  (ECF Nos. 261 and 264).  The Court denied both motions.   (ECF Nos. 261 and 264).  The jury ultimately found that Dartmouth Health did not violate the New Hampshire Whistleblowers' Protection Act, and that Dr. Porter was not wrongfully discharged in violation of New Hampshire state law.  (ECF No. 281).

With respect to Dr. Porter's disability discrimination claims, the jury found that Dartmouth Health (i) did not violate the ADA, (ii) did not violate the Rehabilitation Act, and (iii) did not violate the New Hampshire Law Against Discrimination.  *Id.*  The jury did, however, find that "Dr. Porter's disability was a motivating factor in Dartmouth Health's decision to terminate Dr. Porter's employment in violation of the Vermont Fair Employment Practices Act."[1]  *Id*.  (emphasis added).  It awarded $1,125,000 in damages in connection with that claim.  *Id.*

The trial record is clear: each of Dr. Porter's four disability discrimination-based claims was premised on the exact same underlying set of facts.  Indeed, the jury was instructed – without objection from Dr. Porter – that the instructions it was given on disability discrimination under the ADA "appl[ied] equally" to the Rehabilitation Act claim and to the claim for disability discrimination under New Hampshire state law.  (ECF No. 275).   With respect to Dr. Porter's VFEPA claim, the jury was instructed that "[t]he elements and instructions… are *mostly* the same as those under the ADA."  *Id.* (emphasis added).   Critically, however, the Court instructed the

---

[1] The jury found in Dartmouth Health's favor on the questions of (i) whether Dartmouth Health failed to make a reasonable accommodation for Dr. Porter by terminating her employment instead of reassigning her to another department in violation of the VFEPA and (ii) whether Dartmouth Health retaliated against Dr. Porter by terminating her employment in violation of the VFEPA.  (ECF No. 281).

jury—over Dartmouth Health's objection—that "there is one important difference in the claim for discriminatory termination.  For the fourth element, the FEPA uses the 'motivating factor' test instead of the 'because of' test used under the ADA."  *Id.*; *see also* ECF No. 295 at 51.  The jury charge further stated:

> Under the motivating factor test, an employee must prove that their disability was a motivating factor that prompted the employer to terminate the employment. It is not necessary for the employee to prove that disability was the sole or exclusive reason for the employer's decision. It is sufficient if the employee proves that the alleged disability was a motivating factor in the employer's decision. **A motivating factor is a factor that played some part in an employer's adverse employment action**. Under the motivating factor test, an employer cannot avoid liability by proving that it would still have taken the same adverse action in the absence of discriminatory motivation. This is a difference between the motivating factor test and the "because of" test.
>
> **You should apply the motivating factor test, not the "because of" test, to Dr. Porter's claim for discriminatory termination under the FEPA. With this exception, the instructions I previously gave you on disability discrimination under the ADA regarding failure to make a reasonable accommodation and retaliation apply equally to the claims under the FEPA.**

(ECF No. 275) (emphases added).  The jury was thus instructed, in no uncertain terms, that the only difference between Dr. Porter's ADA/Rehabilitation Act/New Hampshire disability discrimination claims and her VFEPA claim was the applicable causation standard.   That the jury found in Dartmouth Health's favor on the federal and New Hampshire claims, and in Dr. Porter's favor on the VFEPA claim, speaks to the import of that instruction.  Had the jury been informed of the correct causation standard (that is, "but-for" causation rather than "motivating factor" causation), Dartmouth Health would have rightfully prevailed on all six claims at trial and Dr. Porter would have been awarded no damages.

## II.    LEGAL STANDARD

A court may "alter or amend a judgment" upon motion brought no later than 28 days after the entry of judgment.  Fed R. Civ. P. 59(e).  Alternatively, a court may grant a new trial on "all or some of the issues… after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court[.]" Fed. R. Civ. P. 59(a)(1); *see also Kaufmann v. Kijakazi*, 32 F.4th 843, 846 (9th Cir. 2022) ("Because the district court properly concluded that it had clearly erred in its original ruling… the court's granting of the [] Rule 59(e) motion fell within the court's considerable discretion."); *Murray v. USB Securities, LLC*, 128 F.4th 363 (2d Cir. 2025) (vacating judgment and remanding for further proceedings where jury was instructed as to incorrect legal standard); *Folger Adam v. PMI Indus., Inc.* 938 F.2d 1529 (2d Cir. 1991) (reversing and remanding for a new trial with corrected jury instructions);  *Paolillo v. Dresser Indus., Inc.*, 865 F.2d 37 (2d Cir.), modified on other grounds, 884 F.2d 707 (2d Cir.1989) (remanding for a new trial where it could not be said for certain that jury instruction did not cause the jury to apply the wrong legal standard).

