IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| MISTY BLANCHETTE PORTER, M.D., <br><br> Plaintiff, <br><br> vs. <br><br> DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH, <br><br> Defendants. | Case No. 2:17-cv-194 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND JUDGMENT**

Defendants Dartmouth-Hitchcock Medical Center, Dartmouth-Hitchcock Clinic, Mary Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health (collectively, "Defendants" or "Dartmouth Health") hereby submit this Opposition to Plaintiff's Motion to Amend Judgment (ECF No. 302) (the "Motion" or "Mot."). With the Motion, Misty Blanchette Porter, M.D. ("Plaintiff" or "Dr. Porter") seeks to relitigate a number of issues that have either already been decided by this Court or are currently pending before it, as well as to request multiple forms of relief that are plainly not available to her. For the reasons stated herein and in both Dartmouth Health's Opposition to Plaintiff's Motion for Prejudgment Interest (ECF No. 299) and Opposition to Plaintiff's Motion for Attorneys' Fees, the Motion should be denied to the extent it requests

1

prejudgment interest, requests pre- or post-judgment interest at a rate of 12%, seeks costs, or requests an unreasonably excessive amount of attorneys' fees.

I.    **Prejudgment Interest**

In the Motion, Dr. Porter yet again requests an award of prejudgment interest at a rate of 12%. (Mot. at 3; *see* ECF No. 260 (Plaintiff's Motion for Pre-Judgment Interest)).[1] In addition to being an impermissible attempt at a second bite at the apple, the Motion represents yet another misstatement by Plaintiff of both the facts and the law. For the reasons cited herein and in Dartmouth Health's Opposition to Plaintiff's Motion for Prejudgment Interest, Plaintiff's request should be denied in full.

Astonishingly, Plaintiff doubles down in the Motion on her false claim that her "economic damages have, at all relevant times, been readily ascertainable and not subject to significant dispute." (Mot. at 2). Dr. Porter's assertion insults the Court. As discussed in Defendants' Opposition to Plaintiff's Motion for Pre-Judgment Interest, Dr. Porter's damages were not readily ascertainable *even to Dr. Porter herself*. (ECF No. 299 at 3–8).

Adding insult to injury, the Motion also contains a misleading "quote" from a Second Circuit decision that omits critical language which changes its meaning entirely. In her brief, Dr. Porter attributes the following quote to *Brennan-Centrella v. Ritz-Craft Corp. of Pennsylvania*, 942 F.3d 106 (2d Cir. 2019): "…the Vermont legislature's policy choice that plaintiffs are not fully compensated unless they can recover the interest". Mot. at 3. Critically, the entire sentence from *Brennan-Centrella* reads as follows: "These cases reflect the Vermont legislature's policy choice that plaintiffs are not fully compensated unless they can recover the interest ***that accrues on***

---

[1] This time, she omits her astounding assertion that she should be awarded $341,429 in prejudgment interest on a $1,000,000 economic damages award. *See id.*

*reasonably ascertainable damages*." *Brennan-Centrella,* 942 F.3d at 110 (emphasis added). Dr. Porter knows all too well that her damages are not readily ascertainable, and the omission of this language therefore suggests an intentional misstatement of the law. Such conduct is, at best, poor form and, at worst, egregious enough to warrant sanctions. *See Humana Inc. v. Teva Pharms. USA, Inc.,* 2025 U.S. Dist. LEXIS 80116 at *11, n. 7 (requiring Plaintiff's counsel to show cause as to why sanctions should not be imposed for counsel's omission of a key word from quoted case law such that the meaning of the legal authority was changed).

