# UNITED STATES DISTRICT COURT
## DISTRICT OF VERMONT

| | | |
|---|---|---|
| **MISTY BLANCHETTE PORTER, M.D.,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Docket No. 2:17-CV-194** |
| | ) | |
| **DARTMOUTH-HITCHCOCK** | ) | |
| **MEDICAL CENTER,** | ) | |
| **DARTMOUTH-HITCHCOCK** | ) | |
| **CLINIC, MARY HITCHCOCK** | ) | |
| **MEMORIAL HOSPITAL, and** | ) | |
| **DARTMOUTH-HITCHCOCK** | ) | |
| **HEALTH,** | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S OPPOSITION IN RESPONSE TO DEFENDANTS' MOTION TO ALTER OR AMEND THE JUDGMENT AND, IN THE ALTERNATIVE, FOR A NEW TRIAL ON PLAINTIFF'S VFEPA CLAIM

Plaintiff Misty Blanchette Porter, M.D. ("Dr. Porter"), opposes Defendants' post-judgment motion (Doc. 305) seeking to undo the jury's April verdict in favor of Dr. Porter on her disability discrimination claim under Vermont's Fair Employment Practices Act ("FEPA"). The Court properly instructed the jury on Vermont law when it cited "motivating factor" as the applicable standard to apply to a FEPA claim, and Defendants' other challenge to the jury instructions was waived. As there was no error (and thus no resulting "harm") requiring amendment or a new trial, Defendants' motion must be denied.

### Motivating Factor is the Standard Under Vermont Law

Vermont case law is clear that disability discrimination claims under FEPA are decided under the motivating factor standard. *See, e.g., Gallipo v. City of Rutland*, 163 Vt. 83, 89 (1994) (noting, in case involving claim of disability discrimination, that a plaintiff makes a prima facie case of discrimination under FEPA if she shows "that an impermissible factor played a

motivating part in the employment decision");[1] *Weatherly v. Gravel and Shea PC*, No. 977-9-11 Cncv, 2014 WL 12722849, *12 (Vt. Super. May 1, 2014) (referencing "motivating factor" as the applicable standard in disability claim under FEPA).

Defendants argue that Vermont courts should/will follow the Second Circuit's decision in *Natofsky v. City of New York*, 921 F. 3d 337 (2d Cir. 2019), which determined that disability discrimination under the Rehabilitation Act and the ADA is subject to the "but for" causation standard. The parties are not aware of any post-*Natofsky* disability discrimination cases to suggest that the Vermont courts intend or are likely to discontinue use of the motivating factor test nor should such an intent or likelihood be presumed.

VFEPA is patterned on Title VII[2] and incorporates the same "standards and burdens of proof" including the motivating factor standard. *Hodgdon v. Mt. Mansfield Co., Inc.*, 160 Vt. 150, 161–62 (1992). *See also Newton v. Kohl's, Inc.*, No. 5:21-CV-268, 2024 WL 4986303, at *4 (D. Vt. Nov. 12, 2024) (referring to VFEPA as a whole and stating that it "uses identical

---

[1] *See also Gallipo v. City of Rutland*, 173 Vt. 223, 237 (2001) (also referencing "motivating factor").

[2] The cases Defendants cite referencing the Rehabilitation Act and ADA, (Doc. 305 at 2–3, 7–9), are not dispositive here. In *Gates v. Mack Molding Co., Inc.*, the Vermont Supreme Court declined to decide whether FEPA should be interpreted to include reassignment as a reasonable accommodation (noting that unlike FEPA, the ADA and the Rehabilitation Act expressly define reasonable accommodation to include reassignment). *Gates v. Mack Molding Co., Inc.*, 2022 VT 24, ¶ 26, 216 Vt. 379, 279 A.3d 656. The *Newton* court identifies "but for" as the standard, citing the Second Circuit's decision in *Porter* in support. *Newton v. Kohl's, Inc.*, No. No. 5:21-CV-268, *13 & *15, 2024 WL 4986303 (D. Vt. Nov. 12, 2024) (granting summary judgment where plaintiff failed to prove she had a qualifying disability). The Second Circuit, however, *did not* conclude that "but for" is the proper standard for disability discrimination under FEPA and indeed expressly left "it to the district court on remand to reassess and reconsider the causation standards governing Dr. Porter's disability claims under the relevant State laws." *Porter v. Dartmouth-Hitchcock Med. Ctr.*, 92 F.4th 129, 149 (2d Cir. 2024). In *Kennedy v. Dep't of Pub. Safety*, 168 Vt. 601, 601–02 (1998), the court did not discuss the applicable standard to apply under FEPA's disability provisions, noting only that the court looks to the Rehabilitation Act to determine whether plaintiff has met the elements of his claim.

