UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| **MISTY BLANCHETTE PORTER, M.D.,**<br>            **Plaintiff,**<br><br>    v.<br><br>**DARTMOUTH-HITCHCOCK MEDICAL CENTER, DARTMOUTH-HITCHCOCK CLINIC, MARY HITCHCOCK MEMORIAL HOSPITAL, and DARTMOUTH-HITCHCOCK HEALTH,**<br>            **Defendants.** | Docket No. 2:17-CV-194 |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN FURTHER SUPPORT OF HER MOTION FOR ATTORNEYS' FEES**

Plaintiff Misty Blanchette Porter ("Dr. Porter") submits this Supplemental Memorandum to show how the Second Circuit has interpreted and applied the Supreme Court's *Hensley* decision.

Dr. Porter filed a motion that seeks an award of attorney's fees in the amount of $1,738,341.50. (Doc. 300.) Defendants characterize this lodestar amount as "astounding." Defendants assert that the lodestar amount should be adjusted downward by no less than 83.3% or as much as 92.86% because Dr. Porter was "overwhelmingly unsuccessful" with a "limited damages award." (Doc. 309.) In arguing for a downward departure from the lodestar figure, Defendants bear the burden.

The parties agree that *Hensley v. Eckerhardt,* 461 U.S. 424 (1983), is the place to begin in evaluating whether there should be a downward adjustment in the lodestar. The Second Circuit in *Grant v. Martinez*, 973 F.2d 96, 101 (2d Cir. 1992), describes the "analytic framework"

mandated by *Hensley* in "determining whether a plaintiff's partial success requires a reduction in the lodestar." In step one, "the district court examines whether the plaintiff failed to succeed on any claims wholly unrelated to the claims on which the plaintiff succeeded." *Id.* Hours spent on these claims are excluded. At step two, "the district court determines whether there are any unsuccessful claims interrelated with the successful claims. If such unsuccessful claims exist, the court must determine whether plaintiff's level of success warrants a reduction in the fee award." *Id.* "If a plaintiff has obtained excellent results, however, the attorneys should be fully compensated." *Id.*

As in *Grant*, the claims made by Dr. Porter at trial are closely related and "based on a common core of facts," and thus step one of the *Hensley* framework does not support a reduction. *Id.* The jury's award of over $1 million is an excellent result, and there should not be any downward adjustment.

Dated: June 25, 2025                           /s/ Geoffrey J. Vitt
                                               Geoffrey J. Vitt, Esq.
                                               Vitt & Nunan, PLC
                                               8 Beaver Meadow Road
                                               P.O. Box 1229
                                               Norwich, VT 05055-1229
                                               (802) 649-5700
                                               gvitt@vittnunanlaw.com

                                               Eric D. Jones, Esq.
                                               Langrock Sperry & Wool, LLP
                                               210 College Street
                                               P.O. Box 721
                                               Burlington, VT 05402
                                               (802) 864-0217
                                               ejones@langrock.com

                                               Sarah H. Nunan, Esq.
                                               Vitt & Nunan PLC
                                               8 Beaver Meadow Road

P.O. Box 1229
Norwich, VT 05055
(802) 649−5700
snunan@vittnunanlaw.com

***Attorneys for Plaintiff,
Misty Blanchette Porter, M.D.***