UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Misty Blanchette Porter, M.D., | |
| Plaintiff, | |
| v. | Civil Action No. 2:17–cv–194–kjd |
| Dartmouth-Hitchcock Medical Center et al., | |
| Defendants. | |

## ORDER
(Doc. 305)

Defendants (Dartmouth Health) filed a motion to alter or amend the judgment or, in the alternative, for a new trial on Dr. Porter's claim of disability discrimination under the Vermont Fair Employment Practices Act (VFEPA). After a three-week trial, a jury found by a preponderance of the evidence that Dr. Porter's disability was a motivating factor in Dartmouth Health's decision to terminate Dr. Porter's employment in violation of VFEPA. (Doc. 281 at 3.) Judgment on this claim entered for Plaintiff on April 24, 2025. (Doc. 297.) Dartmouth Health seeks relief under Rule 59 on the grounds that the Court erroneously instructed the jury to apply the "motivating factor" causation standard to the VFEPA claim rather than the higher "but-for" standard. (Doc. 305 at 1.) Dartmouth Health asks the Court to certify the question of the appropriate causation standard to the Vermont Supreme Court. (*Id.* at 11.) Dartmouth Health further contends that the jury instructions contained an incorrect statement of law regarding the "motivating factor" test. (*Id.* at 10.) Dr. Porter opposes the motion, asserting that Dartmouth Health did not preserve all of its objections and that Vermont has consistently applied the "motivating factor" standard to claims under VFEPA. (Doc. 314.)

For the reasons explained below, Dartmouth Health's motion (Doc. 305) is DENIED.

**Standard**

A district court has broad discretion in determining whether to grant a motion to alter or amend the judgment. *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000). Appellate courts review the district court's decision for abuse of discretion and will reverse only if the court's judgment was based on clearly erroneous factual findings or erroneous legal conclusions. *Id.*

A district court ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice. *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 112 n.34 (2d Cir. 2013) (citation modified). Denial of a motion for a new trial under Rule 59 will not be reversed unless denial constituted an abuse of discretion. *See Mirlis v. Greer*, 952 F.3d 36, 48 (2d Cir. 2020).

**Analysis**

**I.    The Court correctly instructed the jury to apply the "motivating factor" standard to the VFEPA claim instead of the "but-for" standard.**

Dartmouth Health contends that the Court should alter the judgment or grant a new trial because the instruction "as to the causation standard for violation of the VFEPA was just plain wrong." (Doc. 305 at 7 (citation modified).) According to Dartmouth Health, "[t]he jury should have been instructed" that Dr. Porter must prove "that her disability was a 'but-for' cause of Dartmouth Health's decision to terminate her employment." (*Id.*) Dartmouth Health notes that VFEPA's disability discrimination provisions "are patterned after the federal Rehabilitation Act, which in turn incorporates standards from the federal Americans with Disabilities Act (ADA)," and contends that the proper standard is "but-for" causation because courts in the Second Circuit apply "but-for" causation to ADA and Rehab Act claims. (*Id.* at 7–8.)

VFEPA provides:

It shall be unlawful employment practice . . . [f]or any employer . . . to harass or discriminate against any individual because of race, color, religion, ancestry,

2

national origin, sex, sexual orientation, gender identity, place of birth, crime victim
status, or age *or against a qualified individual with a disability*.

21 Vt. Stat. Ann. § 495(a)(1) (emphasis added).

With respect to discrimination claims under VFEPA, the Vermont Supreme Court has
repeatedly held and recently reiterated that the standards and burdens of proof to be applied
under VFEPA are identical to those applied under Title VII of the Civil Rights Act of 1964. *See,
e.g.*, *Hammond v. Univ. of Vt. Med. Ctr.*, 2023 VT 31, ¶ 24, 218 Vt. 250, 308 A.3d 421; *Kelly v.
Univ. of Vt. Med. Ctr.*, 2022 VT 26, ¶ 17, 216 Vt. 445, 280 A.3d 366; *Robertson v. Mylan Labs.,
Inc.*, 2004 VT 15, ¶ 16, 176 Vt. 356, 848 A.2d 310; *Lavalley v. E.B. & A.C. Whiting Co.*, 692
A.2d 367, 370 (Vt. 1997); *Gallipo v. City of Rutland*, 656 A.2d 635, 640 (Vt. 1994); *Hodgdon v.
Mt. Mansfield Co.*, 624 A.2d 1122, 1128 (Vt. 1992); *Graff v. Eaton*, 598 A.2d 1383, 1384 (Vt.
1991). Title VII employs the "motivating factor" standard of causation—that "an unlawful
employment practice is established when the complaining party demonstrates that race, color,
religion, sex, or national origin was a motivating factor for any employment practice, even
though other factors also motivated the practice." 42 U.S.C. § 2000e-2(m). Moreover, the
Vermont Supreme Court has consistently applied the "motivating factor" test to claims under
VFEPA, including at least one disability discrimination claim. *See, e.g.*, *Hammond*, 2023 VT at
¶¶ 26, 34; *Robertson*, 2004 VT at ¶¶ 18, 22; *Gallipo*, 656 A.2d at 640; *Hodgdon*, 624 A.2d at
1128; *Graff*, 598 A.2d at 1385.

