# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
## CIVIL APPEAL PRE-ARGUMENT STATEMENT (FORM C)

**1. SEE NOTICE ON REVERSE**     **2. PLEASE TYPE OR PRINT**     **3. STAPLE ALL ADDITIONAL PAGES**

| Case Caption: | District Court or Agency: | Judge: |
|---|---|---|
| Blanchette Porter v. Dartmouth Hitchcock Medical Center, Dartmouth Hitchcock Clinic, Marty Hitchcock Memorial Hospital, and Dartmouth-Hitchcock Health | U.S. District Court for the District of Vermont | Hon. Kevin J. Doyle |
| | Date the Order or Judgment Appealed from was Entered on the Docket: 4/24/2025; 11/26/2025; 12/2/2025 | District Court Docket No.: 2:17-cv-00194-kjd |
| | Date the Notice of Appeal was Filed: 5/27/2025; 12/16/2025 | Is this a Cross Appeal? ☐ Yes ☒ No |

| Attorney(s) for Appellant(s): ☐ Plaintiff ☒ Defendant | Counsel's Name: Donald W. Schroeder, Morgan McDonald | Address: 111 Huntington Ave, Boston, MA 02199 | Telephone No.: (617) 342-4000 | Fax No.: (617) 342-4001 | E-mail: dschroeder@foley.com mmcdonald@foley.com |
| | Tristram J. Coffin | PO Box 190, Burlington, VT 05402-0190 | (802)-863 2375 | (802) 862-7512 | tcoffin@drm.com |

| Attorney(s) for Appellee(s): ☒ Plaintiff ☐ Defendant | Counsel's Name: Geoffrey J. Vitt, Sarah H. Nunan | Address: 9 Beaver Meadow Road P.O. Box 1229, Norwich, VT 05055-1229 | Telephone No.: (802) 649-5700 | Fax No.: (802) 649-1692 | E-mail: gvitt@vittnunanlaw.com snunan@vittnunanlaw.com |
| | Eric D. Jones | 210 College Street, P.O. Box 721, Burlington, VT 05402 | (802) 864-0217 | (802) 862 0137 | ejones@langrock.com |

| Has Transcript Been Prepared? Some, but not all, of the transcript has been prepared | Approx. Number of Transcript Pages: 1000+ | Number of Exhibits Appended to Transcript: 0 | Has this matter been before this Circuit previously? ☒ Yes ☐ No |
|---|---|---|---|
| | | | If Yes, provide the following: Case Name: Porter v. Dartmouth-Hitchcock Medical Center 2d Cir. Docket No.: 20-3894    Reporter Citation: (i.e., F.3d or Fed. App.) 92 F.4th 129 (2d Cir. 2024) |

**ADDENDUM "A"**: COUNSEL MUST ATTACH TO THIS FORM: (1) A BRIEF, BUT NOT PERFUNCTORY, DESCRIPTION OF THE NATURE OF THE ACTION; (2) THE RESULT BELOW; (3) A COPY OF THE NOTICE OF APPEAL AND A CURRENT COPY OF THE LOWER COURT DOCKET SHEET; AND (4) A COPY OF ALL RELEVANT OPINIONS/ORDERS FORMING THE BASIS FOR THIS APPEAL, INCLUDING TRANSCRIPTS OF ORDERS ISSUED FROM THE BENCH OR IN CHAMBERS.

**ADDENDUM "B"**: COUNSEL MUST ATTACH TO THIS FORM A LIST OF THE ISSUES PROPOSED TO BE RAISED ON APPEAL, AS WELL AS THE APPLICABLE APPELLATE STANDARD OF REVIEW FOR EACH PROPOSED ISSUE.

## PART A: JURISDICTION

**1. Federal Jurisdiction**
☐ U.S. a party
☒ Federal question (U.S. not a party)
☒ Diversity
☐ Other (specify): _____

**2. Appellate Jurisdiction**
☒ Final Decision
☐ Interlocutory Decision Appealable As of Right
☐ Order Certified by District Judge (i.e., Fed. R. Civ. P. 54(b))
☐ Other (specify): _____