A jury instruction "is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury of the law." *Murray*, 128 F.4th at 368 (quoting *Ashley v. City of New York,* 992 F.3d 128, 142 (2d Cir. 2021)); *see also Paolillo,* 865 F.2d at 40 (in employment discrimination case, finding error where instruction misstated the required level of importance of protected status to employer's decision).

In employment cases, the Second Circuit requires "jury instructions to be precise about the influence that a protected trait must produce and the level of abstraction at which the jury should assess whether that influence occurred." *Murray,* 128 F.4th at 370 (citing *Paolillo,* 865 F.2d at 40). "[W]here jury instructions create an erroneous impression regarding the standard of liability, it is

not harmless error because it goes directly to plaintiff's claim, and a new trial is warranted." *Id.*

at 372 (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 554-55 (2d Cir. 1996)).  A judgment should

be reversed where the erroneous instruction "was prejudicial or the charge was highly confusing."

*Ashley*, 992 F.3d at 143 (citation omitted).

III.    <u>ARGUMENT</u>

> a.  *The Court's Instruction as to the Causation Standard for Violation of the VFEPA Was Just Plain Wrong.*

Pursuant to the VFEPA, it is unlawful for an employer to "discriminate against any

individual because of race, color, religion, ancestry, national origin, sex, sexual orientation, gender

identity, place of birth, crime victim status, or age or against a qualified individual with a

disability." 21 Vt. Stat. Ann. § 495(a)(1).  The jury should have been instructed that, for Dr. Porter

to succeed on her VFEPA claim, she must have proven that her disability was a "but-for" cause of

Dartmouth Health's decision to terminate her employment.  *See, e.g., Newton v. Kohl's, Inc.,* No.

5:21-CV-268, 2024 WL 4986303, at \*13 (D. Vt. Nov. 12, 2024) ("[A] plaintiff need only show

that her disability was a ***but-for cause*** of the adverse employment action…") (emphasis added).

Instead, the charge provided to the jury utilized an erroneous "motivating factor" causation

standard.[2]

Consistent with federal court precedent in this Court, Vermont courts have consistently

held that the VFEPA follows the standards and burdens of proof articulated for the equivalent

federal disability discrimination claims.  *See, e.g., Gates v. Mack Molding Co., Inc.,* 216 Vt. 379,

386, 279 A.3d 656, 663 (2022) ("The disability-discrimination provisions under the FEPA are

---

[2] Dartmouth Health timely objected to this instruction at the charge conference held on April 7, 2024.  (ECF No. 295 at 51).

patterned after the federal Rehabilitation Act, which in turn incorporates standards from the federal Americans with Disabilities Act (ADA), so we look to federal case law to guide our interpretation, the allocations of burdens, and standards of proof."); *Kennedy v. Dep't of Pub. Safety*, 168 Vt. 601, 601–02, 719 A.2d 405, 406 (1998) ("Because the handicapped discrimination provisions of VFEPA are patterned on § 504 of the Rehabilitation Act … we look to interpretations of that statute in determining whether plaintiff has met the elements of his claim.") (citation omitted); *G.S. Blodgett Co.,* 163 Vt. at 180 ("The handicapped discrimination provisions under VFEPA are patterned after § 504 of the Rehabilitation Act of 1973…Therefore, we look to federal case law to guide our interpretation, the allocations of burdens and standards of proof.") (citations omitted); *Newton,* 2024 WL 4986303 at *13 ("Because FEPA's disability-discrimination provisions are patterned after the federal Rehabilitation Act, which in turn incorporates standards from the federal American with Disabilities Act (ADA), the court looks to both state and federal case law to guide its analysis.") (citation omitted); *Mueller v. Rutland Mental Health Servs.,* File No. 1:05-cv-38, 2006 WL 2585101, at *2 (D. Vt. Aug. 17, 2006) ("The standards and burdens of proof under the VFEPA are identical to those under the ADA.") (citation omitted).