Moreover, even if Dr. Porter had accurately represented the holdings of her cited cases, her argument would still fail. *Brennan-Centrella* is not an employment case; rather, it concerned "whether a court may grant prejudgment interest to private litigants who are awarded compensatory damages under the Vermont Consumer Protection Act[.]" *Brennan-Centrella*, 942 F.3d at 107, 113. Finding no clear and controlling precedent on that question, and noting that the Vermont Consumer Protection Act (like the VFEPA) does not explicitly provide for an award of prejudgment interest, the Second Circuit certified the question to the Vermont Supreme Court. *Id.* at 110–13. In doing so, it made clear that prejudgment interest is <u>not</u> available as of right to any and all claims brought under Vermont state law. Moreover, the parties in *Brennan-Centrella* had stipulated to the amount of damages owed and the Second Circuit *still* sought guidance as to whether an award of prejudgment interest was appropriate. *Id.* at 113. This case belies Dr. Porter's assertion that she is entitled to an award of prejudgment interest on her non-liquidated award of damages.

*Gierlinger v. Gleason* is also of no help to Dr. Porter. *See* Mot. at 3 (quoting *Gierlinger v. Gleason,* 160 F.3d 858 (2d Cir. 1998)). There, the Second Circuit's reference to the exclusion of pre-judgment interest on an award for lost wages as "an abuse of discretion" referred to lost wages

3

awarded in "a suit to enforce a federal right." *Gierlinger*, 160 F.3d at 873–74 (internal quotations omitted) (citing case law applying Title VII, the Rehabilitation Act, the Equal Pay Act, and the Fair Labor Standards Act). Of course, Dr. Porter's VFEPA award cannot be categorized as enforcement of "a federal right"[2], and the highest court of Vermont has indicated that pre-judgment interest is only available as of right when damages are readily ascertainable. *See Brennan-Centrella*, 942 F.3d at 110 (citing *Smedberg v. Detlef's Custodial Serv., Inc.*, 182 Vt. 349, 365, 940 A.2d 674 (2007)). Dr. Porter's suggestion that this Court's denial of a request for prejudgment interest would be an "abuse of discretion" is a blatant misstatement of the applicable law. (Mot. at 3). Her request for prejudgment interest should be denied in full.

## II. Post-Judgment Interest

Plaintiff also incorrectly suggests that the Court erred in awarding post-judgment interest at the federal rate of 3.98%. (Mot. at 3; ECF No. 297). This assertion merits little discussion. It is well settled that, for "*any* money judgment in a civil case recovered in a district court", the post-judgment interest rate is "equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding [] the date of the judgment." 28 U.S.C.A. § 1961(a) (emphasis added); *see also Cappiello v. ICD Publications, Inc.*, 720 F.3d 109, 112 (2d Cir. 2013) (holding that "under § 1961, federal district courts must apply the federal rate of post-judgment interest to judgments rendered in diversity actions … and that such application does not violate the Constitution"). The Court's award of post-judgment interest at a rate of 3.98% was proper.

---

[2] The jury found that Dartmouth Health was not liable to Dr. Porter for either of her federal claims. (ECF No. 297).

### III. Costs

As a threshold matter, Plaintiff failed to meet multiple procedural prerequisites for an award of costs. Pursuant to Local Rule 54(a), "[t]axable costs are limited to those specified by 28 U.S.C. § 1920 and must be claimed using the Bill of Costs [Form AO-133]. All costs must be itemized ***and include supporting documentation, such as billing statements, invoices, or receipts for expenses***." (emphasis added). Moreover, per 28 USC § 1924:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

Plaintiff did not attach any affidavit or supporting billing statements, invoices, or receipts to her Bill of Costs. (ECF No. 301). Dartmouth Health therefore has no way to meaningfully assess the accuracy of the costs listed therein. As Dr. Porter acknowledges, the Court has discretion with respect to an award of costs. (Mot. at 4). Dartmouth Health requests that it exercise that discretion and decline to award any costs based on these procedural blunders alone.