standards and burdens of proof as Title VII"); *Hammond v. Univ. of Vermont Med. Ctr.*, 2023 VT 31, ¶ 24 & ¶ 35, 218 Vt. 250, 308 A.3d 421, *reargument denied* (July 17, 2023), *cert. denied*, 144 S. Ct. 507 (2023) (noting that FEPA is patterned on Title VII and employs identical standards and burdens and concluding, without discussing the standard further, that "plaintiff failed to provide evidence sufficient to create an inference that their termination was related to their disabilities"); *Dowling v. the State of Vermont*, No. 21-CV-2629, 2024 WL 945170, at *3 (Vt. Super. Feb. 12, 2024) (reaffirming that FEPA applies the standards and burdens of Title VII). Although Vermont courts often look to comparable federal law for guidance on novel issues under Vermont law, including to cases involving Title VII, the Rehabilitation Act, and the ADA, they are also quick to acknowledge that they are not bound by such law. *See, e.g., Westcott v. Mack Molding Co.*, 2024 VT 85, ¶ 17, 331 A.3d 1083, 1088 ("Because employee's claims call on us to interpret the scope of state law, we consider federal opinions to be persuasive, but not binding, authority."); *Lavalley v. E.B. & A.C. Whiting Co.*, 166 Vt. 205, 209–11 (1997) (noting that Vermont courts "will not adopt an interpretation of FEPA solely because the federal courts, including the United States Supreme Court, have so interpreted Title VII" nor must the "Vermont Legislature react to every federal decision interpreting Title VII or risk that its inaction will be interpreted as an endorsement of the federal decision"). The Vermont courts have not hesitated to forge an alternative path where federal law is not consistent with Vermont's policies. *See id.* (choosing to follow guidance from "sister states" on issue of pregnancy discrimination as sex discrimination rather than federal decisions).

Several years after *Natofsky* was decided, the Appellate Court of Connecticut considered whether the state's courts should follow the reasoning of *Natofsky* and interpret its own Fair Employment Practices Act (CFEPA)[3] as requiring "but for" causation. *Wallace v. Caring*

---

[3] Like Vermont's FEPA, CFEPA covers multiple protected traits in one statute.

*Solutions, LLC*, 278 A.3d 586, 600–02 (Conn. App. 2022). Like Vermont, no Connecticut case had yet addressed the impact of *Natofsky* on the state's causation standard. The *Wallace* court noted that federal precedent provides non-binding guidance on issues of employment law, but it is the Connecticut Supreme Court that "is the ultimate authority on interpreting Connecticut statutes." *Id.* at 600. The *Wallace* court rejected the idea that "but for" causation should apply, noting that the reasoning behind the federal decisions (different language in different statutes implies legislative intent to apply different standards of causation to discrimination depending on which protected trait was involved) was inapplicable in states using a single statute. *See id.* at 601 ("There is no basis for us to conclude that our legislature intended one causation standard for claims based on race, color, religion, sex, or national origin and a more stringent standard for disability based claims.").

Like Connecticut, the Vermont legislature chose not to follow the federal style of different statutes depending on which protected trait was involved. Similarly, the Vermont courts have not historically applied different causation standards to different elements of FEPA and there is no basis to conclude that Vermont would apply a different causation standard to disability claims than to other forms of discrimination. *Cf. Payne v. U.S. Airways, Inc.*, 2009 VT 90, ¶¶ 11, 21, 186 Vt. 458, 987 A.2d 944 (noting the "remedial purpose" of Vermont's discrimination statutes and explaining that "we may depart from federal interpretations of Title VII when we construe our own fair employment practices law").

### Certification to the Vermont Supreme Court

"[C]lear and controlling Vermont precedent" identifies motivating factor as the applicable causation standard for VFEPA claims. *Gallipo v. City of Rutland*, 163 Vt. 83 (1994).