Dartmouth Health argues that the "but-for" standard should apply because after the
Second Circuit's decision in *Natofsky v. City of New York*, 921 F.3d 337, 348 (2d Cir. 2019),
"the equivalent federal claims—namely, the ADA and the Rehabilitation Act—utilize 'but-for'
causation rather than 'motivating factor' causation." (Doc. 305 at 8.) The Court disagrees.

First, the Vermont Supreme Court has never suggested that a different causation standard applies to disability discrimination than to the other categories protected by VFEPA. To the contrary, the Vermont Supreme Court recently had the opportunity in *Hammond* to apply "but-for" causation to a disability discrimination claim post-*Natofsky* and did not do so. *Hammond* involved race and disability discrimination claims and a retaliation claim under VFEPA. 2023 VT at ¶ 21. The Vermont Supreme Court outlined "the legal framework applicable to employment discrimination and retaliatory discharge claims under Vermont's FEPA"—drawing no distinction between the disability discrimination and race discrimination claims—and stated that VFEPA "makes it unlawful for an employer to discriminate against any individual based on race or disability." *Id.* at ¶ 24. *Hammond* also reaffirmed that "the standards and burdens of proof under [the] FEPA are identical to those under Title VII." *Id. Hammond* does not reference the ADA or the Rehabilitation Act at all.

Second, state courts interpreting statutes similar to VFEPA have applied the "motivating factor" standard to disability discrimination claims, not the "but-for" standard. *See Lavalley*, 692 A.2d at 369 (citation modified) ("Federal decisions represent persuasive authority on the proper interpretation of FEPA. They are not, however, the only sources of persuasive authority. Many states have enacted employment discrimination laws patterned in whole or in part on Title VII. Decisions from the courts of those states are also sources of persuasive authority."). Vermont prohibits employment discrimination with a comprehensive statute covering a series of protected traits. *See* Sandra F. Sperino, *Revitalizing State Employment Discrimination Law*, 20 Geo. Mason L. Rev. 545, 567 (2013) (describing such an approach as a "unified statutory regime"). By contrast, federal "civil rights protections against employment discrimination are scattered" across several statutes that protect different traits, resulting in "numerous fractures in

the federal law . . . depending upon the statute involved." *Goodpaster v. Schwan's Home Serv., Inc.*, 849 N.W.2d 1, 10 (Iowa 2014). Courts in states with similar unified employment discrimination statutes, in the absence of statutory language providing the causation standard, have applied the "motivating factor" standard to disability discrimination claims. *See, e.g.*, *Wallace v. Caring Sols., LLC*, 278 A.3d 586, 602 (Conn. App. Ct. 2022); *McClure v. E. I. du Pont de Nemours & Co.*, 23 N.W.3d 33, 41 (Iowa 2025); *Stoughton Trailers, Inc. v. Lab. & Indus. Rev. Comm'n*, 2007 WI 105, ¶¶ 36, 70–71, 303 Wis. 2d 514, 735 N.W.2d 477. Dartmouth Health has not cited any cases in which a state court applied "but-for" causation to a disability discrimination claim brought under a unified statutory regime such as VFEPA.

Third, the plain text and the remedial purpose of VFEPA support the "motivating factor" standard. As the Connecticut Appellate Court recently observed, a legislature's choice to enact one comprehensive employment discrimination law indicates that lawmakers intended a single uniform standard to apply to all protected classes:

> Our legislature has chosen not to follow the legislative approach taken by Congress of adopting different statutes to address different types of employment discrimination with varying causation burdens. Our legislature's decision to include multiple types of unlawful employment discrimination within a single statutory provision, without setting out distinctive standards for the different types, leads to the logical conclusion that it intended that the same standard of proof be applied to all the types of discrimination set forth in [the employment discrimination statute].