**IMPORTANT. COMPLETE AND SIGN REVERSE SIDE OF THIS FORM.**

**FORM C** (Rev. October 2025)

| PART B: DISTRICT COURT DISPOSITION (Check as many as apply) |||
|---|---|---|
| 1. Stage of Proceedings<br>☐ Pre-trial<br>☐ During trial<br>☒ After trial | 2. Type of Judgment/Order Appealed<br>☐ Default judgment<br>☐ Dismissal/FRCP 12(b)(1) lack of subject matter juris.<br>☐ Dismissal/FRCP 12(b)(6) failure to state a claim<br>☐ Dismissal/28 U.S.C. § 1915(e)(2) frivolous complaint<br>☐ Dismissal/28 U.S.C. § 1915(e)(2) other dismissal<br>☐ Dismissal/other jurisdiction<br>☐ Dismissal/merit<br>☒ Judgment / Decision of the Court<br>☐ Summary judgment<br>☐ Declaratory judgment<br>☒ Jury verdict<br>☐ Judgment NOV<br>☐ Directed verdict<br>☒ Other (specify): Post-trial motions pursuant to FRCP 59 | 3. Relief<br>☒ Damages:<br>  ☐ Sought: $ _____<br>  ☒ Granted: $ 2,536,770.92<br>  ☐ Denied: $ _____<br>☐ Injunctions:<br>  ☐ Preliminary<br>  ☐ Permanent<br>  ☐ Denied |

| PART C: NATURE OF SUIT (Check as many as apply) ||||
|---|---|---|---|
| 1. Federal Statutes<br>☐ Antitrust<br>☐ Bankruptcy<br>☐ Banks/Banking<br>☒ Civil Rights<br>☐ Commerce<br>☐ Energy<br>☐ Commodities<br>☐ Other (specify): _____<br>☐ Communications<br>☐ Consumer Protection<br>☐ Copyright ☐ Patent<br>☐ Trademark<br>☐ Election<br>☐ Soc. Security<br>☐ Environmental<br>☐ Freedom of Information Act<br>☐ Immigration<br>☐ Labor<br>☐ OSHA<br>☐ Securities<br>☐ Tax | 2. Torts<br>☐ Admiralty/ Maritime<br>☐ Assault / Defamation<br>☐ FELA<br>☐ Products Liability<br>☒ Other (Specify): Wrongful discharge | 3. Contracts<br>☐ Admiralty/ Maritime<br>☐ Arbitration<br>☐ Commercial<br>☐ Employment<br>☐ Insurance<br>☐ Negotiable Instruments<br>☐ Other Specify | 4. Prisoner Petitions<br>☐ Civil Rights<br>☐ Habeas Corpus<br>☐ Mandamus<br>☐ Parole<br>☐ Vacate Sentence<br>☐ Other |
| 5. Other<br>☐ Hague Int'l Child Custody Conv.<br>☐ Forfeiture/Penalty<br>☐ Real Property<br>☐ Treaty (specify): _____<br>☒ Other (specify): State employment law statutes | 6. General<br>☐ Arbitration<br>☐ Attorney Disqualification<br>☐ Class Action<br>☐ Counsel Fees<br>☐ Shareholder Derivative<br>☐ Transfer || 7. Will appeal raise constitutional issue(s)?<br>☐ Yes ☒ No<br><br>Will appeal raise a matter of first impression?<br>☒ Yes ☐ No |

1. Is any matter relative to this appeal still pending below? ☐ Yes, specify: _____ ☒ No

2. To your knowledge, is there any case presently pending or about to be brought before this Court or another court or administrative agency which:
   (A) Arises from substantially the same case or controversy as this appeal? ☒ Yes ☐ No
   (B) Involves an issue that is substantially similar or related to an issue in this appeal? ☒ Yes ☐ No

If yes, state whether ☐ "A," or ☐ "B," or ☒ both are applicable, and provide in the spaces below the following information on the *other* action(s):

| Case Name: | Blanchette Porter v. Dartmouth Hitchcock Medical Center | Docket No. | 25-3155 | Citation: | | Court or Agency: | 2d Cir. |
|---|---|---|---|---|---|---|---|

Name of Appellant: Misty Blanchette Porter

| Date: 12/19/25 | Signature of Counsel of Record: /s/ Donald W. Schroeder |
|---|---|

## NOTICE TO COUNSEL

**Once you have filed your Notice of Appeal with the District Court or the Tax Court, you have only 14 days in which to complete the following important steps:**

1. Complete this Civil Appeal Pre-Argument Statement (Form C); serve it upon all parties, and file it with the Clerk of the Second Circuit in accordance with LR 25.1.
2. File the Court of Appeals Transcript Information/Civil Appeal Form (Form D) with the Clerk of the Second Circuit in accordance with LR 25.1.
3. Pay the $605 docketing fee to the United States District Court or the $600 docketing fee to the United States Tax Court unless you are authorized to prosecute the appeal without payment.