Here, the equivalent federal claims—namely, the ADA and the Rehabilitation Act—utilize "but-for" causation rather than "motivating factor" causation. *Natofsky v. City of New York*, 921 F.3d 337 (2d Cir. 2019). In *Natofsky*, the Second Circuit held, as a matter of first impression, "that when a plaintiff alleges an employment discrimination claim under the Rehabilitation Act, the causation standard that applies is the same one that would govern a complaint alleging employment discrimination under the ADA." *Id.* at 345. It further held that "the ADA requires a plaintiff alleging a claim of employment discrimination to prove that discrimination was *the but-for cause* of any adverse employment action." *Id.* at 348 (emphasis added). Because the VFEPA's

disability discrimination provisions are patterned on the ADA and Rehabilitation Act, and because Vermont courts have repeatedly stated that the standards of proof for VFEPA are guided by the same, the Court should have instructed the jury on "but-for" rather than "motivating factor" causation. *See, e.g., Natofsky,* 921 F.3d at 345-48; *Gates*, 216 Vt. at 386.

Notwithstanding the Second Circuit's holding in *Natofsky*, Dr. Porter argued in her previous appellate briefing that "motivating factor" causation should apply to her VFEPA claim because ***non-disability*** VFEPA claims follow Title VII Standards. Porter Appeal Brief at 48-49 (citing *Witherbee v. Town of Brattleboro*, No. 2:18-CV-00113, 2019 WL 2476722, at *9 (D. Vt. June 13, 2019)) (sex discrimination). If this were a race or gender-based discrimination case, her argument might be persuasive. However, this is a *disability discrimination* VFEPA claim. It is irrational to assume that Vermont disability discrimination claims would continue to follow the standard for Title VII, which does not relate to disability, after *Natofsky*. This is particularly true given that Title VII—***unlike*** the ADA, the Rehabilitation Act, and the VFEPA—states that "an unlawful employment practice is established when the complaining party demonstrates that race, color, religion, sex, or national origin was a motivating factor for any employment practice…." 42 U.S.C.A. § 2000e-2; *see also Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 174, 129 S. Ct. 2343 (2009) (suggesting that an anti-discrimination statute must expressly provide for a "motivating factor" test before that test can be applied); *Natofsky*, 921 F.3d at 348 (noting that the ADA does not contain the "motivating factor language"). Accordingly, the Court should have instructed the jury as to "but-for" rather than "motivating factor" causation.

          *b.  Even if the VFEPA Applied a "Motivating Factor" Causation Standard, the Instructions Would Still be Incorrect.*

Even if "motivating factor" causation were the appropriate standard, which it is not, post-trial relief for Dartmouth Health would still be warranted because the Court's instructions were also erroneous in other respects.

In a pre-*Natofsky* opinion considering a VFEPA claim of disability discrimination, the Vermont Supreme Court held that "the jury should have been instructed that if [employee] showed that her handicap was a motivating factor in [employer's] decision to terminate her employment, ***then [employer] had to prove that it would have made the same decision even absent the discriminatory motive.***" *Knapp v. State*, 168 Vt. 590, 592, 729 A.2d 719, 721 (1998) (reversing and remanding). Here, the jury received no such instruction. To the contrary, the jury was instructed that "[u]nder the motivating factor test, an employer <u>cannot</u> avoid liability by proving that it would still have taken the same adverse action in the absence of discriminatory motivation." (ECF No. 275) (emphasis added). Thus, the jury in this matter was instructed *exactly the opposite* of what the Vermont Supreme Court said is required of motivating factor causation. This was clear error.

Here, the distinction is one that makes a difference: as evidenced by its verdict on Dr. Porter's federal and New Hampshire disability discrimination claims, Dartmouth Health proved to the jury that "Dartmouth Health would [] have terminated Dr. Porter [even] if Dr. Porter had not had a disability but everything else had been the same." *Id*. The instruction contravened an established rule of law and goes to the very essence of the case. Dartmouth Health is entitled to an amended judgment.