Even if the Court elects to forgive Plaintiff's repeated flouting of the rules, it should not award the requested $19,736.80. Dartmouth Health objects, *inter alia*, to Plaintiff's inclusion of $10,029.90 in costs for court reporter services at depositions.[3] As Dr. Porter acknowledges, available "costs" are limited to those expenses set forth in 28 U.S.C. § 1920. (Mot. at 4). She cites no authority for the proposition that court reporter services at depositions are available costs under the statute. And, even assuming that those expenses could appropriately be classified as "[f]ees

---

[3] Dartmouth Health reserves the right to file additional objections if the Court permits Dr. Porter to cure her faulty submission by providing supporting documentation.

for printed or electronically recorded transcripts" under § 1920(2), the cost award would still need to be reduced to account for the numerous unnecessary depositions taken by Dr. Porter. *See* § 1920(2) (limiting availability of costs to those "necessarily obtained for use in the case").

Dr. Porter deposed eleven witnesses in this matter, only four of whom she called to testify at trial. Dartmouth Health objects to her request for costs associated with the numerous other depositions she needlessly took as part of an ill-fated fishing expedition in discovery. Those entries are listed below.

| Date (Witness) | Cost Item | Transcripts |
|---|---|---|
| 7/17/2019 (Beth Todd) | North Country Court Reporters | $1,010.95 |
| 7/24/2019 (Karen Boeddeker) | Verbatim Reporters | $625.35 |
| 7/25/2019 (Daniel Herrick) | North Country Reporters | $754.75 |
| 8/2/2019 (Heather Gunnell) | Verbatim Reporters | $923.75 |
| 8/8/2019 (Kimberly Fleury) | North County Court Reporters | $805.65 |
| 8/26/2019 (Heather Gunnell) | O'Brien Reporting Service | $597.15 |
| 8/27/2019 (Michele King) | Verbatim Reporters | $548.80 |
| 12/21/2019 (Aimee Giglio)[4] | North Country Court Reporter | $917.55 |
|  |  | **TOTAL**: $6,183.95 |

Dartmouth Health further objects to Plaintiff's request for payment of her allocated share of Special Settlement Master John Schraven's fees. First, a special settlement master is not a court

---

[4] Dartmouth Health is not aware of a deposition taken on December 21, 2019, but assumes this entry refers to the December 10, 2019 deposition of Aimee Giglio.

6

appointed "expert" within the meaning of § 1920(6). Second, Plaintiff has already been explicitly ordered by the Court to pay her half of Mr. Schraven's fees. (ECF No. 158 at 2) ("Each side shall be responsible for half."). Dr. Porter's request is a clear end-run around the Court's prior order. The award of costs, if any, must therefore be reduced by an additional $2,204.05.

### IV.     Attorney's Fees

Dartmouth Health repeats and reincorporates arguments made in its Opposition to Plaintiff's Motion for Attorneys' Fees. To the extent Plaintiff seeks to include "costs" within her award of attorneys' fees, her request must be denied for the reasons stated therein.

### V.     Request for Oral Argument

Pursuant to Local Rule 7(a)(6), Dartmouth Health respectfully requests to be heard at oral argument.

| | |
|---|---|
| Date: May 22, 2025 | Respectfully submitted,<br><br>/s/ Tristram J. Coffin<br>**DOWNS RACHLIN MARTIN PLLC**<br><br>Tristram J. Coffin<br>199 Main Street<br>Burlington, VT 05402<br>Telephone: 802-863-2375<br>tcoffin@drm.com<br><br>**FOLEY & LARDNER LLP**<br><br>Donald W. Schroeder (admitted *pro hac vice*)<br>Morgan McDonald-Ramos (admitted *pro hac vice*)<br>Megan E. Martinez (admitted *pro hac vice*)<br>111 Huntington Avenue<br>Boston, MA 02199<br>Tel: (617) 342-4000<br>dschroeder@foley.com<br>mmcdonald@foley.com<br>memartinez@foley.com<br><br>*Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

      I hereby certify that, on May 22, 2025, a copy of the foregoing document was electronically filed through the ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

                                              */s/ Morgan McDonald*
                                              Morgan McDonald