Because Vermont law is "settled" on the standard to apply to VFEPA claims and because further clarification by the Vermont Supreme Court would not determine the outcome of this case, certification to the Vermont Supreme Court is not appropriate.[4]

The decision to certify a question of law to the state court as well as the state court's decision to accept a certified question are both discretionary. *McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir. 1997). *See also Valls v. Allstate Ins. Co.*, 919 F.3d 739, 742–44 (2d Cir. 2019) (describing "potential benefits" and "inevitable burdens" of certification and declining to certify because the burdens outweighed the benefits). The Local Rules permit this Court to certify a question of law to the Vermont Supreme Court where an "unsettled and significant question of state law … will control the outcome of a pending case." L.R. 74. *See also* 2d Cir. R. 0.27 ("[T]his Court may certify to the highest court of a state an unsettled and significant question of state law that will control the outcome of a case pending before this Court.").[5] Here, the Vermont Supreme Court's answer to the question of which causation standard to apply will not "control the outcome" of this case, and thus is not appropriate for certification. *Compare, e.g., Doe v. Newbury Bible Church*, 445 F.3d 594, 596–97 (2d Cir. 2006), *certified question answered,* 2007 VT 72, 182 Vt. 174, 933 A.2d 196 (deciding to certify question to the Vermont Supreme Court after concluding that the question "presents purely state law issues, controls the outcome of this case, and was explicitly left open [by] the Vermont Supreme Court[ ]"); *Preseault v. City of Burlington, VT*, 412 F.3d 96, 102 (2d Cir. 2005), *certified question answered*

---

[4] Defendants argue that certification is appropriate because Dr. Porter offered the idea of certification during the Second Circuit appeal; however, that was pre-trial and more than a few years ago. Circumstances have changed and the impact on Dr. Porter would be significantly greater at present.

[5] The corresponding Vermont rule authorizes, but does not require, the Vermont Supreme Court to "answer a question of Vermont law certified to it by a federal court if the answer might determine an issue in pending litigation and there is no clear and controlling Vermont precedent." V.R.A.P. 14(a).

*sub nom. Preseault v. City of Burlington*, 2006 VT 63, 180 Vt. 597, 908 A.2d 419 (noting the

question to be certified "presents purely state law issues, controls the outcome of this case, and

lacks controlling precedent").  A decision that the motivating factor standard continues to apply

will not alleviate Defendants other complaints.  Even a decision that but-for causation applies to

disability discrimination claims under FEPA—it does not—the decision would lead to a retrial

and thus would not be outcome determinative here.

        In addition, as explained above, existing Vermont precedent confirms that the motivating

factor standard applies and therefore the causation question is not an "unsettled" question of law

in Vermont.  The federal court's role in diversity cases is to apply the law of the forum state and,

if that law is unclear, to predict how the state's highest court would likely rule.  *See Egbujo v.*

*Jackson Lewis P.C.*, No. 22-2854-CV, 2023 WL 8295317, at *2 (2d Cir. Dec. 1, 2023) (stating

that where the state court is silent, "our role 'is carefully to predict how [it] would resolve the

uncertainty or ambiguity[,]' considering decisions of the lower state courts and, to the extent that

the forum state's highest court would consider them persuasive, cases from other jurisdictions")

(quoting *McCarthy*, 119 F.3 at 153.  *See also Knapik v. Mary Hitchock Mem'l Hosp.*, No. 5:12-

CV-175, 2014 WL 12717446, at *1–2 (D. Vt. May 30, 2014) (although acknowledging

importance of certification process to allow federal courts to "give deference to state courts in

establishing what state law is," noting that "the Second Circuit has cautioned that courts should

resort to certification only sparingly, mindful that, in diversity cases that require us to apply state

law, it is our job to predict how the forum state's highest court would decide the issues before

us") (internal quotations and citations omitted).  If sufficient precedent exists for the federal

court to make a determination, then certification to the state supreme court is not appropriate.