*Wallace*, 278 A.3d at 602 (citation modified). Moreover, the motivating factor standard—as opposed to the higher "but-for" standard—is "consistent with the remedial purpose of [VFEPA] to deter and to eradicate discrimination in the state." *See Payne v. U.S. Airways, Inc.*, 2009 VT 90, ¶ 21, 186 Vt. 458, 987 A.2d 944 (citation modified).

The Court is not persuaded by Dartmouth Health's argument that "the plain language of the VFEPA distinguishes between those categories protected by Title VII and the categories

protected by the ADA." (Doc. 324 at 4.) VFEPA makes it unlawful for an employer "to harass or
discriminate against any individual because of race, color, religion, ancestry, national origin, sex,
sexual orientation, gender identity, place of birth, crime victim status, or age or against a
qualified individual with a disability." 21 Vt. Stat. Ann. § 495(a)(1). Dartmouth Health appears
to argue that because under VFEPA an employer shall not "harass or discriminate . . . against a
qualified individual with a disability," the statute reserves the causation language—"because
of"—for the non-disability traits. In other words, Dartmouth Health posits that by excluding
disability from the "because of" clause, the legislature distinguished between disability
discrimination claims and other claims under VFEPA. But the Vermont Supreme Court has
consistently applied the "because of" causation language to disability claims under VFEPA. *See,
e.g.*, *Hammond*, 2023 VT at ¶¶ 35, 37; *Gates v. Mack Molding Co., Inc.*, 2022 VT 24, ¶ 16, 216
Vt. 379, 279 A.3d 656; *Knapp v. State*, 729 A.2d 719, 720 (Vt. 1998).

    Further, the cases Dartmouth Health cites do not compel the conclusion that the "but-for"
standard applies to discrimination claims on the basis of disability under VFEPA. Dartmouth
Health cites *Newton v. Kohl's, Inc.*, Case No. 5:21-cv-268, 2024 WL 4986303, at *13 (D. Vt.
Nov. 12, 2024), to argue that "[t]he jury should have been instructed that, for Dr. Porter to
succeed on her VFEPA claim, she must have proven that her disability was a 'but-for' cause of
Dartmouth Health's decision to terminate her employment." (Doc. 305 at 7.) The Court
disagrees. *Newton* first cited *Hammond* to observe that "[t]he VFEPA is patterned after Title VII
. . . and uses identical standards and burdens of proof as Title VII." *Newton*, 2024 WL 4986303,
at *4. Later in the decision, the court noted that VFEPA's disability-discrimination provisions
"are patterned after the federal Rehabilitation Act, which in turn incorporates standards from the
federal Americans with Disabilities Act." *Id*. at *13. And in summarizing the *federal* anti-

discrimination framework, the court explained that the ADA applies the "but for" standard. *Id*. However, *Newton* noted that "the court looks to both state and federal case law to guide its analysis" of VFEPA's disability discrimination provisions. *Id*. The Court does not read *Newton* to hold that disability discrimination claims under VFEPA must meet the "but-for" standard. *Newton* did not reach the question of the causation standard under VFEPA because the employee did not establish a prima facie case of disability discrimination. Specifically, Newton could not show that she was an "individual with a disability" and, consequently, she could not demonstrate that she suffered an adverse employment action because of her disability. *Id.* at *14.

Dartmouth Health cites several cases for the proposition that "Vermont courts have consistently held that the VFEPA follows the standards and burdens of proof articulated for the equivalent federal disability discrimination claims." (Doc. 305 at 7.) Each of the cited cases is distinguishable. *Gates v. Mack Molding Co., Inc.*, 279 A.3d 656 (Vt. 2022) and *Mueller v. Rutland Mental Health Servs., Inc.*, 2006 WL 2585101 (D. Vt. Aug. 17, 2006) both address failure-to-accommodate under VFEPA, a claim that has different elements from the claim at issue in this case. *Caldwell v. Champlain Coll. Inc.*, 2025 VT 17, ¶ 12, 336 A.3d 423, 427 (Vt. 2025). The standards and burdens of proof under VFEPA are identical to those under the ADA for failure-to-accommodate claims, *Mueller*, 2006 WL 2585101 at *2, but that is simply because Title VII does not contain provisions related to reasonable accommodations for disability.