**PLEASE NOTE: IF YOU DO NOT COMPLY WITH THESE REQUIREMENTS WITHIN 14 DAYS, YOUR APPEAL WILL BE DISMISSED.** *SEE* LOCAL RULE 12.1.

**FORM C** (Rev. October 2025)

ADDENDUM A

## *(1) A brief description of the nature of the action.*

Plaintiff Misty Blanchette Porter ("Plaintiff") was previously employed as a physician in the Reproductive Endocrinology and Infertility ("REI") Division within Dartmouth-Hitchcock's Department of Obstetrics and Gynecology. Following longstanding, well-documented issues with recruitment and staffing shortages of skilled nurses in the REI Division, Dartmouth-Hitchcock made the decision to shut down the Division entirely, resulting in the termination of all three physicians in the Division, including Plaintiff.

On October 11, 2017, Plaintiff filed her initial Complaint in the United States District Court for the District of Vermont (the "District Court"), alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 ("ADA"), N.H. RSA § 354-A:7, and N.H. RSA § 354-A:19, whistleblower retaliation in violation of the New Hampshire Whistleblowers' Protection Act, N.H. RSA § 275-E:2, ("NHWPA"), and wrongful discharge in violation of New Hampshire common law. She subsequently filed an Amended Complaint which added a claim for disability discrimination under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq*. ("Section 504"), as well as a claim for disability discrimination and retaliation under the Vermont Fair Employment Practices Act ("VFEPA").

Plaintiff's claims were principally premised on the assertions that the termination of her employment was on account of (i) her development of a cerebral spinal fluid ("CSF") leak that caused her to take multiple leaves of absence and to require numerous workplace accommodations and (ii) her reporting to Dartmouth Health conduct by other physicians in the REI division that she believed to be unlawful.

1

**(2) The result below.**

This matter was tried before a jury between March 24, 2025 and April 10, 2025. The jury found that Defendants were not liable to Plaintiff under the New Hampshire Whistleblowers' Protection Act, the Americans with Disabilities Act, the Rehabilitation Act, the New Hampshire Law Against Discrimination, and New Hampshire state law prohibiting wrongful discharge.

The jury found that Defendants were liable to Plaintiff under the Vermont Fair Employment Practices Act. It awarded Plaintiff $1,000,000.00 in economic damages and $125,000.00 in non-economic damages. The Court entered judgment in the amount of $1,125,000.00 on April 24, 2025.

The parties filed a series of post-trial motions. On November 26, 2025, the Court: (i) granted in part and denied in part Plaintiff's Motion for Prejudgment Interest; (ii) granted in part and denied in part Plaintiff's Motion for Attorneys' Fees and Motion to Alter or Amend Judgment; (iii) denied Defendants' Motion to Alter or Amend the Judgment, and, in the Alternative for a New Trial; and (iv) denied Defendants' Motion for a New Trial Related to Damages Issues. It entered an amended judgment in favor of Plaintiff in the amount of $2,536,770.92 on December 2, 2025.

**(3) A copy of the notice of appeal and a current copy of the lower court docket sheet.**

A copy of the notice of appeal and a current copy of the lower court docket sheet are attached hereto as Exhibits 1 and 2, respectively,

**(4) A copy of all relevant opinions/orders forming the basis for this appeal.**

Copies of certain relevant opinions/orders forming the basis for this appeal are attached hereto as Exhibit 3. As indicated on Form D, Defendants are ordering supplemental trial transcripts which may include additional oral orders from the Court.

ADDENDUM B

*A list of the issues proposed to be raised on appeal, as well as the applicable appellate standard of review for each proposed issue.*

1.) Did the District Court err in instructing the jury that "motivating factor" causation, rather than "but for" causation, applied to Plaintiff's claim for violation of the Vermont Fair Employment Practices Act ("VFEPA")?

Where the challenging party objects to a jury instruction at trial, the propriety of the instruction is reviewed *de novo*. *Murray v. UBS Sec., LLC*, 128 F.4th 363, 367-68 (2d Cir. 2025), cert. denied, No. 25-264, 2025 WL 3260202 (U.S. Nov. 24, 2025) (quoting *Ashley v. City of New York*, 992 F.3d 128, 142 (2d Cir. 2021)). An objection to a jury instruction is valid "so long as it is clear that the trial judge was informed of possible errors in the charge and was given an opportunity to correct them." *Id*. at 369 (quoting *Ashley*, 992 F.3d at 142).