      *c.   The Error Was Not Harmless, and No Additional Trial is Needed.*

The Court's instruction on the appropriate legal standard for a VFEPA violation was indisputably outcome-determinative. To be sure, the jury found for Dr. Porter on her ADA, Rehabilitation Act, and New Hampshire state disability discrimination claims. The jury had been explicitly instructed that the sole difference between Dr. Porter's federal and New Hampshire disability discrimination claims, on the one hand, and her VFEPA claim on the other was the applicable causation standard. *Id.* There is no basis in law or logic for an assertion that the jury would have found in favor of Dr. Porter if it had been instructed as to the appropriate standard. Accordingly, there is no need for a new trial, and alteration or amendment of the judgment is appropriate. *See* Fed. R. Civ. P. 59(e); *cf. Folger Adam Co.,* 938 F.2d at 1534-35 (rejecting request for directed verdict in lieu of new trial because a correctly instructed jury might have been persuaded otherwise).

## IV.    <u>REQUEST FOR CERTIFICATION</u>

In connection with the Court's consideration of this Motion, Dartmouth Health hereby requests that the Court certify to the Vermont Supreme Court the question of the appropriate causation standard for a disability discrimination-based VFEPA claim. *See Chauca v. Abraham*, 885 F.3d 122, 124 (2d Cir. 2018) (holding, after post-trial certification of legal question related to jury instructions and receipt of response from New York Court of Appeals, that the district court did not apply the proper standard and remanding for further proceedings).

    3

Pursuant to Rule 14 of the Vermont Rules of Appellate Procedure[3], "[t]he Vermont Supreme Court may answer a question of Vermont law certified to it by a federal court if the answer might determine an issue in pending litigation and there is no clear and controlling Vermont precedent."   In her appellate briefing, Dr. Porter acknowledged the absence of "any Vermont Supreme Court, published trial court order, or published administrative agency decision construing the impact of *Natofsky* on state-law disability discrimination claims." (Porter Appeal Brief at 49). Further, it is indisputable that an answer to the question of the appropriate causation standard would determine an issue in this pending litigation.  As discussed herein, the jury found in Dartmouth Health's favor on Dr. Porter's ADA, Rehabilitation Act, and New Hampshire state disability discrimination claims.  Per the jury instructions, the only difference between those claims and Dr. Porter's VFEPA claim is whether "but-for" or "motivating factor" causation applies.  (ECF No. 275).  Accordingly, the Court should certify the question of the appropriate causation standard after *Natofsky* to the Vermont Supreme Court.

## V.    REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7(a)(6), Dartmouth Health respectfully requests to be heard at oral argument.

## VI.    CONCLUSION

For the reasons stated herein, Dartmouth Health respectfully requests that the Court alter or amend the judgment rendered on Dr. Porter's VFEPA claim. In the alternative, Dartmouth Health moves for a new trial solely on the same claim.  On a separate but equally important track,

---

[3] *See also* Rule 74 of the Local Rules of Procedure ("When authorized by state law, the court may certify to the state's highest court an unsettled and significant question of state law that will control the outcome of a pending case.").

Dartmouth Health asks that the Court certify the question of the appropriate causation standard for

a disability-based VFEPA claim to the Vermont Supreme Court.

Date: May 22, 2025                                          Respectfully submitted,

                                                            */s/ Tristram J. Coffin*

                                                            **DOWNS RACHLIN MARTIN PLLC**

                                                            Tristram J. Coffin
                                                            199 Main Street
                                                            Burlington, VT 05402
                                                            Telephone: 802-863-2375
                                                            tcoffin@drm.com

                                                            **FOLEY & LARDNER LLP**

                                                            Donald W. Schroeder (admitted *pro hac vice*)
                                                            Morgan McDonald (admitted *pro hac vice*)
                                                            Megan E. Martinez (admitted *pro hac vice*)
                                                            111 Huntington Avenue
                                                            Boston, MA 02199
                                                            Tel: (617) 342-4000
                                                            dschroeder@foley.com
                                                            mmcdonald@foley.com
                                                            memartinez@foley.com

                                                            *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 22, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.


*/s/ Morgan McDonald*
Morgan McDonald