*See, e.g., McCarthy*, 119 F.3d at 153–54 ("Because it is our job to predict how the forum state's

highest court would decide the issues before us, we will not certify questions of law where

sufficient precedent exists for us to make this determination.").  "Ordinarily, certification is

proper only where there is a split of authority on the issue, where a statute's plain language does

not indicate the answer, or when presented with a complex question of [ ] common law for which

no [ ] authority can be found."  *Id.* (internal quotations omitted).  *See also Elliot Assocs., L.P. v.*

*Banco de la Nacion*, 194 F.3d 363, 370 (2d Cir. 1999) (noting that certification should not be

"routine" and denying motion to certify where state law precedent was sufficient to enable the

federal court to decide the case); *Baring Indus., Inc. v. 3 BP Prop. Owner LLC*, No. 22-3123,

2023 WL 8253258, at *2 (2d Cir. Nov. 29, 2023) (finding no need to certify questions to state

court where sufficient state precedent existed); *Guterman v. Costco Wholesale Corp.*, 927 F.3d

67, 70 (2d Cir. 2019) (declining certification after concluding plain language of state statute

provided the answer and no "split of authority" existed in the state courts on that issue); *French*

*v. Wells Fargo Advisors, LLC*, No. 5:11-CV-246, 2012 WL 1066775, at *2–3 (D. Vt. Mar. 28,

2012) (denying certification, finding sufficient Vermont law existed to determine enforceability

of arbitration agreement, and further stating that "the court cannot find that comity, judicial

economy, or fairness weigh in favor of revisiting the underlying dispute and then forwarding it to

the Vermont Supreme Court for its own resolution which may or may not be forthcoming").

     Under the Court's rules, certification is not appropriate unless there is insufficient

precedent under state law to make a decision and the question to be certified will determine the

outcome of the case.  As neither condition would be satisfied here by certifying the causation

question to the Vermont Supreme Court, the Court should decline the request to certify.

!

## Defendants Failed to Timely Object

     Defendants additionally complain about the Court's instruction regarding proof that

Defendants would have taken the same adverse action in the absence of discriminatory

motivation.  (Doc. 305 at 5, 10–11.)  Defendants do not purport to have objected to this portion

of the instruction during the charge conference or otherwise or to offer good cause for their

failure to do so.  As such, this argument should be deemed to be waived.  *See, e.g., In re Est. of

Tucker*, 2011 VT 54, ¶ 16, 190 Vt. 530, 533, 25 A.3d 547, 552 (2011) (noting objection as to

jury instruction is not preserved unless made prior to the start of jury deliberations and made or

renewed after the court has instructed the jury).

At the charge conference, the Court asked the parties for comments and objections as to

"Disability Discrimination Claims Under Vermont State Law."  (Trial Tr., Vol. 11, 1020:3-

1020:12 (Apr. 7, 2025).)  As they note in their motion, counsel for Defendants objected to

"whether or not it should be motivating factor versus but-for," (Trial Tr., Vol. 11, 1020:6-1020:9

(Apr. 7, 2025)).  Counsel for Defendants then agreed that they had "no specific changes other

than that objection to that particular legal standard."  (Trial Tr., Vol. 11, 1020:10-1020:12 (Apr.

7, 2025).)

## A Partial New Trial is Not Appropriate

The jury was properly instructed on causation and decided in favor of Dr. Porter on her

disability discrimination claim under FEPA.  The standard to disturb a jury verdict is

understandably quite high, and Defendants' arguments fall far short.  In addition, a new trial

would impose significant additional delay and burden on a case that took nearly eight years to

bring to trial the first time, especially where there is already a second appeal to the Second

Circuit pending.  In the event, however, that the Court determines that a new trial is appropriate,

the new trial must be on all the issues, not just FEPA.

Defendants' basis for requesting a new trial is allegedly improper jury instructions.

Where the error occasioned by an improper jury instruction is "not harmless" (meaning that the

error may have influenced the verdict), a new trial may be appropriate.  *Sanders v. New York*

*City Hum. Res. Admin.*, 361 F.3d 749, 758 (2d Cir. 2004).  Defendants, however, seek not a full

retrial, but a new trial only on the single count of disability discrimination under FEPA.  (Doc.