In *Kennedy v. Department of Public Safety*, 719 A.2d 405, 406 (Vt. 1998), the Vermont Supreme Court did not discuss the legal standards or burdens of proof applicable to VFEPA claims, noting only that it looks to interpretations of the Rehabilitation Act "in determining whether plaintiff has met the elements of his [VFEPA] claim."  Finally, *State of Vermont v. G.S. Blodgett Co.*, 656 A.2d 984 (Vt. 1995) considered a failure-to-accommodate claim under

VFEPA. The court generally observed that its consideration of VFEPA disability discrimination claims "look[s] to federal case law to guide [its] interpretation, the allocations of burdens and standards of proof," but the court did not examine the causation standard for disability discrimination claims under VFEPA because the parties agreed on every element of the claim except whether the employee was a "qualified handicapped individual." *Id.* at 988.

In short, longstanding precedent, recent case law, the plain language and purpose of VFEPA, and decisions of other state courts interpreting similar statutes support the application of the "motivating factor" standard to disability discrimination claims under VFEPA. Dartmouth Health has not demonstrated that the Court erred in its "motivating factor" instruction on the VFEPA claim.

II.     **The Court properly instructed the jury that Dartmouth Health could not avoid liability under VFEPA by proving that it would have terminated Dr. Porter's employment in the absence of a discriminatory motivation.**

Dartmouth Health contends that "the jury in this matter was instructed *exactly the opposite* of what the Vermont Supreme Court said is required of motivating factor causation." (Doc. 305 at 10.) Dartmouth Health argues that the jury should have been instructed that a defendant may avoid liability under the "motivating factor" standard by proving "that it would have made the same decision 'even absent the discriminatory motive.'" (*Id.* (quoting *Knapp v. State*, 168 Vt. 590, 592, 729 A.2d 719, 721 (1998)) (emphasis omitted).) Because the jury instructions provided that "an employer cannot avoid liability by proving that it would still have taken the same adverse action in the absence of discriminatory motivation," Dartmouth Health contends that it is entitled to an amended judgment. (Doc. 305 at 10.)

As a threshold matter, Dartmouth Health did not preserve this objection at trial. *See, e.g., John Wiley & Sons, Inc. v. Kirtsaeng*, 654 F.3d 210, 223 (2d Cir. 2011) (citation modified) ("Failure to object to a jury instruction prior to the jury retiring results in a waiver of that

objection."), *rev'd and remanded on other grounds*, 568 U.S. 519 (2013). Dartmouth Health objected to the use of the "motivating factor" standard rather than the "but-for" standard (Doc. 295 at 51:2–9), but it did not request any other changes to the instruction (*id.* at 51:10–12). Dartmouth Health did not raise an objection that "sufficiently called the court's attention" to the language in the instruction that Dartmouth Health now challenges. *See Ashley v. City of New York*, 992 F.3d 128, 142 (2d Cir. 2021).

In any event, the Court finds no error in the instruction. As discussed above, the standards and burdens of proof to be applied under VFEPA are identical to those applied under Title VII. Title VII expressly permits liability even if the defendant proves it would have "taken the same action in the absence of the impermissible motivating factor." 42 U.S.C. § 2000e-5(g)(2)(B)(i). The jury instruction properly reflected the standards and burdens of proof established in Title VII.

*Knapp* does not compel a different conclusion. *Knapp* expressly "based [its] determination on *Price Waterhouse v. Hopkins*, [a 1989 decision] where the Supreme Court held that [shifting the burden to the employer to show that it would have taken the same adverse action in the absence of discriminatory motive] was appropriate in employment discrimination cases" under Title VII. *Knapp*, 729 A.2d at 721. But Congress amended Title VII to overrule the portion of the *Price Waterhouse* burden-shifting framework upon which *Knapp* relied. As one district court explained:

> In 1991, Congress amended Title VII and partially overruled *Price Waterhouse* when it enacted the Civil Rights Act of 1991. Section 107 of the 1991 Act permitted a finding of liability if the plaintiff demonstrated that "race, color, religion, sex, or national origin was a motivating factor" for the adverse employment decision, "even though other factors also motivated the practice." 42 U.S.C. § 2000e–2(m). Section 107 also provided that, once a plaintiff established a violation under § 2000e–2(m) by demonstrating that race, color, religion, sex, or national origin

was a motivating factor for the defendant employer's adverse employment deci-
sion, the employer would not be absolved of liability by proving it would have
made the same decision even in the absence of such consideration . . . .