A jury instruction is erroneous "if it misleads the jury as to the correct legal standard or does not adequately inform the jury of the law." *Id.* (quoting *Ashley*, 992 F.3d at 142). "[W]here jury instructions create an erroneous impression regarding the standard of liability, it is not harmless error because it goes directly to plaintiff's claim, and a new trial is warranted." *Id*. at 372 (quoting *Hathaway v. Coughlin*, 99 F.3d 550, 554-55 (2d Cir. 1996)).

2.) If the District Court did not err in concluding that motivating factor causation applies to Plaintiff's VFEPA claim, were its jury instructions on the VFEPA claim nevertheless erroneous?

The standard of review is the same standard set forth in Section 1, *supra*. If the Court finds that Defendants failed to object to the instruction, it should review for plain error as opposed to *de novo*. *See Ashley*, 992 F.3d at 142 ("Where the challenging party failed to object to the charge at trial, we review the jury instructions for plain error[.]"); *U.S. v. Prado*, 815 F.3d 93, 100 ("Generally speaking, if a defendant did not object to the instruction, a plain error standard of review applies.") (internal marks and citation omitted). "Under [the plain error] standard, an

3

appellate court may, in its discretion, correct an error not raised at trial only where the appellant demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Prado*, 815 F.3d at 100 (quoting *United States v. Marcus*, 560 U.S. 258, 262 (2010)).

> **3.)** **Did the District Court err in denying Defendants' Motion to Alter or Amend the Judgment and, in the Alternative, for a New Trial on Plaintiff's VFEPA Claim?**

A district court's ruling on a Rule 59 motion is reviewed for abuse of discretion. *India.Com, Inc. v. Dalai*, 412 F.3d 315, 320 (2d Cir. 2005) (citations omitted). A court abuses its discretion in ruling on such a motion "when its decision is premised on errors of law." *Id*.

> **4.)** **Should the District Court have certified the question of the appropriate causation standard for a disability-based VFEPA claim to the Vermont Supreme Court?**

"When asked to decide questions of state law, in the absence of authoritative law from the state's highest court, [the Court of Appeals] must either (1) predict how the state's highest court would resolve the state law question, or, if state law is so uncertain that [the Court of Appeals] can make no reasonable prediction, (2) certify the question to the state's highest court for a definitive resolution." *RSD Leasing, Inc. v. Navistar Int'l Corp.,* 81 F.4th 153, 169 (2d Cir. 2023), certified question answered, 2024 VT 33, 219 Vt. 334, 319 A.3d 734 (2024) (quoting *DiBella v. Hopkins*, 403 F.3d 102, 111 (2d Cir. 2005)) (internal marks omitted).

Pursuant to Rule 14 of the Vermont Rules of Appellate Procedure, "[t]he Vermont Supreme Court may answer a question of Vermont law certified to it by a federal court if the answer might determine an issue in pending litigation and there is no clear and controlling Vermont precedent." *Id.; see also RSD Leasing,* 81 F.4th at 168-70 (certifying question related to statutory interpretation

4

4903-8736-2179.2

of the Vermont Consumer Protection Act, after the District Court declined to do so, where there was "no clear basis to confidently predict" how the Vermont Supreme Court would rule).

> **5.)  Did the District Court err in permitting Plaintiff to elicit expert testimony regarding, and to display a demonstrative derived from, an untimely disclosed expert report?**

An order regarding exclusion of expert witness testimony based on untimely disclosure is reviewed for abuse of discretion. *See Wolak v. Spucci*, 217 F.3d 157, 161 (2d Cir. 2000) (no abuse of discretion in precluding testimony from late-disclosed expert witness) (citing *Softel, Inc. v. Dragon Med. And Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir.1997) and *Dunlap–McCuller v. Riese Organization*, 980 F.2d 153, 158 (2d Cir. 1992)).

> **6.)  Did the District Court err in excluding a document prepared by Plaintiff's damages expert during cross-examination, and then in precluding Defendants from using it as a demonstrative exhibit during their closing summation?**

The lower court's evidentiary rulings are to be reviewed for abuse of discretion. *Cameron v. City of New York*, 598 F.3d 40, 61 (2d Cir. 2010) (quoting *Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003)).

> **7.)  Did the District Court err in denying Defendants' Motion for a New Trial Related to Damages Issues?**

The standard of review is the same as set forth in Section 3, *supra*.