305 at 1.)  Partial retrials were not recognized at common law.  "If the verdict was erroneous

with respect to any issue, a new trial was directed as to all."  *Gasoline Prods. Co. v. Champlin*

*Ref. Co.*, 283 U.S. 494, 497–98 (1931).  Although partial new trials are now permitted in many

jurisdictions, their use is limited to situations where the issue to be retried is fully separate from

the other issues in the original trial and the new trial will not cause injustice.  *See, e.g., Simmons*

*v. Fish*, 210 Mass. 563, 564–65 (1912) (noting that to order a partial retrial, the error should be

"of a kind which could be readily separated from the general issues, and applied without injustice

to one matter"); *Norfolk S. R. Co. v. Ferebee*, 238 U.S. 269, 273–74 (1915) (noting that to grant a

partial new trial, it must be clear that the issue to be retried is "entirely distinct and separable"

and "no possible injustice can be done to either party"); *Parizo v. Wilson*, 101 Vt. 514, 144 A.

856, 859 (1929) (noting the power to set aside the verdict and order a partial new trial "ought to

be exercised with great caution, with a careful regard to the rights of both parties, and only in

infrequent cases where it is certain and plain that the error which has crept into one element of

the verdict by no means can have affected its other elements").  Where an error as to one issue is

"of such a character as to have a prejudicial effect upon the other [issues] … a full retrial should

be had."  *Id.* at 860.

This case involves multiple, interwoven federal and state claims.  Under the

circumstances, a new trial on a single issue is not appropriate.  *See, e.g.,* 11 Wright & Millers'

Federal Practice & Procedure § 2814 (3d ed.) (explaining that a new trial on a single issue is

appropriate only if the single issue is "separate from the other issues in this case and the error did

not affect the determination of the other issues"); *Gasoline Products Co.*, 283 U.S. at 500 (noting

a partial new trial "may not properly be resorted to unless it clearly appears that the issue to be

retried is so distinct and separate from the others that a trial of it alone may be had without injustice" and finding the issues in that case were "so interwoven" that a partial new trial would "amount to a denial of a fair trial"); *Simmons v. Fish*, 210 Mass. 563, 570–72 (1912) (stating that "[u]nless the circumstances would justify a judgment as a matter of law on an issue, the court, by granting only a partial new trial, cannot exclude from the jury an issue on which it has not yet passed or on which it has made a determination against the party seeking the partial new trial").

A partial new trial is similarly improper where the "verdict may represent a compromise among jurors with different views on whether defendant was liable." 11 Wright & Millers' Federal Practice & Procedure § 2814 (3d ed.); *Parizo v. Wilson*, 101 Vt. 514, 144 A. 856, 859–60 (1929). A compromise verdict occurs where jury members compromise or split the difference on the outcome in order to reach agreement. *Simmons v. Fish*, 210 Mass. 563, 570–72 (1912). It cannot be said with confidence that the jury did not "compromise" when it decided in favor of Dr. Porter on FEPA and in favor of Defendants on other counts. This split may have been based on a division in the jury as to liability, such that the jury compromised by finding in Dr. Porter's favor on FEPA. If the Court determines the causation standard should be "but for" across the board, then it cannot also assume that the jury would not have still decided in Dr. Porter's favor on FEPA or, conversely, that it would still decide in Defendants' favor on the other claims. *See, e.g., Sanders*, 361 F.3d at 753, 755 (noting that the Constitution allocates "fact-finding to the jury and law-giving to judges," such that the Court's role in the jury's fact-finding is by necessity strictly limited).

## Conclusion

For the reasons stated above, Defendants' motion to amend judgment or for a new trial, including their request to certify a question of law to the Vermont Supreme Court must be denied.

Dated: <u>June 5, 2025</u>                              <u>/s/ Geoffrey J. Vitt</u>
                                                       Geoffrey J. Vitt, Esq.
                                                       Vitt & Nunan, PLC
                                                       8 Beaver Meadow Road
                                                       P.O. Box 1229
                                                       Norwich, VT 05055-1229
                                                       (802) 649-5700
                                                       gvitt@vittnunanlaw.com

                                                       Eric D. Jones, Esq.
                                                       Langrock Sperry & Wool, LLP
                                                       210 College Street
                                                       P.O. Box 721
                                                       Burlington, VT 05402
                                                       (802) 864-0217
                                                       ejones@langrock.com

                                                       Sarah H. Nunan, Esq.
                                                       Vitt & Nunan PLC
                                                       8 Beaver Meadow Road
                                                       P.O. Box 1229
                                                       Norwich, VT 05055
                                                       (802) 649−5700
                                                       snunan@vittnunanlaw.com

                                                       ***Attorneys for Plaintiff,***
                                                       ***Misty Blanchette Porter, M.D.***