*King v. United States*, 694 F. Supp. 2d 1020, 1023 (N.D. Iowa 2010) (citation modified).[1] Since

*Knapp*, the Vermont Supreme Court has reiterated several times that VFEPA applies the

standards and burdens of proof of Title VII. *See, e.g.*, *Hammond*, 2023 VT at ¶ 24; *Kelly*, 2022

VT at ¶ 17; *Robertson*, 2004 VT at ¶ 16. Moreover, the Vermont legislature has amended

VFEPA several times since Congress amended Title VII, but it has not opted to distinguish

VFEPA's standards and burdens of proof from those of Title VII or to codify the language from

*Price Waterhouse* that Congress overruled. *See State v. Messier*, 2005 VT 98, ¶ 10, 178 Vt. 412,

885 A.2d 1193 (citation modified) ("We must presume that the Legislature made changes in the

law in light of the relevant decisions of this Court, and with knowledge of prior legislation on the

same subject.").

Because the challenged jury instruction tracks the standards and burdens of proof

established by Title VII, Dartmouth Health has not shown error warranting an amended

judgment.

**III.    Vermont precedent is adequate for this Court to determine the VFEPA causation
standard without certification to the Vermont Supreme Court.**

Dartmouth Health asks the Court to "certify to the Vermont Supreme Court the question

of the appropriate causation standard for a disability discrimination-based VFEPA claim." (Doc.

305 at 11.)

---

[1] As the court further explained, while an employer could not avoid liability by showing that it would have
made the same decision even in the absence of the prohibited consideration, "such proof merely restricted the
remedies to which a plaintiff who proved a violation . . . was entitled." *King*, 694 F. Supp. 2d at 1023 & n.5. This
limitation of remedies under the amended Title VII is immaterial to the damages award in this case. Unlike Title
VII, VFEPA draws no distinction between "motivating factor" remedies and "but for" remedies. *See* 21 V.S.A. §
495b(b) ("Any person aggrieved by a violation of the provisions of this subchapter may bring an action . . . seeking
compensatory and punitive damages or equitable relief, including restraint of prohibited acts, restitution of wages or
other benefits, reinstatement, costs, reasonable attorney's fees, and other appropriate relief.").

The Court may certify "an unsettled and significant question of state law that will control the outcome of a pending case" to the Vermont Supreme Court. L.R. 74(a); *see also* Vt. R. App. P. 14(a) ("The Vermont Supreme Court may answer a question of Vermont law certified to it by a federal court if the answer might determine an issue in pending litigation and there is no clear and controlling Vermont precedent."). Certification is appropriate "where state law is not clear and state courts have had little opportunity to interpret it, where an unsettled question of state law raises important issues of public policy, where the question is likely to recur, and where the result may significantly impact a highly regulated industry." *Jenkins v. Miller*, Case No. 2:12-cv-184, 2017 WL 4402431, at *7 (D. Vt. Sept. 29, 2017), *modified*, 2018 WL 11418392 (Aug. 29, 2018).

However, courts should "resort to certification only sparingly, mindful that, in diversity cases that require [the court] to apply state law, it is [the court's] job to predict how the [state's highest court] would decide the issues before" the court. *Amerex Grp., Inc. v. Lexington Ins. Co.*, 678 F.3d 193, 200 (2d Cir. 2012) (citation modified). "Certification is to be used in those cases where there is a split of authority on the issue or when presented with a complex question of state common law for which no state authority can be found." *Knapik v. Mary Hitchcock Mem'l Hosp.*, Case No. 5:12-cv-175, 2014 WL 12717446, at *1 (D. Vt. May 30, 2014) (citation modified). Even when state law is unclear or uncertain, courts should not certify questions of law when "sufficient precedents exist for [the court] to make a determination." *See Amerex Grp., Inc.*, 678 F.3d at 200 (citation modified).

As discussed above, the Vermont Supreme Court has repeatedly held that the standards and burdens of proof to be applied under VFEPA are identical to those applied under Title VII, including in the disability discrimination context. *See, e.g.*, *Hammond*, 2023 VT at ¶ 24. There is

no dispute that Title VII requires the "motivating factor" standard. 42 U.S.C. § 2000e-2(m).

Considering Vermont precedent on this issue, this Court predicts that the Vermont Supreme

Court would apply the "motivating factor" test to a disability discrimination claim under

VFEPA.

Therefore, the Court denies Dartmouth Health's request to certify this question of law to

the Vermont Supreme Court.

## <u>Conclusion</u>

For the reasons explained above, Dartmouth Health's Motion to Alter or Amend the

Judgment and, in the Alternative, for a New Trial on Plaintiff's VFEPA Claim (Doc. 305) is

DENIED.

Dated at Burlington, in the District of Vermont, this 26th day of November 2025.

<u>/s/ Kevin J. Doyle</u>
United States Magistrate Judge